# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| H.B., | : | |
| --- | --- | --- |
| Plaintiff, | : | |
| | : | CIVIL ACTION FILE NO. |
| v. | : | 1:22-cv-01181-JPB |
| | : | |
| RED ROOF INNS, INC. et al., | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO EXCLUDE PORTIONS OF THE REPORTS AND TESTIMONY OF DEFENDANTS' EXPERTS REFERRING TO PLAINTIFF'S ATTORNEYS AS AMBULANCE-CHASING SHYSTERS AND OTHER IRRELEVANT OPINIONS**

Defendants do not substantively oppose Plaintiff's motion as to either expert, but instead seek to avoid a ruling on such "expert" opinions as referring to Plaintiff's attorneys as "ambulance-chasing shysters" by vaguely agreeing not to offer opinions on "secondary exploitation" and asserting that this moots the motion. It does not.

This exact issue with Dr. Mehlman-Orozco—including the references to Plaintiff's attorneys as shysters—was recently before Judge William Ray in the case of *Jane Does 1-4 v. Red Roof Inns, Inc., et al.*, Case No. 1:21-cv-4278-WMR. There, Defendants filed the same response brief in response to a motion to exclude Dr. Mehlman-Orozco's opinions. Judge Ray declined to moot the motion and instead ruled that the opinions would be excluded as "irrelevant."

1

"It doesn't matter what Plaintiffs' lawyers' motives are or what may happen at airports . . . It's just not relevant. . . . I don't know why it was included in the report to start with. Certainly no one could have really ever thought it was going to be admissible in this case." *Jane Does 1-4*, Case No. 1:21-cv-4278-WMR, (Oct. 23, 2023).[1]

As is clear from the pre-trial conference with Judge Ray, Defendants' only interest in improperly mooting Plaintiff's motion is to shield Dr. Mehlman-Orozco from having to disclose that her opinions have ever been excluded in a case. However, that is the natural consequence of submitting an opinion so far beyond the bounds of professional conduct and personally attacking Plaintiff's lawyers instead of discussing issues relevant to the case.

The same is true of Defendants' response regarding Michael Seid. Absent a substantive rebuttal, the Court should grant Plaintiff's motion to exclude in full.

Finally, excluding these opinions are not the only relief Plaintiff seeks. Plaintiff's motion also seeks fees as a sanction in order to prevent and deter Defendants from engaging in such conduct as found in Dr. Mehlman-Orozco's

---

[1] Plaintiff is precluded from attaching a copy or excerpts of the Oct. 23rd hearing to this reply until 90 days after the hearing. Plaintiff will therefore email a copy of the relevant discussion to the Court under separate cover.

report in the future. To date, Defendants have submitted the same slanderous reports in *four* federal cases, including this one.[2]

This Court has the power to sanction bad faith conduct in the course of litigation. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 50 (1991) (quoting *United States v. Hudson,* 11 U.S. (7 Cranch) 32, 34, 3 L.Ed. 259, 260 (1812)). *Chambers*, 501 U.S. at 50. Plaintiff again requests that the Court award its attorneys' fees and reasonable expenses incurred in filing the present motion and reply in response to the frivolous and harassing attacks on Plaintiff's attorneys in Dr. Mehlman-Orozco's expert report in order to deter Defendants from filing similar baseless opinions or pleadings in the future.

Respectfully submitted this 2nd day of November, 2023.

                                            **ANDERSEN, TATE, AND CARR, P.C.**

                                            ***/s/ Jonathan S. Tonge***
                                            Patrick J. McDonough
                                            Georgia Bar No. 489855
                                            pmcdonough@atclawfirm.com
                                            Jonathan S. Tonge
                                            Georgia Bar No. 303999
                                            jtonge@atclawfirm.com
                                            *Attorneys for Plaintiff*

---

[2] The other cases in which Dr. Mehlman-Orozco, on behalf of Defendants, has submitted opinions referring to Plaintiff's attorneys as "ambulance-chasing shysters" are, *Jane Does 1-4 v. Red Roof Inns, Inc., et al.*, Case No. 1:21-cv-4278-WMR; *W.K. et al., v. Red Roof Inns, Inc., et al.*, Case No. 1:20-cv-05263-VMC; and *J.A. v. Red Roof Inns, Inc., et al.*, 1:21-cv-03655-TWT.

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile

# RULE 7.1(D) CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D) of the United States District Court of the Northern District of Georgia, the undersigned certifies that the foregoing submission to the Court was computer-processed, double-spaced between lines, and used Times New Roman font of 14-point size.

Respectfully submitted this 2nd day of November, 2023.

                                  **ANDERSEN, TATE, AND CARR, P.C.**

                                  ***/s/ Jonathan S. Tonge***
                                  Patrick J. McDonough
                                  Georgia Bar No. 489855
                                  pmcdonough@atclawfirm.com
                                  Jonathan S. Tonge
                                  Georgia Bar No. 303999
                                  jtonge@atclawfirm.com
                                  *Attorneys for Plaintiff*

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| H.B., | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION FILE NO. |
| v. | : | 1:22-cv-01181-JPB |
| | : | |
| RED ROOF INNS, INC. et al., | : | |
| | : | |
| Defendants. | : | |

**CERTIFICATE OF SERVICE**

This is to certify that I have this day presented the foregoing to the Clerk of Court for filing and uploading to the CM/ECF system, which will send notice to counsel of record.

Respectfully submitted this 2nd day of November, 2023.

                                     **ANDERSEN, TATE, AND CARR, P.C.**

                                     ***/s/ Jonathan S. Tonge***
                                     Patrick J. McDonough
                                     Georgia Bar No. 489855
                                     pmcdonough@atclawfirm.com
                                     Jonathan S. Tonge
                                     Georgia Bar No. 303999
                                     jtonge@atclawfirm.com
                                     *Attorneys for Plaintiff*

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile