# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| H.B., | ) |
| Plaintiff, | ) ) ) ) ) Case No. 1:22-cv-01181-JPB |
| v. | ) ) |
| Red Roof Inns, Inc., et al., | ) ) |
| Defendants. | ) |

**DEFENDANTS RED ROOF INNS, INC., RRI WEST MANAGEMENT, LLC, AND FMW RRI I, LLC'S SURREPLY IN RESPONSE TO PLAINTIFF'S REPLY TO MOTION TO EXCLUDE PORTIONS OF REPORTS AND TESTIMONY OF DEFENDANTS' EXPERTS**

Defendants Red Roof Inns, Inc., RRI West Management, LLC, and FMW RRI I, LLC bring this surreply regarding Plaintiff's Reply to her *Daubert* motion to exclude portions of Defendants' experts' testimony (hereinafter, "Plaintiff's *Daubert* Reply Brief" or "Reply Brief") (ECF No. 133) to address two issues raised for the first time by Plaintiff in her Reply Brief.

First, Plaintiff's *Daubert* Reply Brief includes a request for sanctions. And, in so doing, Plaintiff misrepresents to the Court that her motion sought sanctions, as well. *See* Pl.'s Reply Br. at 2-3 ("Plaintiff's motion also seeks fees as a sanction . . . ."). In fact, her original motion makes no mention of fees or sanctions whatsoever. *See generally* Pl.'s Mot. (ECF No. 89) (containing no reference to fees

6256768.1

or sanctions). This request for sanctions is therefore procedurally improper and should be rejected by the Court. This is because "[i]t is not appropriate to seek an order for affirmative relief in a response to a motion." *Dooley v. Federated L. Grp., PLLC*, 2019 WL 12518731, at *2 (N.D. Ga. Nov. 26, 2019) (internal citations omitted); *see also Armington v. Dolgencorp, Inc.*, 2009 WL 210723, at *2 (M.D. Fla. Jan. 20, 2009) (relying on FRCP 7(b) and stating that a request for a court order must be made by a motion, in writing, state with particularity the grounds for seeking the order, and state the relief sought).

Second, Plaintiff's Reply Brief also includes altered and cherry-picked quotes from a hearing transcript in another case involving women allegedly trafficked at other Red Roof locations before Judge Ray. Pl.'s Reply Br. at 2 (quoting *Jane Does 1-4*, Case No. 1:21-cv-4278, 10/23/23 Hr'g Tr.). Yet, in quoting that hearing transcript, Plaintiff omits clear language from Judge Ray that belies the intent Plaintiff purports to set forth in the Reply Brief—*i.e.*, that the court was suggesting that "Defendants' only interest in improperly mooting Plaintiff's motion is to shield Dr. Mehlman-Orozco from having to disclose that her opinions have been excluded in a case." Pl.'s Reply Br. at 2. At the hearing, Judge Ray clarified:

> I'm granting the motion to exclude [Dr. Mehlman-Orozco's] testimony on those issues and that's what I'm granting. It's just those issues. I'm not engaging in any type of merit analysis of her opinion. . . . It will be as simple as I just said. It will not be based on any type of

2

> meritorious consideration of her opinions and whether
> they are reliable generally.

*Jane Does 1-4*, Case No. 1:21-cv-4278, 10/23/23 Hr'g Tr. at 53:5-54:6. Indeed, contrary to Plaintiff's assertions, Judge Ray made no comment on Defendants' motivations in introducing this testimony. Nor did Judge Ray engage in any merit-based analysis of Dr. Mehlman-Orozco's opinions.

In short, neither of these newly introduced issues move the needle nor advance Plaintiff's position in this case. As Defendants explained in their Opposition, they do not intend to introduce the two narrow opinions challenged by Plaintiff, not because they are not meritorious but to avoid disputes that do not advance the central issues in this case. *See generally* Defs.' Opp'n (ECF No. 100). Moreover, Defendants met and conferred with Plaintiff and offered to remove the challenged opinions from their experts' reports. As such, Plaintiff's Reply Brief is entirely unnecessary, and the issues Plaintiff introduced for the first time are nothing more than harassing, procedurally improper, and a waste of this Court's and Defendants' resources in addressing.

6256768.1

Dated: November 29, 2023     Respectfully submitted,

/s/ *Marcella C. Ducca*
Marcella C. Ducca (Ga. Bar No. 115079)
Brandon D. Cox (Ga. Bar No. 832025)
GREENBERG TRAURIG LLP
Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, GA  30305
Telephone:  678.553.2100
duccam@gtlaw.com
coxb@gtlaw.com

Sandra J. Wunderlich (*pro hac vice*)
TUCKER ELLIS LLP
100 South Fourth Street, Suite 600
St. Louis, MO 63102-1822
Telephone:  314.256-2550
Facsimile:   314.256-2549
sandra.wunderlich@tuckerellis.com

Chelsea Mikula (*pro hac vice*)
C. Ashley Saferight (*pro hac vice*)
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH  44113-7213
Telephone:  216.592-5000
Facsimile:   216.592-5009
chelsea.mikula@tuckerellis.com
ashley.saferight@tuckerellis.com

*Attorneys for Defendants Red Roof Inns, Inc., FMW RRI I, LLC, and RRI West Management, LLC*

# LOCAL RULE 7.1(D) CERTIFICATION

Counsel certifies that this brief has been prepared with Times New Roman size 14 pt font, which is one of the font and point selections approved by the Court in Local Rule 5.1. This brief does not contain more than 10 characters per inch of type.

Dated: November 29, 2023

/s/ *Marcella C. Ducca*
Marcella C. Ducca (Ga. Bar No. 115079)

*One of the Attorneys for Defendants*
*Red Roof Inns, Inc., FMW RRI I, LLC,*
*and RRI West Management, LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send electronic notification to all attorneys of record. Respectfully submitted this 29th day of November 2023.

Dated: November 29, 2023

/s/ Marcella C. Ducca
Marcella C. Ducca (Ga. Bar No. 115079)

*One of the Attorneys for Defendants*
*Red Roof Inns, Inc., FMW RRI I, LLC,*
*and RRI West Management, LLC*

6256768.1