IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| H.B., | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION FILE |
| v. | : | |
| | : | NO. 1:22-cv-01181-JPB |
| RED ROOF INNS, INC., et al., | : | |
| | : | |
| Defendants. | : | |

### NOTICE OF PLAINTIFF'S RESPONSE TO RED ROOF'S NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants notified this Court of two nonbinding, inapposite TVPRA-related decisions and used that notice to add five pages of legal argument to its motions for summary judgment. Doc. 147. That was improper. Neither the Federal Rules of Civil Procedure nor this Court's Local Rules permit the filing of supplemental authorities. Yet rather than moving to strike Defendants' improper notice, Plaintiff explains why these supplemental authorities *do not* support Defendants' request that this Court absolve them of all civil liability for the vicious physical assault, savage rape, and sex trafficking of 16-year-old H.B. at the Red Roof Inn in Norcross, GA.

*First*, neither case Defendants cite involved evidence or allegations of the defendant's agents and employees acting as lookouts for the plaintiff's trafficker. But that happened here. H.B. watched her trafficker pay a front-desk employee to act as a lookout to make sure her traffickers didn't get in trouble with the police while they

1

sold H.B.[1] H.B.'s trafficker also paid housekeeping employees, or "towel ladies," to serve as lookouts, bring additional towels, and remove the used condoms multiple times per day.[2] Both *Riti* and *S.C.* state that a hotel operator's knowing assistance with a plaintiff's trafficker "would support a finding that a hotel operator participated in a sex trafficking venture." *K. H. v. Riti, Inc.*, No. 23-11682, 2024 WL 505063, at *3, 4 (11th Cir. Feb. 9, 2024) (discussing *Ricchio v. McLean*, 853 F.3d 553 (1st Cir. 2017)); *S.C. v. Wyndham Hotels & Resorts, Inc.*, No. 1:23-cv-871, 2024 WL 1429114, at *4 (N.D. Ohio Apr. 2, 2024) ("Defendants had no contact with S.C.'s traffickers and received no specific notice of S.C.'s trafficking. Without direct contact, there can be no direct liability."). Here, Defendants' employees had direct contact and knowingly participated in H.B.'s trafficking by assisting her trafficker for money.

*Second*, *Riti* is an unpublished, nonbinding Eleventh Circuit decision that is wrong and shouldn't be followed. *See, e.g.*, *McNamara v. Gov't Emps. Ins. Co.*, 30 F.4th 1055, 1060–61 (11th Cir. 2022) ("As a preliminary matter, we pause to reiterate an elemental point: While our unpublished opinions 'may be cited as persuasive authority,' they 'are not considered binding precedent.' 11th Cir. R. 36-2. We have said so again and again, but it bears repeating. Accordingly, a district court shouldn't

---

[1] Doc. 106, Ex. 1, H.B. Dep. 243:4–16; 244:5–15.
[2] Doc. 106, Ex. 1, H.B. Dep. 245:21–246:4; Ex. 2, H.B. Decl. ¶ 5.

simply cite to one of our unpublished opinions as the basis for its decision without separately determining that it is persuasive. Here, the district court did just that—it treated *Cawthorn [v. Auto-Owners Ins. Co.*, 791 F. App'x 60 (11th Cir. 2019),] as binding authority and failed to determine whether that decision correctly analyzed Florida law. For reasons we'll explain, *Cawthorn* didn't properly analyze Florida law, and the district court shouldn't have followed it." (cleaned up)).[3]

*Riti* is wrong because it misreads *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714 (11th Cir. 2021). In *Doe #1*, the plaintiffs pleaded that the defendant franchisors participated in "sex trafficking ventures." *Id.* at 726 ("We begin with the venture the Does say that the franchisors participated in. Throughout their complaints, the Does

---

[3] *See also Cherry v. Dometic Corp.*, 986 F.3d 1296, 1302 (11th Cir. 2021) (rejecting conclusion of two unpublished opinions that relied on a "heightened standard for ascertainability" that Third Circuit applied to class certification as inconsistent with both circuit precedent and Rule 23's text); *United States v. Green*, 873 F.3d 846, 858–66 (11th Cir. 2017) (holding, contrary to unpublished decision in *United States v. Neufeld*, 154 F. App'x 813, 820–21 (11th Cir. 2005), that mere fact of criminal defendant's 2006 Florida conviction after *nolo contendere* plea was inadmissible under Fed. R. Evid. 404(b) to prove similar act); *Ray v. McCullough Payne & Haan, LLC*, 838 F.3d 1107, 1109–11 (11th Cir. 2016) (holding that unpublished table decision affirming without opinion district court's dismissal of Georgia garnishment action under Fair Debt Collection Practices Act's venue provision wasn't binding and rejecting view of FDCPA's venue's applicability to Georgia garnishment procedure previously affirmed); *United States v. Iguaran*, 821 F.3d 1335, 1336 & n.1 (11th Cir. 2016) (holding that government's argument—that criminal defendant's jurisdictional objection was reviewed for plain error based on two unpublished decisions so saying—was "wrong"); *Pellitteri v. Prine*, 776 F.3d 777, 781–82 (11th Cir. 2015) (holding that "conclusion" in unpublished decision "was mistaken on two fronts" and explaining why).

3

alleged that the franchisors participated in 'sex trafficking ventures.'"); *see also id.* at 727 ("Again, every time the complaints refer to ventures, they refer to 'sex trafficking ventures.'"). Because the plaintiffs alleged "sex trafficking ventures," the Eleventh Circuit held that the relevant question was "whether the Does plausibly alleged that the franchisors took part in the common undertaking of sex trafficking with hotel employees, management, owners, and sex traffickers." *Id.* at 726. But the Eleventh Circuit was clear that "participation in a venture" for TVPRA civil-liability purposes requires only that the defendant "take part in a common undertaking involving risk or profit." *Id.* at 727. The common undertaking need not be a sex trafficking venture. Judge Jordan emphasized this point in his concurrence. "[T]he participation element of a 'beneficiary' claim under § 1595(a) . . . requires only that a defendant take part in a common undertaking or enterprise involving risk and profit." *Id.* at 730 (Jordan, J., concurring).

Yet in *Riti*, even though the plaintiff did not allege that the defendant franchisee hotel was involved in a "sex trafficking venture" with the plaintiff's trafficker, the *Riti* court rejected the plaintiff's TVPRA civil beneficiary claim because "K.H. has not plausibly alleged that Riti took part in a common sex trafficking undertaking or enterprise with Laye," the trafficker. 2024 WL 505063, at *3. In doing so, *Riti* misapplied *Doe #1* because allegations establishing a "sex trafficking venture" were not required. Instead, "[a]s the Eleventh Circuit established in [*Doe #1*], a person

4

can be liable without participating in the sex trafficking act itself." *Does 1-4 v. Red Roof Inns, Inc.*, 1:21-CV-04278-WMR, 2023 WL 5444261, at *3 (N.D. Ga. Aug. 10, 2023).

*Riti* is wrong because requiring allegations (and later proof) that the defendant "participated in a common sex trafficking undertaking or enterprise" with the plaintiff's sex trafficker to state (and later prevail) on a TVPRA civil beneficiary claim erases the line between perpetrators and beneficiaries in 18 U.S.C. § 1595(a). *Contra* 2024 WL 505063, at *4. A "sex trafficking venture" is a "common undertaking of sex trafficking with hotel employees, management, owners, and sex traffickers." *Doe #1*, 21 F.4th at 726. Participating in a sex-trafficking undertaking or enterprise makes someone a sex-trafficking perpetrator. *See* 18 U.S.C. § 1591(a)(1) (direct violator), § 1591(a)(2) (knowing beneficiary), § 1593A (knowing beneficiary), § 1594(a) (attempting to violating § 1591), § 1594(c) (conspiring to violate § 1591). A sex-trafficking beneficiary, on the other hand, is someone who "knowingly benefits, or attempts or conspires to benefit," from "a common undertaking or enterprise involving risk and potential profit" (i.e., "participation in a venture") that the person "knew or should have known has engaged in an act in violation" of the TVPRA. § 1595(a); *Doe #1*, 21 F.4th at 725.[4] While a § 1595(a) claim requires that the

---

[4] The phrases "a violation of this chapter" and "an act in violation of this chapter" in § 1595(a) do not refer to the same thing. The first—"a violation of this chapter"— describes the who can bring a civil action (i.e., the "victim") under this statute. It

5

plaintiff be a "victim" of a "perpetrator," the plaintiff need not pursue a claim against the perpetrator to recover against a beneficiary, and a beneficiary need not have committed a crime under the TVPRA to be civilly liable.

*Riti* is wrong because it held that the difference between franchisors and companies (like Defendants) who owned and operated the hotel was "immaterial." *Contra* 2024 WL 505063, at *3. This is a complete misreading of *Doe #1*, which involved "claims against franchisors which ***do not operate or manage the hotels*** at which sex trafficking allegedly occurred." 21 F.4th at 727 (Jordan, J., concurring) (emphasis added).

*Third*, the out-of-circuit, district-court decision Defendants cite—*S.C.*—is not on point. To begin, *S.C.* concerned "claims against hotel franchisors" that had no "relevant powers over the hotel franchisees who ran the hotels involved with the trafficking." 2024 WL 1429114, *1. Here, Defendants each participated in the Red Roof Inn. Indeed, Defendants themselves testified that the Norcross Red Roof Inn was a corporately owned and operated hotel, which meant it was distinct from a

---

also relates to the "perpetrator"; that is, someone who violates this chapter. *See Perpetrator*, *Black's Law Dictionary* (11th ed. 2019) ("Someone who commits a crime or offense; one who does something illegal or immoral."). The second—"an act in violation of this chapter"—describes what the venture that a beneficiary participates in must do and what the beneficiary must have actual or constructive knowledge of for purposes of civil beneficiary liability.

6

franchised property.[5] Defendants have testified that hotels like the Red Roof Inn, managed by RRI West, were on the "corporate side," not the "franchisee side."[6]

Next, *S.C.* concluded that the "venture" for purposes of a TVPRA civil claim "must be a sex trafficking venture." 2024 WL 1429114, *4. That conclusion, however, contradicts binding Eleventh Circuit law. In this circuit, a "venture" for purposes of a TVPRA civil claim need be only "a common undertaking involving risk or profit." *Doe #1*, 21 F.4th at 727. Thus, Defendants are wrong to suggest that *S.C.* has any relevance to the Court's summary-judgment decision.

Finally, even though *S.C.* is factually inapposite and legally irrelevant, the decision still suggests that the Court should deny Defendants' motions for summary judgment and let Plaintiff's case go to trial. For the conclusion of *S.C.* says that "the record may be enough to establish triable jury questions about whether the *franchisee hotels* violated the Trafficking Victims Act." 2024 WL 1429114, *8.

In any event, neither *Riti* nor *S.C.* support Defendants motions for summary judgment. This Court should deny those motions so that H.B.'s claims can proceed to trial.

---

[5] Doc. 107, Ex. 20, Moyer H.B. Dep. 14:22–15:8; 15:18–16:17; 17:16–20:7; Ex. 9, Defendants' 30(b)(6) Dep. 44:17–45:2.
[6] Doc. 106, Ex. 9, Defendants' 30(b)(6) Dep. 45:3–20.

Respectfully submitted this 1st day of May, 2024.

**ANDERSEN, TATE & CARR, P.C.**

*/s/ Jonathan S. Tonge*
Patrick J. McDonough
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
Jonathan S. Tonge
Georgia Bar No. 303999
jtonge@atclawfirm.com
*Attorneys for Plaintiff*

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1D, Counsel certifies that the foregoing document complies with the font and point selections approved by the Court in L.R. 5.1.C. This document was prepared using Times New Roman 14-point font.

Respectfully submitted this 1st day of May, 2024.

**ANDERSEN, TATE & CARR, P.C.**

<u>*/s/ Jonathan S. Tonge*</u>
Patrick J. McDonough
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
Jonathan S. Tonge
Georgia Bar No. 303999
jtonge@atclawfirm.com
*Attorneys for Plaintiff*

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the attorneys of record.

Respectfully submitted this 1st day of May, 2024.

**ANDERSEN, TATE & CARR, P.C.**

*/s/ Jonathan S. Tonge*
Patrick J. McDonough
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
Jonathan S. Tonge
Georgia Bar No. 303999
jtonge@atclawfirm.com
*Attorneys for Plaintiff*

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile