THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| H.B., | ) CIVIL ACTION FILE |
| | ) |
| Plaintiffs, | ) NO. 1:22-CV-01181-JPB |
| | ) |
| v. | ) |
| | ) |
| RED ROOF INNS, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS RED ROOF INNS, INC., FMW RRI I, LLC, AND RRI WEST MANAGEMENT, LLC'S MEMORANDUM IN SUPPORT OF THEIR PARTIAL MOTION FOR RECONSIDERATION**

**I.   INTRODUCTION**

RRI Defendants individually moved for summary judgment on all of Plaintiff's claims including the Trafficking Victims Protection Reauthorization Act (TVPRA) and Georgia's civil RICO statutes (O.C.G.A. 16-14-4(a) and 16-14-4(c)). *See* RRI Defendants' Mot. S.J., ECF Nos. 94–96. After moving for summary judgment, Plaintiff stated she was "dropping" her civil RICO claim:

> While Plaintiff believes that the pattern and practice of illegal behavior at the highest levels of Red Roof corporate continued to within five years of her lawsuit, she is hereby dropping her claims based on the Georgia RICO Act.

Pls. Response in Opp. RRI Mot. S.J. at 2, n.3, ECF No. 109.

Based on this, Plaintiff did not oppose RRI Defendants' arguments on civil RICO. This claim has been abandoned and should be dismissed with prejudice.

Given this, RRI Defendants respectfully ask this Court to modify its order denying summary judgment to expressly state Plaintiff's civil RICO claim is dismissed.

## II.   ARGUMENT

Though the Federal Rules do not expressly provide for "motions for reconsideration," *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir.2004), L.R. 7.2(E) does provide for reconsideration. *Braswell v. Belk, Inc.*, No. 1:14-CV-185-TCB, 2015 WL 12852306, at *1 (N.D. Ga. Oct. 29, 2015).[1] Motions for reconsideration serve a limited function and are warranted only where there is: (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice. *Id.* (citing *Preserve Endangered Areas of Cobb's History, Inc. v. United States Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995))

This standard is met. The reason is simple: Plaintiff dropped her civil RICO claims against all RRI Defendants and made that clear in her opposition to all RRI Defendants' motions for summary judgment. And even if Plaintiff's intent was not explicit (it was), she did not oppose RRI Defendants' motion for summary judgment on RICO. *See* Pls. Response in Opp. RRI Mot. S.J., ECF No. 109. Thus, any

---

[1] Moreover, "[d]istrict courts have authority both under common law and [Rule] 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). Further, Rule 59(e), gives the trial court's authority to alter or amend a judgment within 28 days.

2

opposition has been abandoned and waived. *See Penmont, LLC v. Blue Ridge Piedmont, LLC*, 607 F. Supp. 2d 1266, 1269 (M.D. Ala. 2009) (arguments not raised in opposition are found abandoned).

Given this, RRI Defendants' motion for summary judgment on civil RICO should have been granted. Thus, RRI Defendants respectfully ask this Court to reconsider and amend its summary judgment Order to dismiss Plaintiff's civil RICO claim against the RRI Defendants with prejudice.

### III. CONCLUSION

This Court should grant RRI Defendants' Partial Motion for Reconsideration and amend its Order denying RRI Defendants' motions for summary judgment to expressly state Plaintiff's civil RICO claims are dismissed with prejudice.

Dated: July 15, 2024                                Respectfully submitted,

                                                                  */s/ Marcella Ducca*

Marcella C. Ducca (Ga. Bar No. 115079)
Brandon D. Cox (Ga. Bar No. 832025)
GREENBERG TAURIG LLP
Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, GA  30305
Telephone:  678.553.2100
duccam@gtlaw.com
coxb@gtlaw.com

Sandra J. Wunderlich (*pro hac vice*)
TUCKER ELLIS LLP
100 South Fourth Street, Suite 600
St. Louis, MO 63102-1822
Telephone: 314.256-2550
Facsimile:  314.256-2549
sandra.wunderlich@tuckerellis.com

Chelsea Mikula (*pro hac vice*)
C. Ashley Saferight (*pro hac vice*)
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH  44113-7213
Telephone: 216.592-5000
Facsimile:  216.592-5009
chelsea.mikula@tuckerellis.com
ashley.saferight@tuckerellis.com

*Attorneys for Defendants Red Roof Inns, Inc., FMW RRI I, LLC, and RRI West Management, LLC*

4

## **LOCAL RULE 7.1(D) CERTIFICATION**

Counsel certifies that this motion has been prepared with Times New Roman size 14 pt font, which is one of the font and point selections approved by the Court in Local Rule 5.1. This brief does not contain more than 10 characters per inch of type.

Dated: July 15, 2024                              */s/ Marcella Ducca*

*One of the Attorneys for Defendants*
*Red Roof Inns, Inc., FMW RRI I, LLC,*
*and RRI West Management, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2024, ***Defendants' Memorandum In Support Of Their Partial Motion For Reconsideration*** was filed electronically. Service of this filing will be made under Fed. Civ. R. 5(b)(2)(e) through this Court's electronic filing system. Parties may access the filing through the Court's system.

*/s/ Marcella Ducca*

*One of the Attorneys for Defendants*
*Red Roof Inns, Inc., FMW RRI I, LLC,*
*and RRI West Management, LLC*
