IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| H.B., | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION FILE |
| v. | : | |
| | : | NO. 1:22-cv-01181-JPB |
| RED ROOF INNS, INC., et al., | : | |
| | : | PRETRIAL CONFERENCE |
| Defendants. | : | REQUESTED |

**CONSOLIDATED PRETRIAL ORDER**

**1.**

**There are no motions or other matters pending for consideration by the court except as noted:**

The Court held in abeyance the three motions to exclude (Docs. 87, 88 & 89).

Defendants' Motion for Partial Reconsideration (Doc. 160) remains pending. Plaintiff does not oppose that motion regarding dismissing her former Georgia RICO claims. She voluntarily dropped those claims in her response to summary judgment. The parties are aware of no other motions or matters pending for consideration by the court.

Defendants have also filed their Requests for Leave of Absence (Doc Nos. 97, 146, 150) that remain pending.

Plaintiff intends to file a motion for protective order to permit Plaintiff to be

6556576.1

referred to by either her first name or initials during trial. At this time, Plaintiff intends to file *motions in limine* on the following topics:

1. Excluding other sexual conduct under Rule 412.
2. Joint and several liability under the TVPRA.

At this time, Defendants intend to file *motions in limine* on the following topics, but reserve the right to modify the list before or at the time of the pre-trial conference:

1. Excluding reference to incidents and crimes at locations other than Norcross;

2. Excluding reference to incidents or reports of crimes at Norcross that are not sex trafficking/prostitution

3. Excluding third party statements in police reports

4. Excluding unverified customer reviews/newspaper articles

5. Excluding financial statements or financial condition of Defendants;

6. Excluding evidence of economic damages because no expert supports same

7. Excluding evidence of acts of violence/force/coercion that were not witnessed by RRI or otherwise known to RRI;

8. Excluding hearsay statements relied upon by Plaintiff to allege involvement of RRI employees in her alleged trafficking;

-2-

9.  Excluding certain testimony by RRI employees that do not relate to

Norcross property.

**2.**

**All discovery has been completed, unless otherwise noted, and the court will not consider any further motions to compel discovery. (Refer to L.R. 37.1(B)). Provided there is no resulting delay in readiness for trial, the parties shall, however, be permitted to take the depositions of any persons for the preservation of evidence and for use at trial.**

All discovery has been completed.

**3.**

**Unless otherwise noted, the names of the parties as shown in the caption to this Order and the capacity in which they appear are correct and complete, and there is no question by any party as to the misjoinder or non-joinder of any parties.**

The parties are correctly identified.

**4.**

**Unless otherwise noted, there is no question as to the jurisdiction of the court; jurisdiction is based upon the following code sections. (When there are multiple claims, list each claim and its jurisdictional basis separately.)**

This Court has subject matter jurisdiction over this lawsuit pursuant to 28

U.S.C. § 1331 because Plaintiff asserts claims arising under 18 U.S.C. § 1595(a).

**5.**

The following individually named attorneys are hereby designated as lead counsel for the parties:

**Plaintiff:**

Patrick J. McDonough
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
ANDERSEN, TATE & CARR, P.C.
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 – Telephone
(770) 822-9680 – Facsimile

Jonathan S. Tonge
Georgia Bar No. 303999
jtonge@atclawfirm.com
ANDERSEN, TATE & CARR, P.C.
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 – Telephone
(770) 822-9680 – Facsimile

**Defendants:**

Chelsea R. Mikula
Ohio Bar No. 0086453
chelsea.mikula@tuckerellis.com
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, Ohio 44113
(216) 592-5000 – Telephone
(216) 592-5009 – Facsimile

Sandra J. Wunderlich
Missouri Bar No. 39019
sandra.wunderlich@tuckerellis.com
TUCKER ELLIS LLP
100 South Fourth Street, Suite 600
St. Louis, MO 63102
(314) 256-2544 – Telephone

**6.**

**Normally, the plaintiff is entitled to open and close arguments to the jury. (Refer to L.R. 39.3(B)(2)(b)). State below the reasons, if any, why the plaintiff should not be permitted to open arguments to the jury.**

None.

**7.**

**The captioned case shall be tried ( X ) to a jury or (_____) to the court without a jury, or (_____) the right to trial by jury is disputed.**

**8.**

**State whether the parties request that the trial to a jury be bifurcated, i.e. that the same jury consider separately issues such as liability and damages. State briefly the reasons why trial should or should not be bifurcated.**

Plaintiff's Position: Plaintiff requests to bifurcate the consideration of amounts of punitive damages (if any) and attorneys' fees (if any) until after the initial liability phase of the trial. Thus, during the liability phase, the jury would first resolve whether an award of punitive damages or attorneys' fees is warranted, and, if so, the trial will recommence to receive evidence relevant to a decision regarding the amount of such damages. Plaintiff believes that this will prevent the jury from being

improperly influenced by punitive damages evidence when considering liability.

Defendants' Position: Defendants do not believe punitive damages are available under the TVPRA. To the extent the Court rules otherwise, Defendants will meet and confer with Plaintiff on the process for bifurcation and submit the same in advance of the pre-trial conference.

## 9.

**Attached hereto as Attachment "A" and made a part of this order by reference are the questions which the parties request that the court propound to the jurors concerning their legal qualifications to serve.**

The Parties do not request any additions to Judge Boulee's standard jury qualification questions.

## 10.

**Attached hereto as Attachment "B-1" are the general questions which plaintiff wishes to be propounded to the jurors on voir dire examination.**

**Attached hereto as Attachment "B-2" are the general questions which defendant wishes to be propounded to the jurors on voir dire examination.**

**Attached hereto as Attachment "B-3", "B-4", etc. are the general questions which the remaining parties, if any, wish to be propounded to the jurors on voir dire examination.**

**The Court shall question the prospective jurors as to their address and occupation and as to the occupation of a spouse, if any. Counsel may be permitted to ask follow-up questions on these matters. It shall not, therefore, be necessary for counsel to submit questions regarding these matters. The determination of whether the judge or counsel will propound general voir dire questions is a matter of courtroom policy which shall be established by each judge.**

**11.**

**State any objections to plaintiff's voir dire questions:**

**State any objections to defendant's voir dire questions:**

**State any objections to the voir dire questions of the other parties, if any:**

The Parties will continue to meet and confer on voir dire questions and raise

any objections in advance of the pre-trial conference.

**12.**

**All civil cases to be tried wholly or in part by jury shall be tried before a jury consisting of not less than six (6) members, unless the parties stipulate otherwise. The parties must state in the space provided below the basis for any requests for additional strikes. Unless otherwise directed herein, each side as a group will be allowed the number of peremptory challenges as provided by 28 U.S.C. § 1870. See Fed. R. Civ. P. 47(b).**

Given the potentially sensitive nature of the subject matter of the lawsuit, which will

involve discussion of sex trafficking and prostitution, including physical violence,

sexual violence, and sexual trauma, the parties propose a larger panel of 50 potential

jurors.

Plaintiff requests that each party be granted three (3) peremptory challenges.

Defendants request that each party be granted six (6) peremptory challenges.

## 13.

**State whether there is any pending related litigation. Describe briefly, including style and civil action number.**

None.

## 14.

**Attached hereto as Attachment "C" is plaintiff's outline of the case which includes a succinct factual summary of plaintiff's cause of action and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law creating a specific legal duty relied upon by plaintiff shall be listed under a separate heading. In negligence cases, each and every act of negligence relied upon shall be separately listed. For each item of damage claimed, plaintiff shall separately provide the following information: (a) a brief description of the item claimed, for example, pain and suffering; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.**

## 15.

**Attached hereto as Attachment "D" is the defendant's outline of the case which includes a succinct factual summary of all general, special, and affirmative defenses relied upon and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law relied upon as creating a defense shall be listed under a separate heading. For any counterclaim, the defendant shall separately provide the following information for each item of damage claimed: (a) a brief description of the item claimed; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.**

## 16.

**Attached hereto as Attachment "E" are the facts stipulated by the parties.**

**No further evidence will be required as to the facts contained in the stipulation and the stipulation may be read into evidence at the beginning of the trial or at such other time as is appropriate in the trial of the case. It is the duty of counsel to cooperate fully with each other to identify all undisputed facts. A refusal to do so may result in the imposition of sanctions upon the non-cooperating counsel.**

The Parties are in the process of meeting and conferring on stipulations of fact and will submit any in advance of the pre-trial conference.

### 17.

**The legal issues to be tried are as follows:**
**By Plaintiffs:**

(1) Whether Red Roof Inns, Inc., FMW RRI I, LLC, and RRI West Management, LLC (Collectively "Red Roof Defendants") are liable to Plaintiff under the TVPRA, 18 U.S.C. § 1595, each for their own actions and inactions, as well as for the actions of each other under agency principles.

(2) Whether the Defendants are liable to Plaintiff for damages, and the amount of such damages, including general damages, compensatory damages, consequential damages, and punitive damages.

(3) Whether Plaintiff is entitled to punitive damages against Defendants under the TVPRA, 18 U.S.C. § 1595.

(4) Whether the Defendants are liable to Plaintiff for costs, expenses and reasonable attorneys' fees including fees pursuant to the TVPRA, 18 U.S.C. § 1595, and any other fee-shifting statute.

(5) Any additional legal issues raised by any affirmative defenses or counter-claims Defendants may assert.

**By Defendants:**

(1) Whether Plaintiffs had superior knowledge of the specific dangers of the commercial sex trade as compared to Defendants.

(2) Whether and what percentage of fault should be apportioned to various non-

6556576.1

parties identified in Defendants' Notice of Intent to Seek Apportionment of Fault Against Non-Parties (ECF Doc. No. 36), including: Plaintiff's various alleged traffickers; the alleged purchasers of sex and sexual acts performed by Plaintiff (John Doe Johns); individuals who allegedly provided help and assistance to Plaintiff's traffickers (John and Jane Doe Accomplices); owners and operators of additional hotels where Plaintiff was allegedly trafficked; online websites were Plaintiff was allegedly subjected to online advertising for the sale of illegal commercial sex. O.C.G.A. § 51-12-33.

(3) Whether the acts or omissions of any third party (including those for whom apportionment of fault is sought) constitutes a superseding/intervening cause such that the alleged causal connection was broken between Defendants' alleged acts or omissions and Plaintiff's alleged injuries.

(4) Whether Defendants can be held liable as beneficiaries under the TVPRA, including whether Defendants directly and knowingly participated in a venture with Plaintiff's alleged traffickers, which they knew or should have known was a violation of the TVPRA, whether Defendants knowingly benefitted from Plaintiff's alleged trafficking, and whether Defendants knew or should have known that Plaintiff was being trafficked in violation of the TVPRA. 18 U.S.C. § 1595.

(5) Whether Defendants can be held liable under the TVPRA based on theories of vicarious liability?

(6) Whether recovery for Plaintiff's injuries should be limited or barred because of her own contributory and comparative fault, due to her own intentional, negligent, or criminal conduct which contributed to or caused her alleged injuries and damages, including whether Plaintiff assumed the risk of injury.

(7) Whether Plaintiff's alleged injuries and damages are fully or partially due to pre-existing and subsequent conditions and events unrelated to the alleged trafficking, including but not limited to health or mental health conditions, physical, mental, and sexual abuse, and drug use, abuse, and dependence.

(8) Whether Plaintiff can meet her burden to prove that any act or omission allegedly committed by an agent or employee of Defendants, and that is alleged to constitute a violation of the TVPRA and whether such act was committed within the course and scope of his employment and on behalf of Defendants.

(9) Whether Plaintiff's claims are barred or limited by the doctrines of

acquiescence, waiver, estoppel, or laches.

(10) Whether Plaintiff's claims are barred because they have released, settled, entered into accord and satisfaction, or otherwise compromised their claims.

(11) The amount and extent of alleged injuries and damages incurred by Plaintiff, and whether Plaintiff's alleged injuries and damages were proximately caused by Defendants.

(12) Whether Plaintiff is entitled to an award of punitive damages.

(13) Whether Plaintiff is entitled to an award of attorney's fees.

(14) Whether Plaintiff's TVPRA claim is barred by the defense of *in pari delicto*, which prohibits a plaintiff form recovering from a conspiracy that they participated in.

**18.**

**Attached hereto as Attachment "F-1" for the plaintiff, Attachment "F-2" for the defendant, and Attachment "F-3", etc. for all other parties is a list of all the witnesses and their addresses for each party. The list must designate the witnesses whom the party will have present at trial and those witnesses whom the party may have present at trial. Expert (any witness who might express an opinion under Rule 702), impeachment and rebuttal witnesses whose use as a witness can be reasonably anticipated must be included. Each party shall also attach to the list a reasonable specific summary of the expected testimony of each expert witness.**

**All of the other parties may rely upon a representation by a designated party that a witness will be present unless notice to the contrary is given ten (10) days prior to trial to allow the other party(s) to subpoena the witness or to obtain the witness' testimony by other means. Witnesses who are not included on the witness list (including expert, impeachment and rebuttal witnesses whose use should have been reasonably anticipated) will not be permitted to testify, unless expressly authorized by court order based upon a showing that the failure to comply was justified.**

**19.**

**Attached hereto as Attachment "G-1" for the plaintiff, "G-2" for the**

defendant, and "G3", etc. for all other parties are the typed lists of all documentary and physical evidence that will be tendered at trial. Learned treatises which are expected to be used at trial shall not be admitted as exhibits. Counsel are required, however, to identify all such treatises under a separate heading on the party's exhibit list.

Each party's exhibits shall be numbered serially, beginning with 1, and without the inclusion of any alphabetical or numerical subparts. Adequate space must be left on the left margin of each party's exhibit list for court stamping purposes. A courtesy copy of each party's list must be submitted for use by the judge.

Prior to trial, counsel shall mark the exhibits as numbered on the attached lists by affixing numbered yellow stickers to plaintiff's exhibits, numbered blue stickers to defendant's exhibits, and numbered white stickers to joint exhibits. When there are multiple plaintiffs or defendants, the surname of the particular plaintiff or defendant shall be shown above the number on the stickers for that party's exhibits.

Specific objections to another party's exhibits must be typed on a separate page and must be attached to the exhibit list of the party against whom the objections are raised. Objections as to authenticity, privilege, competency, and, to the extent possible, relevancy of the exhibits shall be included. Any listed document to which an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties and shall be admitted at trial without further proof of authenticity.

Unless otherwise noted, copies rather than originals of documentary evidence may be used at trial. Documentary or physical exhibits may not be submitted by counsel after filing of the pretrial order, except upon consent of all the parties or permission of the court. Exhibits so admitted must be numbered, inspected by counsel, and marked with stickers prior to trial.

Counsel shall familiarize themselves with all exhibits (and the numbering thereof) prior to trial. Counsel will not be afforded time during trial to examine exhibits that are or should have been listed.

The Parties are in the process of meeting and conferring and will submit their

exhibit lists by August 16, 2024 and objections by August 23, 2024.

## 20.

**The following designated portions of the testimony of the persons listed below may be introduced by deposition:**

The Parties are in the process of exchanging deposition designations, counter designations, and objections. The Parties will exchange deposition designations by August 30, 2024 and counter designations and objections by September 13, 2024 and will provide these to the Court in advance of the pretrial conference.

**Any objections to the depositions of the foregoing persons or to any questions or answers in the depositions shall be filed in writing no later than the day the case is first scheduled for trial. Objections not perfected in this manner will be deemed waived or abandoned. All depositions shall be reviewed by counsel and all extraneous and unnecessary matter, including non-essential colloquy of counsel, shall be deleted. Depositions, whether preserved by stenographic means or videotape, shall not go out with the jury.**

## 21.

**Attached hereto as Attachments "H-1" for the plaintiff, "H-2" for the defendant, and "H-3", etc. for other parties, are any trial briefs which counsel may wish to file containing citations to legal authority concerning evidentiary questions and any other legal issues which counsel anticipate will arise during the trial of the case. Limitations, if any, regarding the format and length of trial briefs is a matter of individual practice which shall be established by each judge.**

The Parties will submit trial briefs, if any, to the Court at least fourteen (14) days before the start of trial.

**22.**

In the event this is a case designated for trial to the court with a jury, requests for charge must be submitted no later than 9:30 a.m. on the date on which the case is calendared (or specially set) for trial. Requests which are not timely filed and which are not otherwise in compliance with LR 51.1, will not be considered. In addition, each party should attach to the requests to charge a short (not more than one (1) page) statement of that party's contentions, covering both claims and defenses, which the court may use in its charge to the jury.

Counsel are directed to refer to the latest edition of the Eleventh Circuit District Judges Association's Pattern Jury Instructions and Devitt and Blackmar's Federal Jury Practice and Instructions in preparing the requests to charge. For those issues not covered by the Pattern Instructions or Devitt and Blackmar, counsel are directed to extract the applicable legal principle (with minimum verbiage) from each cited authority.

The Parties will submit proposed jury charges to the Court in advance of the pre-trial conference.

**23.**

If counsel desire for the case to be submitted to the jury in a manner other than upon a general verdict, the form of submission agreed to by all counsel shall be shown in Attachment "I" to this Pretrial Order. If counsel cannot agree on a special form of submission, parties will propose their separate forms for the consideration of the court.

The Parties will submit proposed verdict forms to the Court in advance of the pre-trial conference.

**24.**

Unless otherwise authorized by the court, arguments in all jury cases shall be limited to one-half hour for each side. Should any party desire any additional time for argument, the request should be noted (and explained) herein.

The Parties request that they be permitted up to one hour (for each side) for opening statements and closing arguments.

## 25.

**If the case is designated for trial to the court without a jury, counsel are directed to submit proposed finding of fact and conclusions of law not later than the opening of trial.**

The Parties are in the process of meeting and conferring and will submit proposed finding of fact and conclusions of law in advance of the pre-trial conference.

## 26.

**Pursuant to LR 16.3, lead counsel and persons possessing settlement authority to bind the parties met on July 30, 2024 to discuss in good faith the possibility of settlement of this case. The court (_____) has or (X) has not discussed settlement of this case with counsel. It appears at this time that there is:**

(_) A good possibility of settlement.

(X) Some possibility of settlement.

(_) Little possibility of settlement.

(_) No possibility of settlement.

## 27.

**Unless otherwise noted, the court will not consider this case for a special setting, and it will be scheduled by the clerk in accordance with the normal practice of the court.**

Given current leaves of absence and other already scheduled trials involving lead counsel in December and February, the Parties request the Court specially set this case for trial.

6556576.1

28.

Plaintiff estimates that she will require 3–4 days to present her evidence. Defendants estimate that they will require 3–4 days to present their evidence. It is estimated that the total trial time is 7–8 days, plus time for voir dire, jury selection, opening statements, charge conference, and closing arguments.

29.

**IT IS HEREBY ORDERED** that the above constitutes the pretrial order for the above-captioned case (__X__) submitted by stipulation of the parties or (_____) approved by the court after conference with the parties.

**IT IS FURTHER ORDERED** that the foregoing, including the attachments thereto, constitutes the pretrial order in the above case and that it supersedes the pleadings which are hereby amended to conform hereto and that this pretrial order shall not be amended except by Order of the court to prevent manifest injustice. Any attempt to reserve a right to amend or add to any part of the pretrial order after the pretrial order has been filed shall be invalid and of no effect and shall not be binding upon any party or the court, unless specifically authorized in writing by the court.

IT IS SO ORDERED this __13th__ day of ____August____, 20 _24_ .

_____
**J. P. BOULEE**
United States District Judge

**Each of the undersigned counsel for the parties hereby consents to entry of the foregoing pretrial order, which has been prepared in accordance with the form pretrial order adopted by this court.**

| | |
|---|---|
| /s/ Jonathan S. Tonge | /s/ Sandra J. Wunderlich |
| Patrick J. McDonough | Chelsea Mikula |
| Georgia Bar No. 489855 | *Admitted pro hac vice* |
| pmcdonough@atclawfirm.com | C. Ashley Saferight |
| Jonathan S. Tonge | *Admitted pro hac vice* |
| Georgia Bar No. 303999 | TUCKER ELLIS LLP |
| jtonge@atclawfirm.com | 950 Main Avenue, Suite 1100 |

-16-

Rory A. Weeks
Georgia Bar No. 113491
rweeks@atclawfirm.com
Jennifer M. Webster
Georgia Bar No. 760381
jwebster@atclawfirm.com
ANDERSEN, TATE & CARR, P.C.
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, GA 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile
*Attorneys for Plaintiff H.B.*

Cleveland, OH 44113-7213
chelsea.mikula@tuckerellis.com
ashley.saferight@tuckerellis.com
Sandra Wunderlich
*Admitted pro hac vice*
TUCKER ELLIS LLP
100 S. 4th Street, Suite 600
St. Louis, MO 63102
Telephone: 314.256.2550
sandra.wunderlich@tuckerellis.com

Marcella C. Ducca
Georgia Bar No. 115079
GREENBERG TRAURIG LLP
Terminus 200, Suite 2500
3333 Piedmont Road NE
Atlanta, GA 30305
Telephone: 678.553.2100
duccam@gtlaw.com
*Attorneys for Defendants Red Roof*
*Inns, Inc., FMW RRI I, LLC, and RRI*
*West Management, LLC*

6556576.1

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rules 5.1(C) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font type and size requirements and is formatted in Times New Roman, 14-point font.

Respectfully submitted on August 2, 2024.

ANDERSEN, TATE & CARR, P.C.

*/s/ Jonathan S. Tonge*
Patrick J. McDonough
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
Jonathan S. Tonge
Georgia Bar No. 303999
jtonge@atclawfirm.com
Rory A. Weeks
Georgia Bar No. 113491
rweeks@atclawfirm.com
Jennifer M. Webster
Georgia Bar No. 760381
jwebster@atclawfirm.com
*Attorneys for Plaintiff H.B.*

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile

6556576.1

**Attachment "C"**
**Plaintiff's Outline of the Case**

Plaintiff alleges injuries and damages sustained as a minor victim of sex trafficking at 5171 Brook Hollow Parkway, Norcross, Georgia 30071 (the "Norcross Red Roof Inn") in and around December 2011 and January 2012.

Plaintiff specifically alleges that Defendants profited from the operation of the Norcross Red Roof Inn and knew of prostitution and sex trafficking at their hotel, including Plaintiff's, making them liable to Plaintiff for damages. The Norcross Red Roof Inn was a corporately owned and operated hotel. Defendants controlled, operated, and directly employed the staff at the Norcross Red Roof Inn. Plaintiff alleges Defendants are liable for their own knowledge, conduct, and ventures, which violated the law, and also liable for the acts of each other under agency principles.

Plaintiff asserts that Defendants knew or should have known that the Norcross Red Roof Inn violated the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. 1595(a) ("TVPRA") and knowingly benefited from participation in ventures that it knew or should have known engaged in sex trafficking in violation of the TVPRA .

Plaintiff will seek general non-economic damages under the TVPRA in an amount determined by the enlightened conscience of the jury in light of the evidence presented at trial. This includes, but is not limited to, past, present, and future physical and mental harm and pain and suffering. Plaintiff will seek to hold

1

Defendants jointly and severally liable for injuries arising out of Plaintiff's claims under the TVPRA.

Plaintiff also seeks punitive damages under the TVPRA in an amount to be determined by the jury.  Plaintiff intends to request between $10 million and $100 million in punitive damages, depending on the testimony and evidence presented at trial. Plaintiff reserves the right to pursue all damages allowed under federal law for her injuries and Defendants' unlawful actions.

Finally, Plaintiff will seek to recover reasonable attorney's fees, costs, and expenses under the TVPRA and any other fee-shifting authority.

Plaintiff incorporates the representative caselaw contained in her response to Defendants' motions for summary judgement.  That case law includes but is not limited to:

- *Allen v. Tyson Foods, Inc*., 121 F.3d 642, 646 (11th Cir. 1997)

- *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986)

- *D.H. v. Tucker Inn In*c., 1:22-CV-3419-JPB, 2023 WL 6538391, at *4 (N.D. Ga. Sept. 1, 2023)

- *United States v. Whyte*, 928 F.3d 1317, 1328 (11th Cir. 2019

- *J.G. v. Northbrook Indus., Inc*., 619 F. Supp. 3d 1228, 1234 (N.D. Ga. 2022)

- *A.G. v. Northbrook Indus., Inc*., 1:20-CV-05231-JPB, 2022 WL

1644921, at *2 (N.D. Ga. May 24, 2022)

- *G. W. v. Northbrook Indus., Inc.*, 1:20-CV-05232-JPB, 2022 WL 1644923 3, at *2 (N.D. Ga. May 24, 2022)

- *M.A. v. Wyndham Hotels & Resorts, Inc.*, <u>425 F. Supp.3d 959, 965</u> (S.D. Ohio 2019)

- *S. Y. v. Naples Hotel Co.*, <u>476 F. Supp.3d 1251,1257</u> (M.D. Fla. 2020)

- *Ricchio v. Bijal, Inc.*, <u>386 F. Supp. 3d 126, 131</u> (D. Mass. 2019)

- *Johnson St. Props., LLC v. Clure*, <u>805 S.E.2d 60,65</u> (Ga. 2017)

- *C.T. v. Red Roof Inns, Inc.*, 2:22-CV-834-JES-KCD, 2023 WL 3510879, at *3 (M.D. Fla. Ma<u>r. 11</u>, <u>2023)</u>

- *Does 1-4 v. Red Roof Inns, Inc.*, 1:21-CV-04278-WMR, 2023 WL 5444261, at *3 (N.D. Ga. Aug. 10, 2023)

- *Coleman v. Red Roof Inns, Inc.*, No. 1:13-cv -01274-WSD

- *W.K. v. Red Roof Inns, Inc.*, 1:20-CV-05263-VMC, 2023 WL 6290523, at *10 (N.D. Ga. Sept. 14, 2023)

- *G.G. v. Salesforce.com, Inc.*, <u>76 F.461 544</u>, <u>559</u> (7th Ci<u>r. 2023</u>)

- *Ricchio v. McClean*, <u>853 F.3d 553, 55</u> (1ˢᵗ Ci<u>r. 2017</u>)

- *L.H. v. Red Roof Inn, Inc.*, 3:22-CV-625-CHB, <u>2023 WL 5725574</u>, at *6 (W.D. Ky. Sept. 5, 2023)

- *H.G. v. Inter-Continental Hotels Corp.*, <u>489 F. Supp. 3d 697, 704</u>

(E.D. Mich. 2020)

- *T.E. v. Wyndham Hotels & Resorts, Inc*., No. 2:22-cv-3185, 2023 WL
  5531441, * 7 (S.D. Ohio Aug. 28, 2023)

- *Meyer v. Holley*, <u>537 U.S. 280, 285</u> (2003)

- *Yusko v. NCL* (Bahamas), Ltd., <u>4 F.4th 1164, 1168</u> (11th Ci<u>r. 2021</u>)

- *Cordoba v. DIRECTV, LLC*, <u>942 F.3d 1259, 1265</u> (11th Ci<u>r. 2019</u>)

- *Doe by Doe v. Piraino,* 3:22-CV-00560, <u>2023 WL 5310556</u>, at *8
  (M.D. Tenn. Aug. 17, 2023)

- *Treminio v. Crowley Mar. Corp*., --- F. Supp. 3d ---, 2023 WL
  113565, *4 (M.D. Fla. Jan. 4, 2023)

- *United Steelworkers of Am., AFL CIO-CLC v. Connors Steel Co*., 855
  F.2d 1499,1505-06 (11th Ci<u>r. 1988</u>)

- *Talen's Landing, Inc. v. M/V Venture, II*, <u>656 F.2d 1157, 1161</u> n.6 (5th
  Cir. Unit A Sept. 1981)

- *Bangor Punta Operations, Inc. v. Bangor & Aroostook R.R. Co*., 417
  U.S. 703, 713 (1974)

- *Town of Brookline v. Gorsuch*, <u>667 F.2d 215, 221</u> (1st Ci<u>r. 1981</u>)

- *Ala. Power Co. v. Tenn. Valley Auth*., <u>948 F. Supp. 1010, 1026</u> (N.D.
  Ala. 1996)

- *MCI Telecomm. Corp. v. O'Brien Marketing, Inc*., <u>913 F. Supp. 1536</u>,

1541 (S.D. Fla. 1995)

- *Peyton v. Rowe*, 391 U.S. 54, 65 (1968)

- *Franza v. Royal Caribbean Cruises, Ltd.*, 772 F.3d 1225, 1235-36 (11th Cir. 2014)

- *Whetstone Candy Co. v. Kraft Foods, Inc.*, 351 F.3d 1067, 1077 (11th Cir. 2003)

- *GDG Acquisitions LLC v. Gov't of Belize*, 849 F.3d 1299, 1308 (11th Cir. 2017)

- *Arriaga v. Fla. Pac. Farms, LLC*, 305 F.3d1228, 1245 (11th Cir. 2002)

- *Yusko v. NCL (Bahamas), Ltd.*, 4 F.4th 1164, 1167-68 (11th Cir. 2021)

- *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 756 (1998)

- *Genzmer v. Public Health Tr. Of Miami-Dade Cnty.*, 219 F. Supp. 2d 1275, 1281 n.7 (S.D. Fla. 2002)

- *Microsoft Corp. v. Big Boy Distrib. LLC*, 589 F. Supp. 2d 1308, 1323 (S.D. Fla. 2008)

- *McIntyre ex rel. Est. of McIntyre v. United States*, 545 F.3d 27 (1st Cir. 2008)

- *A.B. v. Hilton Worldwide Holdings Inc.*, 484 F. Supp. 3d 921, 939-40 (D. Or. 2020)

- *United States v. Bhimani*, 3:17-cr-324, 2021 WL 5179196, at *9 (M.D. Pa. Nov. 8, 2021)

- *United States v. El-Mezain*, 664 F.3d 467, 503 (5th Cir. 2011), as revised (Dec. 27, 2011)

- *U.S. v. Coe*, 718 F.2d 830, 835 (7th Cir. 1983)

- *United States v. Gewin*, 471 F.3d 197, 201 (D.C. Cir. 2006)

- *United States v. Weisz*, 718 F.2d 413, 433 (D.C. Cir. 1983)

- *United States v. Int'l Minerals & Chem. Corp.*, 402 U.S. 558, 563 (1971)

- *United States v. Wert-Ruiz*, 228 F.3d 250, 258 (3d Cir. 2000)

**Attachment "D"**
**Defendants' Statement of the Case**

Defendants deny that they are liable to Plaintiff for sex trafficking that allegedly occurred at its RRI branded hotel under any theory of liability, including violations of the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. 1595(a) ("TVPRA"). Plaintiff alleges that she was trafficked at one hotel property under the Red Roof brand: (1) 5171 Brook Hollow Parkway, Norcross, Georgia 30071 (Norcross RRI). At all relevant times, the Norcross RRI was owned by FMW RRI I, LLC and was operated by RRI West. Red Roof Inns, Inc. employed certain employees at the Norcross RRI.

Any alleged injuries and damages incurred by Plaintiff were not proximately caused by any acts or omissions of Defendants, and instead were caused by the acts or omissions of others for whom Defendants bear no legal responsibility, including: Plaintiff's various alleged traffickers; the alleged purchasers of sex and sexual acts allegedly performed by Plaintiff (John Doe Johns); individuals who allegedly provided help and assistance to Plaintiff's traffickers (John and Jane Doe Accomplices); owners and operators of other hotels where Plaintiff was allegedly trafficked; online websites where Plaintiff was allegedly subjected to online advertising for the sale of illegal commercial sex; and security companies providing security services at the Norcross RRI during some or all of the time periods of Plaintiff's alleged trafficking. The acts and omissions of these third parties are

superseding/intervening actions such that the causal chain is broken between any act or omission by Defendants and Plaintiff's alleged injuries.

Plaintiff's alleged injuries and damages were caused by her own intentional, negligent, or criminal conduct. She assumed the risk of injury. Plaintiff's alleged injuries and damages are fully or partially due to her own pre-existing or subsequent conditions and events unrelated to the alleged trafficking at the Red Roof property, including but not limited to health or mental health conditions, physical, mental, and sexual abuse, childhood or other trauma, criminal history, and drug use, abuse, and dependence, etc.

Defendants did not owe or breach any legal duty to Plaintiff and had no knowledge of sex trafficking with respect to Plaintiff and/or her alleged traffickers at the Norcross RRI property, and had no knowledge, nor should they have known that Plaintiff specifically was being trafficked.

The intervening criminal acts of the third-party traffickers, John Doe Johns, and John/Jane Doe Accomplices as alleged by Plaintiff were not reasonably foreseeable, because Defendants had no knowledge of sex trafficking with respect to the individual Plaintiff and/or her alleged traffickers at the Norcross RRI property. Accordingly, Defendants owed no duty to protect Plaintiff from unforeseeable criminal acts of her traffickers John Doe Johns, or the John/Jane Doe Accomplices.

Additionally, Plaintiff had superior knowledge of the specific dangers of the commercial sex trade as compared to Defendants.

Defendants did not knowingly and directly participate in a venture with Plaintiff's traffickers, John Doe Johns, or the John/Jane Doe Accomplices that Defendants knew or should have known was a violation of the TVPRA. Defendants did not knowingly benefit from Plaintiff's alleged trafficking, and Defendants did not know, nor should they have known, that Plaintiff was being trafficked.

Any act or omission allegedly committed by an agent or employee of Defendants, which is alleged to constitute a violation of the TVPRA was not committed within the course and scope of employment and was not committed on behalf of any Defendant. Further, vicarious liability is not available under the TVPRA, and even if it were, Defendants were not in an agency relationship with any other entity such that they would be liable for the conduct of one another. Finally, Plaintiff's claims are barred or limited by the doctrines of acquiescence, waiver, estoppel, or laches.

**LAW TO BE RELIED UPON BY DEFENDANTS**:

Defendants may rely on the statutes and representative case law listed below, and similar cases, and expressly incorporate by reference as if fully rewritten herein, all statutes and representative case law cited in any parties' summary judgment briefing.

- 18 U.S.C. § 1591, *et. seq.*

- 42 U.S.C. § 2000a(a)

- O.C.G.A. § 13-4-10

- O.C.G.A. § 13-5-7

- O.C.G.A. § 16-5-46

- O.C.G.A. § 16-6-10

- O.C.G.A. § 16-6-9

- O.C.G.A. § 23-1-25

- O.C.G.A. § 24-14-29

- O.C.G.A. § 51-12-5.1

- O.C.G.A. § 51-12-33

- O.C.G.A. § 9-3-33

- O.C.G.A. §51-12-11

- *A.B. v. Hilton Worldwide Holdings Inc.*, 484 F. Supp. 3d 921 (D. Or. 2020)

- *A.B. v. Marriott Int'l, Inc.*, 455 F. Supp. 3d 171, 182 (E.D. Pa. 2020)

- *A.B. v. Wyndham Hotels & Resorts, Inc.*, 532 F. Supp. 3d at 1018 (D. Or. 2021)

- *A.D. v. Holistic Health Healing Inc.*, No. 2:22-CV-641-JES-NPM, 2023 WL 2242507 (M.D. Fla. Feb. 27, 2023)

- *Ahn v. State*, 631 S.E.2d 711 (Ga.App. 2006)

- *Anderson v. Turton Dev.*, 225 Ga. App 270, 271, 274 (1997)

- *B.M. v. Wyndham Hotels & Resorts, Inc.,* No. 20-cv-00656-BLF, 2020 WL 4368214 (N.D. Cal. July 30, 2020)

- *Baillie Lumber Co. v. Thompson*, 279 Ga. 288 (2005)

- *Birdwell v. State*, 146 S.E.2d 374 (Ga.App. 1965)

- *Blakely v. Johnson*, 220 Ga. 572, 140 S.E.2d 857 (1965)

- *C.C. v. H.K. Grp. of Co., Inc.*, No. 1:21-CV-1345-TCB, 2022 WL 467813 (N.D. Ga. Feb. 9, 2022)

- *Carlson v. BRGA Assocs., LLC*, 82 F. Supp. 3d 1333 (S.D. Ga. 2015)

- *Cox v. Mayan Lagoon Estates Ltd.*, 734 S.E.2d 883 (Ga. Ct. App. 2012)

- *DaimlerChrysler Motors Co. v. Clemente*, 294 Ga. App. 38 (2008).

- *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714 (11th Cir. 2021)

- *Doe v. GTE Corp.*, 347 F.3d 655 (7th Cir. 2003)

- *Doe (S.M.A.) v. Salesforce, Inc.*, No. 3:23-CV-0915-B, 2024 WL 1337370 (N.D. Tex. Mar. 28, 2024)

- *Does 1-6 v. Reddit, Inc.*, 51 F.4th 1137 (9th Cir. 2022)

- *Duvall v. Cronic*, 820 S.E.2d 780 (Ga. Ct. App. 2018)

- *G.G. v. Salesforce.com, Inc.*, 76 F.4th 544 (7th Cir. 2023)

- *G.W. v. Northbrook Indus., Inc.*, No. 1:20-CV-05232-JPB, 2022 WL 1644923 (N.D. Ga. May 24, 2022)

- *Garner v. Driver*, 155 Ga. App. 322, 270 S.E.2d 863 (1980)

- *Geiss v. Weinstein Co. Holdings, LLC, et al.*, 383 F.Supp.3d 156 (S.D.N.Y. 2019)

- *Gentry v. Volkswagen of America*, 238 Ga. App. 785 (1999).

- *Goldstein, Garber & Salama, LLC v. J.B.*, <u>300 Ga. 840</u> (2017)

- *G.W. v. Northbrook Indus., Inc.*, No. 1:20-CV-05232-JPB, <u>2024 WL 3166083</u> (N.D. Ga. June 14, 2024)

- *H.G. v. Inter-Cont'l Hotels Corp.*, <u>489 F. Supp. 3d 697</u> (E.D. Mich. 2020)

- *J.B. v. G6 Hosp., LLC*, No. 19-cv-07848-HSG, <u>2020 WL 4901196</u> (N.D. Cal. Aug. 20, 2020)

- *J.C. v. I Shri Khodiyar, LLC*, <u>624 F. Supp. 3d 1307</u> (N.D. Ga. 2022)

- *J.L. v. Best W. Int'l, Inc.*, <u>521 F. Supp. 3d 1048</u> (D. Colo. 2021)

- *K.H. v. Riti, Inc.*, No. 1:22-CV-3404-MHC, <u>2023 WL 3644224</u> (N.D. Ga. Apr. 17, <u>2023</u>).

- *K. H. v. Riti, Inc.*, No. 23-11682, <u>2024 WL 505063</u>, at *1 (11th Cir. Feb. 9, 2024).

- *Kids R Kids Intl, Inc. v. Cope*, <u>330 Ga. App. 891</u> (2015)

- *King v. Georgia Dep't of Corr.*, <u>347 Ga. App. 606</u>, <u>820 S.E.2d 445</u> (2018)

- *L.H. v. Marriot Int'l, Inc.*, <u>604 F. Supp. 3d 1346</u> (S.D. Fla. 2022)

- *Leo v. Waffle Howe, Inc.*, <u>298 Ga. App. 838</u> (2009)

- *New Star Realty, Inc. v. Jungang PRI USA, LLC*, <u>346 Ga. App. 548</u> (2018);

- *Nicholson v. Windham et al.*, <u>571 S.E.2d 466</u> (Ga. Ct. App. 2002)

- *Noble v. Weinstein*, <u>335 F. Supp. 3d 504</u> (S.D.N.Y. 2018)

- *Reaugh v. Inner Harbour Hosp.*, <u>447 S.E.2d 617</u> (Ga. Ct. App. 1994)

- *Rent to Own, Inc. v. Bragg*, <u>248 Ga. App. 130</u> (2001)

- *Rice v. Six Flags Over Georgia*, <u>257 Ga. App. 864</u>, <u>572 S.E.2d 322</u> (2002)

6548944.1

- *S.C. v. Wyndham Hotels & Resorts, Inc.*, No. 1:23-CV-00871, 2024 WL 1429114 (N.D. Ohio Apr. 2, 2024).

- *S.J. v. Choice Hotels Int'l, Inc.*, 473 F. Supp. 3d 147 (E.D.N.Y. 2020)

- *Schlotzsky's, Inc. v. Hyde*, 245 Ga. App. 888 (2000)

- *Summit Auto. Grp., LLC v. Clark*, 298 Ga. App. 875 (2009);

- *Sun Trust Banks, Inc. v. Killebrew*, 266 Ga. 109 (1995)

- *Wade v. McDade*, 67 F.4th 1363 (11th Cir. 2023)

- *Waters v. Steak & Ale of Ga.*, 241 Ga. App. 709 (2000)

- *Whelan v. Moone*, 242 Ga. App. 795, 531 S.E.2d 727 (2000)

- *Wilks v. Overall Const. Inc.*, S.E.2d 320 (Ga. Ct. App. 2009)

- *Wylie v. Denton*, 746 S.E.2d 689 (Ga. Ct. App. 2015)

# ATTACHMENT F-1 – PLAINTIFF'S WITNESS LIST

Provisionally Filed Under Seal

# ATTACHMENT F-2 – DEFENDANTS' WITNESS LIST

Provisionally Filed Under Seal