UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| H.B., | ) | CIVIL ACTION FILE |
| Plaintiff, | ) ) ) | NO. 1:22-cv-01181-JPB |
| v. | ) ) | |
| RED ROOF INNS, INC., *et al.*, | ) ) | |
| Defendants. | ) ) ) | |

**DEFENDANTS RED ROOF INNS, INC., FMW RRI I, LLC, AND RRI WEST MANAGEMENT, LLC'S MEMORANDUM IN SUPPORT OF MOTION TO EXCLUDE EVIDENCE OF ECONOMIC DAMAGES**

Defendants Red Roof Inns, Inc., FMW RRI I, LLC, and RRI West Management, LLC (RRI Defendants) submit this Memorandum in support of their Motion to Exclude Any Evidence of Economic Damages at trial.

**I.  INTRODUCTION & RELEVANT FACTS**

This Court should exclude all evidence, testimony, or argument, relating to or mentioning economic damages at trial. The reason is simple: Plaintiff requests only non-economic damages and there is no evidence—expert or otherwise—supporting any other award. Given this self-imposed limitation and lack of support, Plaintiff must be barred from introducing, discussing, or mentioning this irrelevant, prejudicial, and confusing evidence at trial.

And Plaintiffs' "Outline of the Case," which is Attachment "C" to the Pretrial Order makes this limitation clear. (Pretrial Order, Doc. 166, PageID. #19–20.) There,

1

Plaintiffs explain that they are not seeking compensatory damages for economic injuries. Instead, Plaintiff expressly limit herself to "***general non-economic damages*** under the TVPRA, including recovery for past, present, and future physical and mental harm and pain and suffering." (*Id.* (emphasis added).) Non-economic damages are a distinct category of compensatory damages. *See, e.g.*, *Bibbs v. Toyota Motor Corp.*, 815 S.E.2d 850, 856 (Ga. 2018) (characterizing economic damages as pecuniary losses and non-economic damages as "intangible element[s] incapable of exact proof"). Given this clear distinction and express limitation, evidence of economic injury is irrelevant, prejudicial, confusing, and procedurally improper. This evidence should be excluded.

## II.   LAW & ARGUMENT

Trial judges can rule on motions in limine under the inherent authority to manage trials. *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984). Judges have broad discretion when ruling on such motions. *See Cook ex rel. Est. of Tessier v. Sheriff of Monroe Cnty., Fla.*, 402 F.3d 1092, 1104–05 (11th Cir. 2005). A court should grant motions in limine if the evidence is inadmissible. *See Wilson v. Pepsi Bottling Grp., Inc.*, 609 F. Supp. 2d 1350, 1359 (N.D. Ga. 2009).

### A.   **Evidence, testimony, and argument relating to economic damages is irrelevant, prejudicial, and confusing.**

Relevance sets the threshold for admissible evidence. Fed. R. Evid. 402. Evidence is relevant if it has "any tendency to make a fact [of consequence] more or

less probable than it would be without the evidence." Fed. R. Evid. 401. Evidence is relevant only if it pertains to a live, open factual or legal question. In other words, "relevancy . . . exists only as a relation between an item of evidence and ***a matter properly provable in the case***." *Steger v. Gen. Elec. Co.*, 318 F.3d 1066, 1079 (11th Cir. 2003) (quoting Rule 401 advisory committee notes) (emphasis added).

Evidence of economic damage is irrelevant. The reason is simple: economic damages are not "a matter properly provable in this case." *Id.* This is undisputed. (Pretrial Order, Doc. 166, PageID. #19–20 (limiting recovery to non-economic damages).) And if recovery for a particular injury is unavailable, then evidence of that damage is irrelevant. *See, e.g.*, *Sabal Trail Transmission, LLC v. Real Est.*, No. 4:16-CV-097, 2018 WL 2305768, at *7 (M.D. Ga. May 21, 2018), ("[T]he cost of planting mature trees on a different part of the property is not relevant because it is not a recoverable element of damages in this action. This evidence is excluded."), *aff'd sub nom. Sabal Trail Transmission, LLC v. Lasseter*, 823 F. App'x 914 (11th Cir. 2020). Economic damages are exactly that: a disclaimed area of damages. Evidence, testimony, and argument relating to it is irrelevant as a matter of law. Moreover, Plaintiffs have not offered evidence, expert or otherwise, that would support an award of economic damages. *See infra* Section B.

And even if Plaintiffs were to submit evidence of economic damages—which they have not—this Court still must exclude it because its probative value is

outweighed by the danger of unfair prejudice and the likelihood of confusion. Fed. R. Evid. 403; *Steger*, 318 F.3d at 1079. Non-economic damages include emotional distress, and pain and suffering from their alleged trafficking. Economic damages, which are not at issue, involve concrete pecuniary losses. These would include items such as medical bills for treatment, lost wages, and other measurable damages. Allowing Plaintiffs to discuss these items when they have (1) disclaimed them and (2) have no evidence supporting them, will result in the jury conflating, confusing, and combining these categories as a component of compensable non-economic damages.

As a result, the jury could include economic injuries as part of the damage award, even when those injuries are not part of the Plaintiffs' claims. The prejudice of this outcome is readily apparent. *See, e.g.*, *Kearney v. Auto-Owners Ins. Co.*, No. 806-CV-595-T-24TGW, 2008 WL 3259221, at *3–4 (M.D. Fla. Aug. 7, 2008) (finding prejudice sufficient to warrant remittitur when jury "took improper elements of damages into account when determining the award"). This evidence should be excluded.

  **B.** **There is no basis in the record for expert testimony on economic damages.**

As if Rules 401–403 were not enough for exclusion (they are) this evidence is also inadmissible because there is no expert evidence on Plaintiff's medical expenses, lost earning potential, or any other economic damage. And experts cannot

later expand their opinions at trial to include testimony on economic damages. This is true both for procedural and substantive reasons.

Procedurally, Rule 26(a)(2)(B) requires Plaintiff's expert (Dr. Judge) to provide "a written report" that contains "a ***complete statement*** of all opinions the witness will express and the basis and reasons for them." (emphasis added). This procedural requirement is "not merely aspirational." *Reese v. Herbert*, 527 F.3d 1253, 1266 (11th Cir. 2008). Instead, the Rule serves the important, practical goal of allowing "both sides in a case to prepare their cases adequately and to prevent surprise …." *Id.* So important is this safeguard that, when a party fails to disclose information required by Rule 26(a), it is not permitted to use "as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." *Id.* (quoting Fed. R. Civ. P. 37(c)(1)). That rule binds Plaintiffs' expert, Dr. Judge Her report does not disclose an opinion on economic damages. Therefore, expert testimony at trial is similarly limited to the opinions, bases, reasons, data, and other information disclosed in the report.

### III.   CONCLUSION

For these reasons, this Court should grant the RRI Defendants' motion and exclude evidence of Plaintiff's economic damages.

Dated: October 21, 2024

Respectfully submitted,

*/s/ Marcella C. Ducca*
Marcella C. Ducca (Ga Bar No. 115079)
Brandon D. Cox (Ga Bar No. 832025)
GREENBERG TRAURIG LLP
Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, GA  30305
Telephone:  678.553.2100
duccam@gtlaw.com
coxb@gtlaw.com

Chelsea R. Mikula *(pro hac vice)*
Joseph A. Manno (*pro hac vice*)
Elisabeth C. Arko (*pro hac vice*)
Emily R. Grace (*pro hac vice*)
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH  44113-7213
Telephone:  216.592.5000
Facsimile:   216.592.5009
chelsea.mikula@tuckerellis.com
joseph.manno@tuckerellis.com
elisabeth.arko@tuckerellis.com
emily.grace@tuckerellis.com

Sandra J. Wunderlich *(pro hac vice)*
TUCKER ELLIS LLP
100 South Fourth Street, Suite 600
St. Louis, MO 63102
Telephone:  314.256.2550
sandra.wunderlich@tuckerellis.com

*Attorneys for Defendants Red Roof Inns, Inc., FMW RRI I, LLC, and RRI West Management, LLC*

## **LOCAL RULE 7.1(D) CERTIFICATION**

Counsel certifies that this brief has been prepared with Times New Roman size 14 pt font, which is one of the font and point selections approved by the Court in Local Rule 5.1. This brief does not contain more than 10 characters per inch of type.

Dated: October 21, 2024          Respectfully submitted,

<div style="margin-left: 3em;">

*/s/ Marcella C. Ducca*
Marcella C. Ducca (Ga. Bar No. 115079)

*One of the attorneys for Defendants Red Roof Inns, Inc., FMW RRI I, LLC, and RRI West Management, LLC*

</div>

**CERTIFICATE OF SERVICE**

I hereby certify that on October 21, 2024, a copy of the foregoing was filed electronically. Service of this filing will be made under Fed. R. Civ. P. 5(b)(2)(E) through this Court's electronic filing system. Parties may access the filing through the Court's system.

    Respectfully submitted,

    /s/ *Marcella C. Ducca*
    Marcella C. Ducca (Ga. Bar No. 115079)

    *One of the attorneys for Defendants Red Roof Inns, Inc., FMW RRI I, LLC, and RRI West Management, LLC*