UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| H.B.,<br><br>    Plaintiff,<br><br>v.<br><br>RED ROOF INNS, INC. et al.,<br><br>    Defendants. | CIVIL ACTION FILE<br><br>NO. 1:22-cv-1181-JPB |

**PLAINTIFF'S CONSOLIDATED MOTIONS IN LIMINE**

**INTRODUCTION**

Evidence must be relevant to be admissible. Fed. R. Evid. 402, 401. Irrelevant evidence should be excluded. Fed. R. Evid. 402. Although relevant evidence is generally admissible, there are occasions when it should be excluded. *Id.* Relevant evidence should be excluded if its prejudicial or confusing nature outweighs its probative value, or if the evidence would confuse the issues, mislead the jury, or serve as a waste of time or needlessly present cumulative evidence. Fed. R. Evid. 403; *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1347-49 (5th Cir. 1978).

Plaintiff anticipates Red Roof[1] will try to proffer statements, ask questions, introduce evidence, use demonstratives, offer argument, or make suggestions or insinuations about subjects that are improper, are irrelevant to the issues the jury must

---

[1] Red Roof Inns, Inc.; RRI West Management, LLC; and FMW RRI I, LLC.

decide, or are highly prejudicial and of no (or little) probative value. Sustaining objections or offering jury instructions after the fact will not cure the prejudice but will merely reinforce the prejudicial value of irrelevant and inadmissible evidence. *See McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990) (recognizing that "curative instructions do not always eradicate the prejudice resulting from an improper argument"); *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1309 (5th Cir. 1977) (reiterating the district court's observation that "[y]ou can throw a skunk into the jury box and instruct jurors not to smell it, but it doesn't do any good").

Plaintiff thus asks the Court to prohibit argument, evidence, or insinuations, interrogation of witnesses, comments to jurors or prospective jurors, or offers of evidence about the following matters.

### I. Portions of Defendants' experts' opinions should be excluded as irrelevant, misleading, and prejudicial.

Certain opinions offered by Defendants' experts have no bearing on the central issues of this case. To be admissible, expert opinions must, *inter alia*, help the trier of fact to understand the evidence or determine a fact in issue. *See* Fed. R. Evid. 702. Expert opinion that does not relate to any issue in the case is not relevant and, ergo, not helpful. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 591 (1993). For evidence to be relevant, it must have any tendency to make a fact more or less probable, and that fact must be of consequence in determining the case. Fed. R. Evid. 401. Further, even relevant evidence should be excluded if its probative value is

substantially outweighed by a risk of misleading the jury or causing unfair prejudice. *See* Fed. R. Evid. 403.

> **A. Bristol's opinions regarding an absent expert's views, law enforcement training, enforcement-support law enforcement receives, who is responsible for human trafficking prevention, and cases in which law enforcement officers in Gwinnett County commit sexual offenses should be excluded as irrelevant and prejudicial.**

*First*, Bristol should not be permitted to testify about or otherwise rebut the opinions of Plaintiff's expert, Fred Del Marva, who will not testify at trial. *See* Ex.1, Bristol Report 3 (reserving the right to rebut Del Marva's testimony). Opinions about an absent expert's views are irrelevant and are not helpful to the jury because they do not address any factual issues the jury must decide. Furthermore, such opinions pose a substantial risk of unfair prejudice by creating a misleading impression of Del Marva's credibility and qualifications, thereby unduly influencing the jury. This risk of prejudice substantially outweighs any probative value these opinions might offer.

*Second*, Bristol's opinions concerning law enforcement training and enforcement-support law enforcement received are irrelevant to determining Defendants' liability in this case. *See* Ex. 1, Bristol Report 17–22. The key inquiry is whether the hotel knew or should have known of the trafficking, and testimony regarding law enforcement training or enforcement efforts does not speak to this question. In fact, these opinions fail to provide any probative value as to whether the hotel recognized, or should have recognized, the signs of trafficking specific to Plaintiff's experience

3

at the property. Even if considered marginally relevant (it's not), this testimony should be excluded under Rule 403 because it could mislead the jury into focusing on law enforcement efforts rather than the hotel's obligations, thus confusing the jury and causing undue prejudice.

*Third*, Bristol's opinions about whose responsibility it is to stop human trafficking are irrelevant. *See, e.g.,* Ex. 1, Bristol Report 23 ("It is not the responsibility of businesses and citizens to foresee activities of criminal enterprises that covertly commit crimes."). None of the issues at hand relate to who bears responsibility for combating human trafficking generally. Furthermore, these opinions are overly generalized and not tied to the specific facts of this case, rendering them irrelevant and unhelpful to the jury.

Not only are these opinions irrelevant, but they also contradict the applicable law under the Trafficking Victims Protection Reauthorization Act ("TVPRA"). The TVPRA establishes that individuals or entities that financially benefit from sex trafficking may be held civilly liable. 18 U.S.C. § 1595(a). Thus, it is the hotelier's responsibility to take affirmative steps to avoid such liability. But even if these opinions had some relevance (they don't), they should be excluded under Rule 403 due to their potential to confuse the jury by shifting focus from the hotel's obligations to broader societal responsibilities.

*Lastly*, references to cases involving law enforcement officers in Gwinnett County committing sexual offenses should be excluded. Ex. 1, Bristol Report 23–25. The actions of law enforcement officers not connected to this case have no bearing on Defendants' knowledge or involvement in Plaintiff's trafficking. Allowing these opinions would introduce the risk of confusing the jury and could result in mini-trials over unrelated criminal allegations, diverting attention from the matters at hand.

Bristol's opinions on these topics are irrelevant to the issues in this case and do not "logically advance" any "material aspect" of the matter. *Allison v. McGhan Medical Corp.,* 183 F.3d 1300, 1312 (1999). That is because these opinions are not "sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute." *Daubert*, 509 U.S. at 591. Therefore, they should be excluded.

**B.      Mehlman-Orozco is not allowed to offer legal assertions.**

This Court should also prohibit Mehlman-Orozco from offering irrelevant opinions on the wisdom of the TVPRA's civil cause of action. Without any explanation, she asserts that the TVPRA was "intentionally left vague in order to achieve legislative consensus, but this has resulted in the indiscriminate conflation of legal concepts and misidentification of victims." Ex. 2, Mehlman-Orozco Report 31. Even if that were true, it's irrelevant to whether Defendants are liable under the TVPRA.

This would not be the first time a court prohibits Mehlman-Orozco from offering irrelevant opinions like this. For example, in *United States v. Lacey*, Mehlman-Orozco was to testify about the "effect of imposing liability on Backpage for advertisements placed by third parties." No. 18-cr-422-1, 2020 WL 6290489, at *11 (D. Ariz. Oct. 27, 2020). The district court explained that "the propriety of holding someone accountable for violating a criminal statute is not the role of the jury," so her testimony on this point was irrelevant and inadmissible. *Id.*

Just as the *Lacey* court prohibited Mehlman-Orozco from testifying on the effects of imposing criminal liability under the statute, this Court should prohibit her from testifying on the propriety of the TVPRA's civil liability provisions. Mehlman-Orozco's opinions of the TVPRA or the effects of holding hotels accountable under the TVPRA are irrelevant and inappropriate.

**C.    Mehlman-Orozco's opinions about the misidentification of trafficking at airports are irrelevant.**

The Court should exclude Mehlman-Orozco's testimony about identifying trafficking in airports because it is irrelevant and potentially confusing to the jury. Mehlman-Orozco's discussion about "Human Trafficking 'Indicators' in Aviation" highlights just one "indicator[ ]": a "non-genuine relationship; particularly parent/guardian-child." Ex. 2, Mehlman-Orozco Report 25–27; 39–40. According to Mehlman-Orozco, some airline workers used this indicator to falsely identify trafficking, but she makes no effort to tie this to anything that's relevant to this case,

6

involving trafficking in hotels. Ex. 2, Mehlman-Orozco Report 25–27; 39–40. Unlike airplanes, hotels provide the location for the sex acts themselves. Hotel employees, unlike aviation employees, can see how many guests are coming in and out of rooms and at what frequency, how many towels and other linens are being used, how many condoms fill the trashcans, and more. These indicators are all absent in the aviation industry. Identification of trafficking at airports or in airplanes is simply irrelevant to the facts of this case, and worse, confusing.

Courts have previously excluded Mehlman-Orozco's opinions on identifying trafficking in airports as irrelevant. In *Jane Does 1-4*, Judge Ray stated, "it doesn't matter…what may happen at airports…It's just not relevant…." No. 1:21-cv-4278-WMR (Oct. 23, 2023) (Ex. 3, transcript at 55:3-11).

Because of the vast differences between indicators of trafficking in aviation and indicators of trafficking at hotels, the Court should exclude this testimony which is irrelevant and confusing.

    **D.**    **Mehlman-Orozco should not be permitted to make improper attacks on Plaintiff's counsel.**

Mehlman-Orozco should not be permitted to offer highly prejudicial and blatantly irrelevant opinions about advocates for sex trafficking survivors, including the lawyers in this case. In Section XI of her report, she discusses a theory she refers to

as "Secondary Exploitation,"[2] but this theory is not one of the opinions she expects to offer at trial. Ex. 2, Mehlman-Orozco Report 54–39. To the contrary, her report includes a summary of her opinions and a conclusion of her findings, neither of which includes *any* reference to "Secondary Exploitation." Ex. 2, Mehlman-Orozco Report 15–16. Nonetheless, she uses this theory to launch into irrelevant and prejudicial attacks on Plaintiff's counsel, accusing them of secondarily exploiting the Plaintiff and calling Plaintiff's counsel "[a]mbulance-chasing shysters." Ex. 2, Mehlman-Orozco Report 58. This broadside is obviously irrelevant to any fact of consequence in this case.

Again, courts have previously excluded Mehlman-Orozco's opinions on secondary exploitation as irrelevant. As previously mentioned, in *Jane Does 1-4 v. Red Roof Inns, Inc.*, Judge Ray stated, "it doesn't matter what Plaintiff's lawyers' motives are . . . .It's just not relevant . . . . I don't know why it was included in the report to start with. Certainly no one could have really ever thought it was going to [be] admissible in this case." No. 1:21-cv-4278 (Oct. 23, 2023) (Ex. 3, transcript at 55:3-11).

---

[2] The theory of "secondary exploitation" is also not one she supports on any scientific basis, instead relying only on a book she authored and article, whose author simply introduces the concept. Ex. 2, Mehlman-Orozco Report 54 n.208.

For these reasons, the Court should exclude any testimony regarding "Secondary Exploitation," as it serves as an improper attack on Plaintiff's counsel.

## II.  Portions of Mehlman-Orozco's opinions are inadmissible on grounds other than relevance.

### A.  Mehlman-Orozco's assessments of witness credibility are inadmissible as they invade the province of the jury.

This Court should prohibit Mehlman-Orozco from making any assessments of witness credibility, as such opinions invade the province of the jury. In her report, Mehlman-Orozco points to multiple instances of alleged contradictions in H.B.'s statements. *See, e.g.*, Ex. 2, Mehlman-Orozco Report 44–45 ("Ultimately, the allegation that Skii Morris was a "sex trafficker" does not appear to be based on any reliable information" and "[W]hile [Plaintiff's] interrogatories suggests this was only one alleged employee [who was paid to act as a lookout], during her deposition H.B. claims that an unknown number of 'towel ladies' were being paid as 'lookouts' as well. However, this also does not appear to be based on any reliable information or evidence."). In fact, Mehlman-Orozco analyzes the credibility of multiple individuals, including H.B., H.B.'s parents, Officer Jon Doherty, and Officer Erin Richardson. Ex. 2, Mehlman-Orozco Report 41–50.

But it is well established that the "Federal Rules of Evidence preclude a witness from testifying as to the credibility of another witness." *United States v. Henderson*, 409 F.3d 1293, 1299 (11th Cir. 2005); see *also United States v. Beasley*, 72

9

F.3d 1518, 1528 (11th Cir. 1996) ("Expert . . . testimony concerning the truthfulness or credibility of a witness is generally inadmissible because it invades the jury's province to make credibility determinations."); *United States v. Monroe*, 1:13-cr-76, 2015 WL 7176417, at *7 (N.D. Ga. Nov. 12, 2015) (Story, J.) (collecting authority). The reason is clear: lay jurors are fully capable of assessing witness credibility without expert assistance. *See United States v. Arthur*, 10-cr-20753, 2011 WL 3844090, at *4 (S.D. Fla. Aug. 29, 2011) (excluding defendant's "credibility consultant"); *see also Jetport, Inc. v. Landmark Aviation Miami, LLC*, No. 1:16-cv-233303, 2017 WL 7734095, at *12 (S.D. Fla. July 19, 2017) (finding that expert's opinion "based on his own credibility determinations of conflicting deposition testimony from other witnesses" was "inadmissible as improper expert testimony pertaining to the credibility of other witnesses"). Instead, the appropriate method for challenging a witness's credibility is through cross-examination

For these reasons, the Court should prohibit Mehlman-Orozco from offering opinions on witness credibility.

**B.     Mehlman-Orozco cannot serve as a conduit for the defense's arguments.**

Mehlman-Orozco's opinions regarding whether "red flags" rise to the level of establishing a defendant "knew or should have known" that a Plaintiff was being sex trafficked are inadmissible. *See* Ex. 2, Mehlman-Orozco Report 28–30. The constraints of Fed. R. Evid. 702 are clear--expert testimony must assist the trier of fact

10

and address matters beyond the understanding of an average person. *See United States v. Rouco*, 765 F.2d 983, 995 (11th Cir. 1985). Expert testimony that merely reiterates arguments that could be made by attorneys does not meet this standard and should be excluded. *United States v. Frazier*, 387 F.3d 1244, 1262–63 (11th Cir. 2004) (citing 4 *Weinstein's Federal Evidence* § 702.03[2] [a]). Such opinions do not provide the jury with information that is beyond their understanding. Instead, they simply reiterate legal principles that can be adequately addressed by the attorneys through argument and presentation of evidence.

Because these opinions are not helpful to the jury, the Court should exclude Mehlman-Orozco from offering them at trial.

**III. The Court should exclude evidence of Plaintiff's post-trafficking traffic convictions and police reports filed by Plaintiff as irrelevant and improper character evidence.**

**A. Evidence of Plaintiff's convictions for Driving While License Suspended and Improper U-Turn are both irrelevant and prejudicial.**

The Court should prohibit Defendants from introducing evidence regarding Plaintiff's post-trafficking traffic convictions for driving without a license and improper U-turn as irrelevant and prejudicial. Ex. 4, DX0034. Evidence is relevant if it makes a fact of consequence more or less probable. Fed. R. Evid. 401. While relevant evidence is generally admissible, it should be excluded if its probative value is substantially outweighed by the risk of unfair prejudice, confusion, or misleading

11

the jury. Fed. R. Evid. 402, 403. Evidence of a crime, wrong, or other act is inadmissible to prove a person's character and show that they acted in accordance with that character on a specific occasion. Fed. R. Evid. 404(b)(1).

Plaintiff's post-trafficking traffic convictions have no bearing on the issues at hand and do not illuminate any facts of consequence related to Plaintiff's claims. Introducing such evidence would only serve to distract the jury from the material facts and unfairly prejudice the Plaintiff by suggesting a negative character trait not relevant to the allegations in this case. Moreover, the potential for confusion and misinterpretation of these convictions significantly outweighs any negligible probative value they might have.

For these reasons, the Court should prohibit Defendants from introducing such evidence at trial.

**B.     The admission of police reports to prove Plaintiff's character is inadmissible under the Federal Rules of Evidence.**

In this case, Defendants seek to introduce several police reports filed by the Plaintiff, which allege incidents of aggravated battery and armed robbery in 2016. Ex. 5, DX0035; Ex. 6, DX0036. They appear to intend these reports to demonstrate Plaintiff's tendency to cry wolf or play victim. However, Federal Rule of Evidence 404(a)(1) prohibits using a person's character or character traits to prove they acted in accordance with those traits on a specific occasion. Similarly, Rule 404(b)(1) disallows using evidence of other crimes or acts to show that on a particular occasion a

person acted in accordance with the character. Even in the criminal context where defendants are afforded wider latitude under Rule 404(b), police reports used for this purpose have been excluded. *See United States v. Smith*, 697 Fed. App'x 944, 950 (11th Cir. 2017). That is because, on its face, there is no evidence of the report's falsity. *Id.* And though Defendants are permitted to attack a witness's credibility, Fed. R. Evid. 607, "being an actual victim of a crime is not a character trait that would affect [a witness's] credibility." *Id.*

The admission of police reports for this purpose is not permissible under the Federal Rules of Evidence. And being a genuine victim of a crime does not undermine a witness's credibility. Consequently, these police reports should be excluded.

Respectfully submitted on October 21, 2024.

                                          ANDERSEN, TATE & CARR, P.C.

                                          */s/ Jonathan S. Tonge*
                                          Patrick J. McDonough
                                          Georgia Bar No. 489855
                                          pmcdonough@atclawfirm.com
                                          Jonathan S. Tonge
                                          Georgia Bar No. 303999
                                          jtonge@atclawfirm.com
                                          Rory A. Weeks
                                          Georgia Bar No. 113491
                                          rweeks@atclawfirm.com
                                          Jennifer M. Webster
                                          Georgia Bar No. 760381
                                          jwebster@atclawfirm.com
                                          *Attorneys for Plaintiff*

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rules 5.1(C) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font type and size requirements and is formatted in Times New Roman, 14-point font.

Respectfully submitted on October 21, 2024.

                                            ANDERSEN, TATE & CARR, P.C.

                                            */s/ Jonathan S. Tonge*
                                            Patrick J. McDonough
                                            Georgia Bar No. 489855
                                            pmcdonough@atclawfirm.com
                                            Jonathan S. Tonge
                                            Georgia Bar No. 303999
                                            jtonge@atclawfirm.com
                                            Rory A. Weeks
                                            Georgia Bar No. 113491
                                            rweeks@atclawfirm.com
                                            Jennifer M. Webster
                                            Georgia Bar No. 760381
                                            jwebster@atclawfirm.com
                                            *Attorneys for Plaintiff*

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the attorneys of record.

Respectfully submitted on October 21, 2024.

ANDERSEN, TATE & CARR, P.C.

*/s/ Jonathan S. Tonge*
Patrick J. McDonough
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
Jonathan S. Tonge
Georgia Bar No. 303999
jtonge@atclawfirm.com
Rory A. Weeks
Georgia Bar No. 113491
rweeks@atclawfirm.com
Jennifer M. Webster
Georgia Bar No. 760381
jwebster@atclawfirm.com
*Attorneys for Plaintiff*

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile