1   STATUTE OR THE NEGLIGENCE CLAIM.

2           MS. MYKKELTVEDT:  AGREED, YOUR HONOR.

3           THE COURT:  IT DOESN'T MATTER WHAT PLAINTIFFS'
4   LAWYERS' MOTIVES ARE OR WHAT MAY HAPPEN AT AIRPORTS.  WE'RE
5   NOT TALKING ABOUT AIRPORTS OR ANY OF THAT KIND OF STUFF, SO
6   IT'S JUST NOT RELEVANT.  AND SO I'M GRANTING THE MOTION ON
7   RELEVANCY GROUNDS AND ON THE BASIS -- WE'LL SAY THAT -- AND ON
8   THE BASIS THAT THE DEFENDANTS HAVE SAID THEY'RE NOT GOING TO
9   PROFFER HER TESTIMONY.  I DON'T KNOW WHY IT WAS INCLUDED IN
10  THE REPORT TO START WITH.  CERTAINLY NO ONE COULD HAVE REALLY
11  EVER THOUGHT IT WAS GOING TO BE ADMISSIBLE IN THIS CASE.  IT
12  SEEMS LIKE A GRATUITOUS -- AN EXPERT DOING WHAT EXPERTS DO,
13  YOU KNOW, WHICH IS ARGUING ABOUT UNNECESSARY THINGS.  SO LET'S
14  JUST MOVE ON.

15          WE'RE NOW ON THE MOTION FILED AT THE DOCKET AT 329
16  PLAINTIFFS' MOTION TO EXCLUDE EVIDENCE THAT THE DEFENDANT MAY
17  HAVE NOT DISCLOSED IN DISCOVERY ON THE BASIS OF PRIVILEGE --
18  ATTORNEY-CLIENT PRIVILEGE OR THE WORK PRODUCT DOCTRINE.

19          THE DEFENDANTS' BASIC ARGUMENT IN OPPOSITION IS THAT
20  THIS IS A PREMATURE MOTION AND DOES NOT WANT THERE TO BE SOME
21  TYPE OF BLANKET EXCLUSION.

22          SO I GUESS MY QUESTION TO THE DEFENDANT IS:  HOW
23  WOULD YOU GET TO USE EVIDENCE THAT YOU DIDN'T PREVIOUSLY
24  DISCLOSE?  I THINK THE EXAMPLE USED IN THE MOTION WAS
25  STATEMENTS ABOUT WHAT -- QUESTIONS ABOUT WHAT THE DEFENDANTS