UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

H.B.,

Plaintiff,

v.

RED ROOF INNS, INC. et al.,

Defendants.

CIVIL ACTION FILE

NO. 1:22-cv-1181-JPB

**PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF OTHER SEXUAL BEHAVIOR UNDER FED. R. EVID. 412**

Plaintiff was trafficked for sex as a 16-year-old minor at Defendants' Red Roof Inn. There are no images related to Plaintiffs' sex trafficking in evidence in this case. Prior to her trafficking, there exists a nude photograph of Plaintiff, when she was 16 years old. In a social media account's data, there are suggestive photographs of Plaintiff from both before and after her trafficking, from when she was a child and when she was an adult. These images, though, have nothing to do with this case. Even so, for reasons that are not clear, Defendant seeks to introduce these images at trial in this case.

However, Federal Rule of Civil Procedure 412 presumptively excludes evidence like that in cases like this. That's exactly why the Rule was enacted, because evidence introduced for the improper purpose of embarrassment (at best) or the inference that the victim is deserving of the crime (at worst), is not only prejudicial to

the victims of sexual crimes like trafficking, but harmful to the justice system as a whole because such a practice prevents victims from participating in the criminal and civil justice system in this country.

Thus, Plaintiff moves to exclude evidence that has no probative value at all, and certainly none that outweighs the unfair prejudice to Plaintiff, let alone substantially so.

## I. The Court should exclude evidence of photographs Defendants intend to use to insert irrelevant sexual innuendo into the case.

Rule 412(a) presumptively prohibits "evidence offered to prove that a victim engaged in other sexual behavior." It "is not admissible in a civil . . . proceeding involving alleged sexual misconduct" unless "its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party." Fed. R. Evid. 412(b)(2). This is a reversal of "the usual presumption of admissibility set forth in" Rule 403. *Wolak v. Spucci,* 217 F.3d 157, 160 (2d Cir. 2000). "The rule aims to safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details and the infusion of sexual innuendo into the factfinding process." Fed. R. Evid. 412 advisory committee note to 1994 amendment. "By affording victims protection in most instances, the rule also encourages victims of sexual misconduct to institute and to participate in legal proceedings against alleged offenders." *Id.*

### A. The evidence Defendants seek to introduce is irrelevant and inflammatory.

Defendants seek to introduce various inflammatory sexual innuendo from Plaintiff's social media accounts through its medical expert, Dr. Norman, particularly from a Tagged account.[1] It is frankly unclear what Dr. Norman's purpose for introducing the Tagged photos is. His report contains a numbered paragraph 43 that simply catalogues photographs from the account that "showed nudity, lingerie, and partial undress both before and after the alleged sex trafficking." Ex. 1, Norman Report at 20. The rest of Dr. Norman's report draws no conclusions or makes any other reference regarding the evidence and the hearsay reports that H.B. was nude on the site. He simply states that these photographs exist and describes them in graphic detail. They apparently have nothing further to do with his opinions as described in his report.

The fact that a teenager took revealing or naked photos of herself both before and after being trafficked at the age of 16 proves nothing about this case. It does not prove that she was not harmed by the sex trafficking. It does not prove that she was

---

[1] Defendants included every single page that Tagged produced (733 pages) as one "exhibit" on their exhibit list, so Plaintiff has no way of knowing which images Defendants intend to try to use at trial. As Plaintiff previously informed Defendants, naked pictures of the 16-year-old from that account likely constitute child pornography. For that reason, Plaintiff does not possess all Tagged images, but if Defendants still possess all Tagged images, they must.

somehow inclined to be trafficked for sex as a minor. And indeed it cannot, as a minor cannot consent to being sold for sex. 18 U.S.C. § 1591. Because the purpose of introducing sexually suggestive photos of H.B. as a minor could only be to inflame the jury, Rules 412 and 404(b) dictate they be excluded.

Dr. Norman similarly refers to Instagram photos that he asserts "have numerous sexual references, including her dancing with her back to the camera in a nude or near-nude state." *Id.* at 21. Again, Defendants included all 78 Instagram images in one entry on their exhibit list. And again, Dr. Norman merely lists that what he considers sexually suggestive photos exist, but at no point ties the existence of such photos to anything else in his report. That is likely because these photos, from long after H.B.'s trafficking at 16 years old, have nothing to do with this case. Admitting them would only introduce prejudice by allowing the jury to infer that H.B. is overly sexual or somehow deserving of her minor sex trafficking.[2] Thus, these photos too should be excluded under Rule 412.

None of this evidence is probative of whether H.B. was trafficked and sold for sex when she was 16 years old or that she was not harmed by her rape and trafficking at the Red Roof Inn. And none of it suggests she was harmed by something else later.

[2] "Defense attorneys in sexualized violence cases regularly use evidence to frame a victim as deserving of her victimization, using "slut shaming" or accusing the victim of 'gold digging.'" Blanche Bong Cook, *Jeffrey Epstein: Pedophiles, Prosecutors, and Power*, 26 J. Gender Race & Just. 311, 354 (2023).

They are simply irrelevant, but inflammatory, images that Dr. Norman appears to have no opinion about whatsoever. Dr. Norman's main opinion is that he believes H.B. is faking her injuries from being raped and trafficked as a minor at the Red Roof Inn. Ex. 1 at 17–28. To the extent that these images are referenced in his report in support of that conclusion, it can only be that he is making the improper character reference that because H.B. took suggestive or nude photos of herself, she was not harmed by being raped and sex trafficked. The only logical way that could be true, is if sexualized images of a person are equated to a person "liking" or being ok with sexual harm somehow. That is simply improper character evidence under Rule 404, as well as being barred under Rule 412.

**B. Similar evidence is routinely excluded under Rule 412.**

Defendants deny that the minor H.B. was trafficked for sex, testifying that they do not have enough information to reach that conclusion. But though Defendants are free to question H.B. and the work of the ten police officers who rescued H.B. from the hotel, they should not be permitted to rely on unrelated photographs of a minor or adult, either undressed or in a state of undress, to support the inference that because sexualized pictures of H.B. exist from times other than her trafficking, that those pictures are probative of whether she was trafficked.

Defendants may argue (and presumably will, given the evidence's location in their medical expert's report), that the photographs are probative of something else,

like whether her rape and minor sex trafficking injured her at all. Dr. Norman's opinion, after all, is that H.B. is faking her injuries. But in the *United States v. Sarras*, the Eleventh Circuit rejected this type of argument.[3] There, the government prosecuted a defendant for sex crimes against a minor. The defendant wanted to cross-examine the victim about "a post-abuse sexual relationship with her boyfriend," arguing that the victim's testimony that "she was traumatized by the sexual abuse opened the door to questions about her sexual history."[4] The district court rejected that reasoning and so did the Eleventh Circuit, holding that "victims of sexual abuse can be traumatized whether or not they have had other sexual relations."[5]

Even much more related evidence is excluded under Rule 412 in sex trafficking cases. For example, H.B. has never engaged in commercial sex other than when she was trafficked. But if she had, even that type of evidence is routinely held to be excluded under Rule 412. As the Sixth Circuit recognized in *United States v. Bixler,* "the great weight of authority" from the Circuit courts has held "that prior acts of prostitution are irrelevant to sex trafficking charges" under the TVPRA.[6] In *Bixler*, a criminal defendant sought to introduce the victims' prior acts of voluntary

---

[3] No. 1-15-cr-212-WSD, 2017 WL 6471654, at *4 (N.D. Ga. Dec. 19, 2017).

[4] *Id.* at 1212.

[5] *Id.* at 1213.

[6] No. 21-5194, 2022 WL 247740, at *4 (6th Cir. Jan. 27, 2022) (collecting cases from the 7th, 1st, 5th, 8th, 2nd, and 9th Circuits).

prostitution for a similar reason as Dr. Norman, to "demonstrate the women's propensity to engage in prostitution," which the defendant argued "would negate their testimony that [the defendant] forced them into a life of prostitution."[7] The Sixth Circuit rejected that argument, holding that it was "exactly the type of evidence proscribed by" Rules 412 and 404(b).[8]

The Eleventh Circuit reached a similar conclusion in *United States v. Chin*, where it affirmed in a sex trafficking prosecution the exclusion of other acts of prostitution, which the trial court had held "simply indicate[] ... a propensity or a willingness to engage in prostitution."[9] Likewise, Judge Duffy held in *United States v. McCray* that "evidence of other alleged acts of prostitution that were not the result of force or the threat of force is not probative of any issue" in a sex trafficking case.[10]

The evidence excluded in those cases was much more extensive than a teenager's pictures of herself. The evidence here is simply photographs that would be

---

[7] *Id.*

[8] *Id.*

[9] 606 F. App'x 538, 540 (11th Cir. 2015); *see also United States v. Carson*, 870 F.3d 584, 593 (7th Cir. 2017 ("The evidence that Carson wished to introduce at trial is classic propensity evidence—that is evidence that the women had been prostitutes before made it more likely that they had voluntarily consented to these acts with Carson.").

[10] No. 1:15-cr-212-WSD, 2017 WL 6471645, at *4 (N.D. Ga. Dec. 19, 2017).

used to improperly influence the jury as either improper character evidence or completely irrelevant material.

Even if there were some probative value to this evidence, the Court still should exclude it because its probative value does not "*substantially outweigh[]* the danger of unfair prejudice."[11] In *Davis v. DeKalb County School District*, the plaintiff brought a sexual harassment claim arising out of the acts of one of her teachers. In ruling on the defendant's summary judgment motion, the district court highlighted facts relating to the plaintiff's sexual history, including that the plaintiff was molested as a child, had sexual intercourse at a young age, and had contracted herpes.[12] The Eleventh Circuit emphasized that it was an error to consider this evidence because it was inadmissible; the prejudice to the Plaintiff was much greater "than any probative value this evidence could possibly have had."[13]

Plaintiff also moves to exclude evidence of other sexual behavior outside of her trafficking under Rule 412 and 403, because the risk of unfair prejudice and waste of time far exceeds any probative value of this evidence. Amendments to Rule 412 in 1994 *broadened* its reach, presumptively excluding from evidence not only

---

[11] *Davis v. DeKalb Cnty. Sch. Dist*., 233 F.3d 1367, 1375 n.13 (11th Cir. 2000) (emphasis in original).

[12] *Davis v. DeKalb Cnty. Sch. Dist*., 996 F. Supp 1478, 1481 (N.D. Ga. 1998), *aff'd*, 233 F.3d 1367 (11th F.3d 1367, 1375 n.13 (11th Cir. 2000).

[13] *Davis*, 233 F.3d at 1375 n.13.

acts "involv[ing] actual physical conduct, i.e., sexual intercourse or sexual contact," but also "all other evidence relating to an alleged victim of sexual misconduct that is offered to prove a sexual predisposition."[14] As the advisory committee explained:

> This amendment is designed to exclude evidence that does not directly refer to sexual activities or thoughts but that the proponent believes may have a sexual connotation for the factfinder. Admission of such evidence would contravene Rule 412's objectives of shielding the alleged victim from potential embarrassment and safeguarding the victim against stereotypical thinking.[15]

Thus, "unless the (b)(2) exception is satisfied, evidence such as that relating to the alleged victim's mode of dress, speech, or life-style will not be admissible."[16] As explained above, none of this evidence is admissible to support any inference of voluntariness during the alleged trafficking period. Nor does this evidence have any probative value that could outweigh, much less substantially outweigh, its prejudicial effects.

To be sure, in *Judd v. Rodman*, the Eleventh Circuit held that evidence of sexual conduct could be admissible despite its prejudicial effect. But in *Judd*, unlike here, the probative value was much higher. There, the district court had admitted

---

[14] Fed. R. Evid. 412 (advisory committee notes on 1994 Amendments).

[15] *Id.*

[16] *Id.*

evidence of a sexual assault victims' work as an exotic dancer.[17] In affirming, the Eleventh Circuit emphasized that it relied on "the specific facts of this case."[18] Specifically, the victim had alleged that the defendant gave her herpes, damaging her body image. The defendant offered evidence of the victim's work as a nude dancer to directly rebut this notion, because, as the defendant contended, performing nude "suggest[s] an absence of change in her body image following the herpes infection."[19] The Eleventh Circuit held that the district court did not err in admitting this evidence in part because of the "considerable evidence of sexual history and predisposition which were appropriately admitted."[20]

Here, for H.B., there is no comparable admissible evidence of sexual history and predisposition and, more importantly, no similar probative value in the prejudicial evidence. To the contrary, as noted above, the Eleventh Circuit has held, a district court does not err in excluding evidence of sexual conduct even where the defendant argues that it goes to whether the victim was traumatized by sexual abuse,

---

[17] 105 F.3d 1339, 1343 (11th Cir. 1997).

[18] *Id.*

[19] *Id.*

[20] *Id.* That other evidence included extensive evidence about the Plaintiffs' prior sexual relationships, which were relevant to "[a] central issue in the case": whether the plaintiff in fact contracted herpes from the defendant, or as the defendant argued, from some other sexual partner. *Id.*

because "victims of sexual abuse can be traumatized whether or not they have had other sexual relations."[21]

For these reasons, this Court should exclude prejudicial sexual evidence relating to H.B.

Respectfully submitted on October 21, 2024.

ANDERSEN, TATE & CARR, P.C.

*/s/ Jonathan S. Tonge*
Patrick J. McDonough
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
Jonathan S. Tonge
Georgia Bar No. 303999
jtonge@atclawfirm.com
Rory A. Weeks
Georgia Bar No. 113491
rweeks@atclawfirm.com
Jennifer M. Webster
Georgia Bar No. 760381
jwebster@atclawfirm.com
*Attorneys for Plaintiff*

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile

[21] *Sarras*, 575 F.3d at 1213.

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rules 5.1(C) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font type and size requirements and is formatted in Times New Roman, 14-point font.

Respectfully submitted on October 21, 2024.

ANDERSEN, TATE & CARR, P.C.

*/s/ Jonathan S. Tonge*

Patrick J. McDonough
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
Jonathan S. Tonge
Georgia Bar No. 303999
jtonge@atclawfirm.com
Rory A. Weeks
Georgia Bar No. 113491
rweeks@atclawfirm.com
Jennifer M. Webster
Georgia Bar No. 760381
jwebster@atclawfirm.com
*Attorneys for Plaintiff*

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the attorneys of record.

Respectfully submitted on October 21, 2024.

ANDERSEN, TATE & CARR, P.C.

*/s/ Jonathan S. Tonge*

Patrick J. McDonough
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
Jonathan S. Tonge
Georgia Bar No. 303999
jtonge@atclawfirm.com
Rory A. Weeks
Georgia Bar No. 113491
rweeks@atclawfirm.com
Jennifer M. Webster
Georgia Bar No. 760381
jwebster@atclawfirm.com
*Attorneys for Plaintiff*

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile