UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| H.B., <br>     Plaintiff, <br> v. <br> RED ROOF INNS, INC., *et al.*, <br>     Defendants. | ) CIVIL ACTION FILE <br> ) <br> ) NO. 1:22-cv-01181-JPB <br> ) <br> ) <br> ) <br> ) |

**RRI DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO EXCLUDE HEARSAY STATEMENTS BY PLAINTIFF AT TRIAL**

Defendants Red Roof Inns, Inc., FMW RRI I, LLC, and RRI West Management, LLC (RRI Defendants) submit this Memorandum of Law in Support of their Motion to Exclude Hearsay Statements by Plaintiff at trial.

**I.   INTRODUCTION & STATEMENT OF RELEVANT FACTS**

Plaintiff sued RRI Defendants under the Trafficking Victims Protection Reauthorization Act (TVPRA) alleging she was trafficked at Red Roof Inn Norcross (RRI Norcross) between December 26, 2011, and January 19, 2012. The TVPRA requires Plaintiff to show the RRI Defendants knowingly benefited from participating in a venture with Plaintiff's traffickers (Lucky, Pizza, and Skii), while having actual or constructive knowledge that the venture violated Section 1591 as to Plaintiff. To meet her burden, RRI Defendants expect Plaintiff will testify that one

of her alleged traffickers—Lucky—paid an unnamed front desk worker and an unnamed housekeeper at RRI Norcross to be his lookouts. Plaintiff believes this because it is what Lucky "told" her. In other words, it is hearsay. And this statement is not subject to any exception including the co-conspirator exception under Rule 801(d)(2)(E).

In filing this Motion, RRI Defendants recognize that when considering summary judgment, this Court found that the co-conspirator exception applied to this testimony, allowing this Court to consider Plaintiff's testimony on summary judgment. Order Denying S.J., Doc. 158 at 9–10. RRI Defendants now respectfully make this argument again in the context of trial and to preserve their objection to the same. *See* Fed. Evid. R. 103(a)–(b).

## II.   LEGAL STANDARD

"[A] statement, other than one made by a declarant while testifying at trial, offered in evidence to prove the truth of the matter asserted" is hearsay. *United States v. Rivera*, 780 F.3d 1084, 1092 (11th Cir. 2015) (citing Fed. R. Evid. 801(c)). Generally, hearsay is not admissible. Fed. R. Evid. 802.

During her deposition, Plaintiff testified that she believes Lucky paid an unnamed front desk worker and "towel ladies" at RRI Norcross to act as "lookouts." This is not based on Plaintiff's own observations. Rather, what Plaintiff allegedly saw was Lucky paying a front desk worker and "towel lady" in cash. She did not

2

know what the payment was for until Lucky "told her." Doc. 94-3 at 244:13-15 (Q. So **_Lucky told you_** that he was giving him money to be a lookout? A. **_Yes_**.); *Id.* at 246:1-6 (Q So he was paying the towel ladies to also serve as lookout? A. Yes. Q. **_Who told you that? A. Lucky did_**) (emphasis added). Plaintiff uses Lucky's statement to prove the truth—that these individuals were lookouts. This is the definition of hearsay. Evid.R. 801.

That said, statements by co-conspirators are not hearsay if they fall within the hearsay exclusion under Fed. Evid. R. 801(d)(2)(E). To introduce a co-conspirator statement under Fed. Evid. R. 801(d)(2)(E), Plaintiff must prove by a preponderance that (1) a conspiracy existed, (2) the conspiracy included both the declarant and defendant against whom the statement is offered, and (3) the statement was made during and in furtherance of the conspiracy. *United States v. Underwood*, 446 F.3d 1340, 1345–46 (11th Cir. 2006) (citing *Bourjaily v. United States*, 483 U.S. 171, 175 (1987)).

Plaintiff cannot meet these elements. There is no evidence of a "conspiracy" between this unnamed front desk worker, the "towel ladies," and Lucky. "[C]onspiracy" in Rule 801(d)(2)(E) means "an arrangement to work together toward a shared goal." *United States v. Holland*, No. 22-14219, -- F.4th --, 2024 WL 4284225, at *3 (11th Cir. Sept. 25, 2024).

The only witness, however, that connects Lucky to RRI Norcross is Plaintiff herself. And Plaintiff's only reason for believing that any hotel staff acted as a "lookout" is based on what Lucky "told her." This is not enough. To be sure, the subject statement "must be considered but does not by itself establish . . . the existence of the conspiracy or participation in it." Fed. R. Evid. 801(d)(2). In other words, Plaintiff must "present independent, external evidence of the conspiracy's existence and cannot rely solely on the conspiratorial statement itself." Order Denying S.J. at 9, Doc. 158 (citing *Doe v. Lee*, 220 F. Supp. 2d 1307, 1312 (M.D. Ala. 2002). Plaintiff has not met this burden. At most, Plaintiff saw Lucky pay the front desk worker in cash. Plaintiff Dep. at 245. But this payment could have been for legitimate business purposes, such as renting rooms. Plaintiff's testimony makes this point:

> Q. Do you recall Lucky saying to you that he was paying off any other employees?
>
> A. No. Just that "I have to pay, I have to pay, I have to go pay, I have to go pay the room," just stuff like that.

Dep. at 245:14-18, Doc. 94-3.

Plaintiff does not testify to seeing Lucky pay a housekeeper, only the front desk worker. Dep. at 245:14-248:25, Doc. 94-3. But seeing an individual pay the front desk worker, when that person was a patron is nefarious. This is especially true because Plaintiff admits she did "not [make] many" trips to the front desk, and

4

would not have had ample time to observe this conduct between late December 2011 and mid-January 2012. Dep. at 241:3-242:11, Doc. 94-3. Put simply, Plaintiff's limited observation of what could have been a routine business transaction does not establish a conspiracy, a serious allegation that must be substantiated by more.[1] Thus, Lucky's statement that he paid individuals to act as lookouts is inadmissible hearsay.

But even if there is evidence of a "conspiracy" under Fed. Evid. R. 801(d)(2)(E) (there is not), the admissibility inquiry does not end there. Rather, the statement must also be in "furtherance of the conspiracy" to be admissible. Fed. Evid. R. 801(d)(2)(E); *United States v. Hampton*, No. 23-CR-20172-KMW-2, 2024 WL 81227, at *2 (S.D. Fla. Jan. 6, 2024) ("the Government must still establish by a preponderance that the specific statements to be offered were made during and in furtherance of the conspiracy and that Defendant knowingly participated in that conspiracy.").

"Whether a statement was in furtherance of a conspiracy turns on the context in which it was made and the intent of the declarant in making it." § 6780 Conspirator Statements (Rule 801(d)(2)(E))—In Furtherance of the Conspiracy, 30B Fed. Prac.

---

[1] And even if it was evidence of accepting payments, as asserted at summary judgment, RRI Defendants maintain that this conduct is outside the course and scope of employment and cannot be used to impute liability under the TVPRA.

& Proc. Evid. § 6780 (2024 ed.) (quoting *U.S. v. Warman*, 578 F.3d 320, 338 (6th Cir. 2009)). Although "no precise formula" exists, "[g]enerally speaking, . . . a coconspirator's statement is considered to be in furtherance of the conspiracy as long as it tends to promote one or more of the objects of the conspiracy." *United States v. Ford*, 839 F.3d 94, 106 (1st Cir. 2016) (quoting *United States v. Piper*, 298 F.3d 47, 54 (1st Cir. 2002)). And while "[t]he statement need not be necessary to the conspiracy," it still must "further the interests of the conspiracy in some way." *United States v. Flores*, 572 F.3d 1254, 1264 (11th Cir. 2009).

Against this backdrop, courts have consistently found that statements to non-conspirators informing them of the conspiracy are rarely in furtherance of the conspiracy. *See, e.g.*, *United States v. Manfre*, 368 F.3d 832, 841 (8th Cir. 2004) (finding declarant's statement to his fiancé that he would burn down a nightclub was hearsay because it did not "advance the conspiracy"); *Ford*, 839 F.3d at 107 (finding a spouse's statement to his wife that he was growing marijuana did not "further the goals of the conspiracy."); *United States v. Urbanik*, 801 F.2d 692, 698 (4th Cir. 1986) (statements made by the declarant to a friend while lifting weights did not "further" the conspiracy).

There is no evidence that Lucky's statement to Plaintiff that he was paying the unnamed front desk worker and housekeeper to be "lookouts" was in furtherance of any conspiracy. There is no evidence that it advanced or promoted any aspect of

6

the alleged conspiracy. Quite the opposite. Plaintiff's testimony makes clear that Lucky did little more than explain why he was paying these individuals in cash. Nothing else. There is no evidence that Lucky made the statement as motivation to advance the conspiracy. *See, e.g., United States v. Estrada*, 969 F.3d 1245, 1276 (11th Cir. 2020) (finding statements by a father to his son that he was smuggling professional baseball players into the United States was not hearsay because it was made to further the conspiracy: carrying on the family business). As such, Lucky's statement to Plaintiff is hearsay not subject to any exception. This Court should exclude it.

Dated: October 21, 2024					Respectfully submitted,

/s/ Marcella C. Ducca
Marcella C. Ducca (Ga Bar No. 115079)
Brandon D. Cox (Ga Bar No. 832025)
GREENBERG TAURIG LLP
Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, GA  30305
Telephone:  678.553.2100
duccam@gtlaw.com
coxb@gtlaw.com

Chelsea R. Mikula *(pro hac vice)*
Joseph A. Manno (*pro hac vice*)
Elisabeth C. Arko (*pro hac vice*)
Emily R. Grace (*pro hac vice*)
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH  44113-7213
Telephone:  216.592.5000
Facsimile:   216.592.5009
chelsea.mikula@tuckerellis.com
joseph.manno@tuckerellis.com
elisabeth.arko@tuckerellis.com
emily.grace@tuckerellis.com

Sandra J. Wunderlich *(pro hac vice)*
TUCKER ELLIS LLP
100 South Fourth Street, Suite 600
St. Louis, MO 63102
Telephone:  314.256.2550
sandra.wunderlich@tuckerellis.com

*Attorneys for Defendants Red Roof Inns, Inc., FMW RRI I, LLC, and RRI West Management, LLC*

8

## **LOCAL RULE 7.1(D) CERTIFICATION**

Counsel certifies that this brief has been prepared with Times New Roman size 14 pt font, which is one of the font and point selections approved by the Court in Local Rule 5.1. This brief does not contain more than 10 characters per inch of type.

Dated:  October 21, 2024             */s/ Marcella C. Ducca*
                                     Marcella C. Ducca

                                     *One of the Attorneys for Defendants*
                                     *Red Roof Inns, Inc., FMW RRI I, LLC,*
                                     *and RRI West Management, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 21, 2024 copy of the foregoing was filed electronically. Service of this filing will be made under Fed. R. Civ. P. 5(b)(2)(E) through this Court's electronic filing system. Parties may access the filing through the Court's system.

                                                */s/ Marcella C. Ducca*
                                                Marcella C. Ducca

                                                *One of the Attorneys for Defendants Red Roof Inns, Inc., FMW RRI I, LLC, and RRI West Management, LLC,*