UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| H.B., <br><br> Plaintiff, <br><br> v. <br><br> RED ROOF INNS, INC., *et al.*, <br><br> Defendants. | ) CIVIL ACTION FILE <br> ) <br> ) NO. 1:22-cv-01181-JPB <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM IN SUPPORT OF RED ROOF INNS, INC., FMW RRI I, LLC, AND RRI WEST MANAGEMENT, LLC'S MOTION TO EXCLUDE ANY EVIDENCE RELATING TO DEFENDANTS' FINANCIAL CONDITION**

Defendants Red Roof Inns, Inc., FMW RRI I, LLC, and RRI West Management, LLC (RRI Defendants) submit this Memorandum in support of their Motion to Exclude Any Evidence of Defendants' Financial Condition.

**I.    INTRODUCTION & STATEMENT OF RELEVANT FACTS**

RRI Defendants ask this Court for an order barring Plaintiff from making arguments, statements, or introducing evidence to the jury relating to the RRI Defendants' financial condition, including its net worth. Plaintiff's exhibit list includes two exhibits related to RRI Defendants' financial condition:

- PX58A & PX58:[1] These are Red Roof Inn Inc.'s Consolidated Financial Statements for 2009-2012, RRI 011695–RRI 011994 including excerpts RRI 011695, 011734, RRI 011739.

---

[1] These exhibits are referenced on Plaintiff's exhibit list attached as Exhibit A.

This evidence is irrelevant to Plaintiff's claim for damages under the TVPRA (18 U.S.C. 1595(a)). At most, it may have some relevance to punitive damages, which RRI Defendants dispute are even available under the TVPRA. But even so, the parties agree that at least the determination of the amount of punitive damages should be bifurcated. Pretrial Order at 5–6, Doc. 166.[2] Thus, it is not until the jury finds the RRI Defendants liable that this Court should consider the admissibility of this evidence. Without that finding, any probative value (if any) is substantially outweighed by its cumulative nature, by the danger of unfair prejudice against the RRI Defendants, and by its potential to confuse and mislead the jury. Thus, this Court should bar Plaintiff from discussing or introducing the financial condition of the RRI Defendants at trial.[3]

---

[2] The Parties are working to submit an amended Pretrial Order. In the amended Pretrial Order, RRI Defendants state punitive damages (if any) should be bifurcated. RRI Defendants do not limit this bifurcation request to the amount, but rather believe the entirety of the punitive damage claim should be bifurcated.

[3] In *W.K. v. Red Roof Inn Inc., et al.*, Case No. 1:20-cv-05263 (N.D. Ga.), Judge Calvert excluded financial statement documents unless or until there was a punitive damage phase. Pretrial Tr. at 90–92, Doc. 504. So did Judge Ray in *Does 1–4 v. Red Roof Inn Inc.*, Case No. 1:21-CV-04278. Pretrial Tr. at 136–37, Doc. 389.

2

## II.  LAW & ARGUMENT

### A.  The financial condition of the RRI Defendants is irrelevant to Plaintiff's singular TVPRA claim.

Evidence is relevant if it (1) makes a fact more or less probable and (2) is of consequence in determining the action. Fed. Evid.R. 401. The financial condition of the RRI Defendants at any time is irrelevant to Plaintiff's singular claim. The reasons are simple.

The TVPRA requires Plaintiff to show each RRI Defendant (1) knowingly benefited (2) from participating in a venture; (3) that venture violated the TVPRA; and (4) the beneficiary knew or should have known that the venture violated the TVPRA as to the plaintiff. *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 726 (11th Cir. 2021). The financial condition of the RRI Defendants has no relevance to any element. At most, Plaintiff alleges the RRI Defendants "knowingly benefitted" from her alleged trafficking by receiving a portion of room revenues. This theory, however, does not require the introduction of evidence relating to the financial condition of each RRI Defendant as a whole. And it certainly does not require Plaintiff to introduce evidence documenting the total profits of the RRI Defendants. Yet that is all these documents do, present out-of-context numbers multiple entities, many of whom are wholly irrelevant to this case. *See, e.g.*, PX58 at 22. None of this evidence is relevant to RRI Norcross. It is irrelevant. It should be excluded.

3

**B.     Any probative value of evidence of the RRI Defendants' financial condition is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and its cumulative nature.**

Under Rule 403 of the Federal Rules of Evidence, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

First, it is unfairly prejudicial. Unfair prejudice means "an undue tendency to suggest decision on an emotional basis." *United States v. Rodriguez*, 797 F. App'x 475, 478 (11th Cir. 2019) (citing *Old Chief v. United States*, 519 U.S. 172, 180 (1997)). Evidence of the RRI Defendants' financial statements meets this standard. The reason is simple: its introduction serves no purpose other than coaxing an emotional reaction from the jury enticing them to view the RRI Defendants as having "deep pockets." Its intent is to shock the jury by laying out total profits to yield a larger damage result. This is prohibited. And such evidence must be excluded.

Second, the RRI Defendants financial statements will confuse the issues. The danger of "confusion of the issues" arises when "circumstantial evidence would tend to sidetrack the jury into consideration of factual disputes only tangentially related to the facts at issue in the current case." *United States v. McVeigh*, 153 F.3d 1166, 1191 (10th Cir. 1998). That is exactly what evidence the RRI Defendants' financial

4

statements would do here. It would lead the jury to believe it can consider the financial health of the RRI Defendants when deciding Plaintiff's compensatory damages. Yet, as discussed, the financial condition of the RRI Defendants has nothing to do with Plaintiff's claims. It will only confuse the jury.

In sum, any probative value of the RRI Defendants' financial statements and their financial condition is substantially outweighed by risk of unfair prejudice and confusion of the issues.

### III.  CONCLUSION

For these reasons, this Court should grant the RRI Defendants' Motion to Exclude Any Evidence of Defendants' Financial Condition.

Dated: October 21, 2024

Respectfully submitted,

*/s/ Marcella C. Ducca*
Marcella C. Ducca (Ga Bar No. 115079)
Brandon D. Cox (Ga Bar No. 832025)
GREENBERG TRAURIG LLP
Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, GA  30305
Telephone:  678.553.2100
duccam@gtlaw.com
coxb@gtlaw.com

Chelsea R. Mikula *(pro hac vice)*
Joseph A. Manno *(pro hac vice)*
Elisabeth C. Arko *(pro hac vice)*
Emily R. Grace *(pro hac vice)*
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH  44113-7213
Telephone:  216.592.5000
Facsimile:   216.592.5009
chelsea.mikula@tuckerellis.com
joseph.manno@tuckerellis.com
elisabeth.arko@tuckerellis.com
emily.grace@tuckerellis.com

Sandra J. Wunderlich *(pro hac vice)*
TUCKER ELLIS LLP
100 South Fourth Street, Suite 600
St. Louis, MO 63102
Telephone:  314.256.2550
sandra.wunderlich@tuckerellis.com

*Attorneys for Defendants Red Roof Inns, Inc., FMW RRI I, LLC, and RRI West Management, LLC*

## **RULE 7.1D CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D) of the United States District Court of the Northern District of Georgia, the undersigned certifies that the foregoing submission to the Court was computer-processed, double-spaced between lines, and used Times New Roman font of 14-point size.

Dated: October 21, 2024

                                            */s/ Marcella C. Ducca*
                                            Marcella C. Ducca

                                            *One of the Attorneys for Defendants Red Roof Inns, Inc., FMW RRI I, LLC, and RRI West Management, LLC*

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on October 21, 2024, a copy of the above was filed with the United States District Court for the Northern District of Georgia and served on counsel of record through the Court's CM/ECF system.

Dated: October 21, 2024

                                                */s/ Marcella C. Ducca*
                                                Marcella C. Ducca

                                                *Attorneys for Defendants Red Roof Inns, Inc., FMW RRI I, LLC, and RRI West Management, LLC*