UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| H.B.,<br><br>      Plaintiff,<br><br>v.<br><br>RED ROOF INNS, INC., *et al.*,<br><br>      Defendants. | CIVIL ACTION FILE<br><br>NO. 1:22-cv-01181-JPB |

**MEMORANDUM IN SUPPORT OF RRI DEFENDANTS' MOTION TO EXCLUDE EVIDENCE OF UNRELATED CRIMES AND INCIDENTS AT RRI NORCROSS**

Defendants Red Roof Inns, Inc., FMW RRI I, LLC, and RRI West Management, LLC (RRI Defendants) submit this Memorandum of Law in Support of their Motion to Exclude Evidence of Unrelated Crimes and Incidents at the RRI Norcross.

**I.    INTRODUCTION & STATEMENT OF RELEVANT FACTS**

Plaintiff alleges that she was subject to trafficking at RRI Norcross from December 26, 2011, to January 19, 2012. At trial, Plaintiff seeks to admit documents and elicit testimony about crimes and incidents that occurred at RRI Norcross that have nothing to do with Plaintiff's TVPRA claim. Examples include:[1]

- PX17 – Calls for Service 5171 BHP.

- PX18 – Case Reports 5171.

---

[1] Plaintiff's exhibit list and RRI Defendants' objections are attached as Exhibit A.

1

- PX19 – Incident Report List-RRI Norcross 5171 Brook Hollow Parkway

- PX20 – Record List 1- RRI Norcross 5171 Brook Hollow Parkway

- PX 21- Record List 2- RRI Norcross 5171 Brook Hollow Parkway

- PX 22- Incident Reports-Norcross PD ORR Response- RRI Norcross 5171 Brook Hollow Parkway.

- PX 23- CAD Notes- RRI Norcross 5171 Brook Hollow Parkway.

- PX 24- Police Records and Calls for Service, 5171 Brook Hollow Pkwy

- PX 25- Police CADS 5171 Brook Hollow Pkwy, for March 2011 to March 2012.

This evidence is both irrelevant and contains inadmissible hearsay.[2] And not only that, but it is also highly prejudicial and improper character evidence. This Court should exclude it.

## II.   LAW & ARGUMENT

Trial judges can rule on motions in limine under the inherent authority to manage trials. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). Judges have broad discretion when ruling on such motions. *See Cook ex rel. Est. of Tessier v. Sheriff of Monroe Cnty., Fla.*, 402 F.3d 1092, 1104-05 (11th Cir. 2005). A court should grant

---

[2] While police reports may be admissible under Rule 803(6) or 803(8) this is true if and only if the requisite foundation has been laid. *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1278 (11th Cir. 2009). But even with this foundation, "[i]t is well established that . . . statements made by third persons under no business duty to report may not." *Id.* (citing *United States v. Pazsint*, 703 F.2d 420, 424 (9th Cir.1983)); *see* Fed. R. Evid. 805. Here, police reports include narratives with statements by third parties made to police officers, are inadmissible hearsay.

motions in limine if the evidence is inadmissible. *See Wilson v. Pepsi Bottling Grp., Inc.*, 609 F. Supp. 2d 1350, 1359 (N.D. Ga. 2009).

### A. Evidence relating to crimes other than trafficking and prostitution at RRI Norcross is irrelevant.

To be admissible, evidence must be relevant, meaning it tends to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. Irrelevant matters should be excluded. Fed. R. Evid. 402.

TVPRA liability requires Plaintiff to show each RRI Defendant (1) knowingly benefited (2) from participating in a venture; (3) that venture violated the TVPRA; and (4) the beneficiary knew or should have known that the venture violated the TVPRA "***as to the plaintiff***." *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 726 (11th Cir. 2021) (emphasis added); *see also K.H. v. Riti, Inc.*, No. 1:22-CV-3404-MHC, 2023 WL 3644224, at *3 (N.D. Ga. Apr. 17, 2023), aff'd, No. 23-11682, 2024 WL 505063 (11th Cir. Feb. 9, 2024). These elements are specific to Plaintiff and her traffickers. *See Doe (K.B.) v. G6 Hosp., LLC*, No. 1:23-CV-2597-TWT, 2023 WL 8650785, at *6 (N.D. Ga. Dec. 14, 2023) ("By including the phrase 'as to the plaintiff' in that element, the Eleventh Circuit decided that a complaint must allege plaintiff-specific knowledge of the trafficking rather than mere general knowledge that trafficking is occurring."). Other incidents or crimes that occurred at RRI Norcross do not make any element of the TVPRA more or less probable.

The allegations are straightforward: Plaintiff alleges Lucky, Pizza, and Skii trafficked her at RRI Norcross for three weeks in December 2011 and January 2012. Yet Plaintiff seeks to introduce testimony and exhibits of reports of other crimes that allegedly occurred at various times before Plaintiff's trafficking. None of the call logs, reports, or testimony have anything to do with Plaintiff, her traffickers, trafficking at all, or prostitution. In other words, they have no relation to Plaintiff's singular TVPRA claim. They are irrelevant and inadmissible. Similarly, witnesses at trial must be prohibited from discussing crimes and incidents reported at RRI Norcross that have no relation to Plaintiff's limited TVPRA claim.

And Plaintiff cannot rely on punitive damages as a basis for admission.[3] The reason is simple: this evidence is not tied to Plaintiff, her traffickers, or her alleged injuries or the elements of the TVPRA. Rather, it is evidence of alleged incidents, reports of crime, and general call logs that have nothing to do with Plaintiff's TVPRA claim. But the "Constitution's Due Process Clause forbids a State to use a punitive damages award to punish a defendant for injury that it inflicts upon nonparties . . . ." *Philip Morris USA v. Williams*, 549 U.S. 346, 353, (2007). Further, a jury may not "base its award upon 'dissimilar' acts of a defendant." *Id.* at 356, (cleaned up).

---

[3] RRI Defendants dispute that punitive damages are available under the TVPRA. Moreover, RRI Defendants seek to bifurcate punitive damages entirely. Plaintiff agrees the amount of punitive damages should be bifurcated. (Doc. 166).

In fact, the United States Supreme Court has made that point clear, noting that punitive damages can be used to punish a defendant for harm that befalls a plaintiff, but it cannot be used to punish a defendant generally for "reprehensible" conduct:

> A defendant's dissimilar acts, independent from the acts upon which liability was premised, may not serve as the basis for punitive damages. A defendant should be punished for the conduct that harmed the plaintiff, not for being an unsavory individual or business. Due process does not permit courts, in the calculation of punitive damages, to adjudicate the merits of other parties' hypothetical claims against a defendant under the guise of the reprehensibility analysis[.]

*State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 422–23, (2003).

Yet, that is what evidence relating to other incidents is: evidence unrelated to Plaintiff, her traffickers, or her injury that speaks to incidents and conduct unrelated to Plaintiff. This evidence does not and cannot be a basis for punitive damages RRI Defendants.

> **B.  Any probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues and undue delay.**

Even if evidence about other crimes and incidents at RRI Norcross had relevance (it does not) it still must be excluded because its value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and undue delay. Under Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. This standard is met.

5

Unfair prejudice means "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Aycock v. R.J. Reynolds Tobacco Co.*, 769 F.3d 1063, 1069 (11th Cir. 2014) (citing Fed. R. Evid. 403 advisory committee's note). Evidence is particularly prone to sway a jury erroneously and emotionally if it paints the defendant in a "socially offensive" light. *Aetna Cas. & Sur. Co. v. Gosdin*, 803 F.2d 1153, 1160 (11th Cir.1986).

This danger is keenly present here. The reason is simple: this evidence allows jurors to hear evidence about alleged, unconfirmed, and unrelated incidents that were called in, simply reported without any foundation or context. This is little more than a thinly veiled effort on Plaintiff's part to try and hold RRI Norcross liable for general "crimes" and unfounded incidents even though those incidents are not specific to Plaintiff or her traffickers. This evidence creates a substantial risk that jurors will reach a decision based on emotion, not the elements. *See Steger v. Gen. Elec. Co.*, 318 F.3d 1066, 1079 (11th Cir. 2003) (quoting Fed. R. Evid. 403, Advisory Committee Notes). This prejudice cannot be overstated.

The evidence is also confusing and misleading. Evidence is confusing when it poses a "risk of unfairly inflaming the jury's emotions and sidetracking the trial regarding . . . irrelevant question[s]." *United States v. Henderson,* 409 F.3d 1293, 1298 (11th Cir. 2005). That is exactly what the evidence above does. This evidence will confuse the jury into thinking it can, and should, consider other events and crimes that have nothing to do with Plaintiff, her traffickers, or the alleged time at

issue. Yet, these unconfirmed and alleged incidents have nothing to do with Plaintiff's singular claim. In addition, Plaintiff will mislead the jury with this evidence, by allowing them to believe they can infer RRI Defendants' participation in and knowledge of Plaintiff's alleged trafficking simply because crime, unrelated to her and her allegations, was reported. This is not the standard. This evidence serves only to confuse and mislead the jury.

Finally, this evidence will also cause undue delay. The reason is clear. It would turn this case into separate mini-trials on the incidents and conduct of irrelevant crimes that cannot be proven to have even occurred. *See Jones v. Auto. Ins. Co. of Hartford, Conn.*, 917 F.2d 1528, 1537 (11th Cir. 1990) (affirming exclusion of incidents involving other customers because it "would cause undue delay in trial proceedings"). It would result in "mini-trials" regarding various incidents. The presentation of evidence on events or alleged incidents, regardless of the form through which the evidence is presented, would significantly delay, and extend the trial. *See Chavis v. Clayton Cnty. Sch. Dist.*, 147 F. App'x 865, 868 (11th Cir. 2005) (affirming trial court's decision excluding evidence because of risk that mini-trials would ensue and cause juror confusion and wasted time).

Given this, and on balance, any probative value of the evidence is remote and minimal and is substantially outweighed by the danger of unfair prejudice, confusion of the issues and undue delay. Rule 403 precludes this evidence.

C.  **Evidence related to other "acts" or crimes is inadmissible under Rule 404(b).**

Under Rule 404(b),[4] evidence of a defendant's prior crimes, wrongs, or other acts "is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character" – in other words, it may not be used to show that a person had a propensity for crime. Fed. R. Evid. 404(b)(1). Despite Rule 404(b), Plaintiff seeks to introduce evidence of other crimes and incidents at RRI Norcross to show the RRI Defendants, and their brand, had a "bad reputation" or a "propensity for crime." In other words, this evidence seeks to show the RRI Defendants acted "in accordance with their character" as to Plaintiff. This is patently inadmissible.

And any attempt to introduce this evidence for a non-propensity purpose also fails. Under Rule 404(b) evidence of other acts is admissible "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). If offered for a non-propensity purpose, it must still meet the rigors of Rules 401 and 403. That is, it must be relevant, and its probative value must not be substantially outweighed by its danger of unfair prejudice. *See United States v. Scarfo*, 41 F.4th 136, 179 (3d Cir.

---

[4] Although "person" under Rule 404 is not defined, "Rule 404 is regularly applied to corporations." *Feighan v. Res. Sys. Grp. Inc.*, No. CV 20-03759 (BAH), 2023 WL 4623123, at *9 (D.D.C. July 19, 2023) (collecting cases); *see also Donaghey v. Moorpark Bellingham Homeowners Ass'n, Inc.*, No. 222CV08524DSFMAA, 2023 WL 9318509, at *6 (C.D. Cal. Nov. 29, 2023) (citing *Feighan*).

2022), *cert. denied sub nom*. *Pelullo v. United States*, 143 S. Ct. 1044, 215 L. Ed. 2d 201 (2023). As stated above in Sections A & B, this evidence is not admissible under Rules 401 or 403. Thus, this Court must exclude this evidence.

## III. CONCLUSION

For these reasons, this Court should grant the RRI Defendants' Motion to Exclude Evidence of Unrelated Crimes and Incidents at RRI Norcross.

Dated: October 21, 2024            Respectfully submitted,

*/s/ Marcella C. Ducca*
Marcella C. Ducca (Ga Bar No. 115079)
Brandon D. Cox (Ga Bar No. 832025)
GREENBERG TAURIG LLP
Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, GA  30305
Telephone:  678.553.2100
duccam@gtlaw.com
coxb@gtlaw.com

Chelsea R. Mikula *(pro hac vice)*
Joseph A. Manno (*pro hac vice*)
Elisabeth C. Arko (*pro hac vice*)
Emily R. Grace (*pro hac vice*)
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH  44113-7213
Telephone:  216.592.5000
Facsimile:   216.592.5009
chelsea.mikula@tuckerellis.com
joseph.manno@tuckerellis.com
elisabeth.arko@tuckerellis.com
emily.grace@tuckerellis.com

Sandra J. Wunderlich *(pro hac vice)*
TUCKER ELLIS LLP
100 South Fourth Street, Suite 600
St. Louis, MO 63102
Telephone:  314.256.2550
sandra.wunderlich@tuckerellis.com

*Attorneys for Defendants Red Roof Inns, Inc., FMW RRI I, LLC, and RRI West Management, LLC*

## **RULE 7.1D CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D) of the United States District Court of the Northern District of Georgia, the undersigned certifies that that submission to the Court was computer-processed, double-spaced between lines, and used Times New Roman font of 14-point size.

Dated:  October 21, 2024

                                                          */s/ Marcella C. Ducca*
                                                          Marcella C. Ducca

                                                          *One of the Attorneys for Defendants Red Roof Inns, Inc., FMW RRI I, LLC, and RRI West Management, LLC*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on October 21, 2024, a copy of the above was filed with the United States District Court for the Northern District of Georgia and served on counsel of record through the Court's CM/ECF system.

Dated: October 21, 2024 　　　　　　　　　*/s/ Marcella C. Ducca*
　　　　　　　　　　　　　　　　　　　　Marcella C. Ducca

　　　　　　　　　　　　　　　　　　　　*One of the Attorneys for Defendants Red Roof Inns, Inc., FMW RRI I, LLC, and RRI West Management, LLC*