## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| H.B., | ) | CIVIL ACTION FILE |
| Plaintiff, | ) | |
| | ) | NO. 1:22-cv-01181-JPB |
| v. | ) | |
| RED ROOF INNS, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## RRI DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE EVIDENCE OF UNVERIFIED CUSTOMER REVIEWS

Defendants Red Roof Inns, Inc., FMW RRI I, LLC, and RRI West Management, LLC (RRI Defendants) submit this Memorandum of Law in Support of their Motion to Exclude Evidence of Unverified Customer Reviews.

## I.   INTRODUCTION

Plaintiff sued RRI Defendants under the Trafficking Victims Protection Reauthorization Act (TVPRA) alleging she was trafficked at Red Roof Inn Norcross (RRI Norcross) between December 26, 2011, and January 19, 2012. The TVPRA requires Plaintiff to show the RRI Defendants knowingly benefited from participating in a venture with Plaintiff's alleged traffickers (Lucky, Pizza, and Skii), while having actual or constructive knowledge that the venture violated Section 1591 as to Plaintiff. These elements are Plaintiff-specific and venture-specific. Despite this, Plaintiff seeks to admit numerous exhibits containing unverified customer reviews (PX64, PX66–73) from the RRI Norcross property that having

nothing to do with Plaintiff, her trafficker, or sex trafficking. This evidence is inadmissible because:

- The customer reviews are inadmissible hearsay.

- The customer reviews are irrelevant, and any perceived relevance is substantially outweighed by the risk of confusion and unfair prejudice.

- The customer reviews are inadmissible character evidence under Rule 404(b).

Thus, for these reasons, and those stated below, this Court should exclude the unverified customer reviews.

## II.    LEGAL STANDARD

Trial judges have inherent authority to manage trials, including granting motions in limine. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). Judges have broad discretion when ruling on such motions. *See Cook ex rel. Est. of Tessier v. Sheriff of Monroe Cnty., Fla.*, 402 F.3d 1092, 1104-05 (11th Cir. 2005). This Court has discretion to use a motion in limine to exclude inadmissible evidence. *See Wilson v. Pepsi Bottling Grp., Inc.*, 609 F. Supp. 2d 1350, 1359 (N.D. Ga. 2009).

## III.    LAW AND ARGUMENT

Plaintiff's exhibits containing unverified customer reviews by other customers who stayed at RRI Norcross are inadmissible hearsay, irrelevant to Plaintiff's claims, unduly prejudicial to RRI Defendants, and constitute improper character evidence. Thus, this Court should exclude them at trial.

**A.      Evidence of unverified customer reviews is inadmissible hearsay.**

At various times, various online users posted reviews of RRI Norcross on online forums such as Google Reviews and Tripadvisor. These customer complaints are inadmissible hearsay. *ADT LLC v. Alarm Prot. LLC*, 2017 WL 1881957, at *1-2 n.2 (S.D. Fla. May 9, 2017) (excluding phone calls of customer complaints to prove truth asserted of deceptive sales practices against defendant) (citing *ADT LLC v. SEC Networks, LLC*, No. 12-CIV-81120, 2016 U.S. Dist. LEXIS 187235); *see also Moon v. Advanced Med. Optics, Inc.*, No. 4:08-CV-0021-HLM, 2010 WL 11500832, at *7 (N.D. Ga. Dec. 29, 2010) (citing *Marajh v. Broadspire Servs., Inc.*, No. 07-60975-CIV, 2008 WL 5063870, at *6 (S.D. Fla. Nov. 21, 2008)) (granting motion in limine because "material from internet websites constitutes inadmissible hearsay if offered to prove the truth of the material").

And these reviews are not business records because they are not made "from information transmitted by someone with knowledge" or from a source that shows trustworthiness. Fed. R. Evid. 803(6)(A) & (E). Rather, they are anecdotal statements written by unknown individuals. They have not been independently verified, they are not based on personal knowledge of any witness, and most importantly, the speaker cannot be tested or challenged by cross-examination. This is inadmissible hearsay and cannot be used to prove truth.

**B.    The unverified customer reviews are irrelevant, and any probative value is outweighed by the danger or unfair prejudice and confusion of the issues.**

To be admissible, evidence must be relevant, meaning it tends to make the existence of any fact that matters to the determination of the action more probable than it would be without the evidence. Fed. R. Evid. 401. Irrelevant matters should be excluded. Fed. R. Evid. 402.

The unverified customer reviews are irrelevant to Plaintiff's TVPRA claim. Fed. R. Evid. 401. TVPRA liability requires Plaintiff to show each RRI Defendant (1) knowingly benefited (2) from participating in a venture; (3) that venture violated the TVPRA; and (4) the beneficiary knew or should have known that the venture violated the TVPRA "**as to the plaintiff**." *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 726 (11th Cir. 2021) (emphasis added); *see also K.H. v. Riti, Inc.*, No. 1:22-CV-3404-MHC, 2023 WL 3644224, at *3 (N.D. Ga. Apr. 17, 2023), aff'd, No. 23-11682, 2024 WL 505063 (11th Cir. Feb. 9, 2024).). Put simply, TVPRA's elements are specific to Plaintiff and her traffickers. *See Doe (K.B.) v. G6 Hosp., LLC*, No. 1:23-CV-2597-TWT, 2023 WL 8650785, at *6 (N.D. Ga. Dec. 14, 2023) ("By including the phrase 'as to the plaintiff' in that element, the Eleventh Circuit decided that a complaint must allege plaintiff-specific knowledge of the trafficking rather than mere general knowledge that trafficking is occurring.").

Many of the unverified customer reviews, and testimony relating to the same, have nothing to do with the relevant time (December 2011-January 2012), the Plaintiff, Plaintiff's traffickers, or sex trafficking generally. A review of the exhibits on this topic make this clear:[1]

| PX 64 | This is a spreadsheet with multiple tabs of reviews relating to multiple properties, including 10 reviews from RRI Norcross. None were reported between December 2011 and January 2012, and none related to Plaintiff or her alleged trafficker. Their main focus was cleanliness and customer service. |
|---|---|
| PX 66/PX 70 | This is a spreadsheet with 9 reviews relating to RRI Norcross. Only one of these reviews, the first one, occurred during Plaintiff's alleged trafficking. The rest post-date the allegations entirely. And not only that, but none of the reviews mention Plaintiff, her traffickers, or sex trafficking. At most, two mention prostitution. These reviews are irrelevant. |
| PX 67 | This is an unverified customer review from October 2008. It has nothing to do with Plaintiff's TVPRA claim. And not only that but the only mention of prostitution is itself hearsay stating that |

---

[1] Plaintiff's exhibit list and RRI Defendants' objections to the same are attached as Exhibit A.

| | |
|---|---|
| | "locals" told the reviewer that this property is nicknamed the "Red Light Inn where prostitution is a problem." It cannot be used to prove the "truth." It is irrelevant and inadmissible. |
| PX 72 | This is an email providing a customer complaint from an incident that occurred in October 2020, eight years after Plaintiff's alleged trafficking. It is irrelevant for this reason alone. Further, while it mentions prostitution, it does not reference Plaintiff or her traffickers. Moreover, during this time RRI Norcross was owned and operated by Khalami Lodging, LLC (Doc. 92-10), not any RRI Defendant in this case. This exhibit is irrelevant. |
| PX 68 | This is an email offering a customer a refund based on a complaint received in November 2008. This has nothing to do with the time at issue, the Plaintiff or her traffickers. It is irrelevant. |
| PX 69 | This is an incident report from February 2012 where the guest reports being approached to "buy drugs" while checking into RRI Norcross and stating there "was prostitution." It does not reference Plaintiff or her traffickers. |
| PX 73 | This is a spreadsheet with multiple reviews, only 6 relate to Norcross. These reviews occurred in July 2011 and have nothing |

|  | to do with Plaintiff, her traffickers, prostitution, or sex trafficking. Instead, their focus is on room cleanliness. They are irrelevant. |
|---|---|

Of these reviews, only was reported during the alleged trafficking. That is it. The remainder of the reviews occurred either before, or after, Plaintiff's alleged trafficking. And as if that were not enough, none of these reviews have anything to do with the Plaintiff or her traffickers. These unverified reviews are irrelevant and should be excluded.

Moreover, even if these exhibits were relevant (they are not), "[their] probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

Here, any probative value of the unverified customer reviews is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and undue delay. Fed. R. Evid. 403. The reason is simple: these "reviews" do nothing other than attempt to give the jury the impression that this property was unsafe and unclean. In other words, this evidence is meant to inflame and unfairly influence the jury. This is grounds for exclusion. *See Aetna Cas. & Sur. Co. v. Gosdin*, 803 F.2d 1153, 1160 (11th Cir. 1986) (finding that evidence is particularly prone to sway a jury erroneously if it paints the defendant in a "socially offensive" light); *Steger v. Gen. Elec. Co.*, 318 F.3d 1066, 1079 (11th Cir. 2003) (quoting Fed. R. Evid. 403,

Advisory Committee Notes) ("'Unfair prejudice' . . . means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.").

And even worse, many of the customer reviews are unverified and anonymously written. RRI Defendants will thus have no opportunity either to cross-examine the author of the reviews or to test the reviews' veracity in any way. This is a blatant prejudice. Further, these unverified customer reviews will confuse the jury into thinking it can, and should, consider completely unrelated events that happened to individuals other than Plaintiff. Yet conduct and incidents involving such people are outside the scope of Plaintiff's claims.

In sum, any probative value of the evidence relating to unverified customer reviews is minimal and is substantially outweighed by the danger of unfair prejudice and confusion of the issues. This Court should exclude it. Fed. R. Evid. 403.

**C.    The reviews are inadmissible under Rule 404(b).**

Finally, these unverified reviews are inappropriate character evidence. Fed. R. Evid. 404(b) (providing that evidence of a defendant's prior crimes, wrongs, or other acts "is not admissible to prove a person's character to show that on a particular occasion the person acted in accordance with the character"). The reviews cannot be used to show that a person had a propensity for crime. Fed. R. Evid. 404(b)(1). Even so, Plaintiff seeks to introduce unrelated customer reviews to show RRI Defendants

and their brand have a "bad reputation." In other words, this evidence seeks to show RRI Defendants acted "in accordance with their character" as to Plaintiffs—an inadmissible purpose.

The evidence is also inadmissible for non-propensity purposes. Fed. R. Evid. 404(b)(2). Evidence offered for a non-propensity purpose must still meet the rigors of Rules 401 and 403. As discussed above, evidence of the unverified customer reviews fails to meet this standard.

## IV.   CONCLUSION

This case centers on Plaintiff's alleged trafficking at Norcross within a 3-week period from December 2011 to January 2012. The unverified customer reviews listed in the exhibits above are unauthenticated statements that are inadmissible hearsay, which have nothing to do with Plaintiff or Plaintiff's trafficking at RRI Norcross. They are irrelevant, prejudicial, confusing, and improper character evidence. This Court should exclude them from trial.

Dated: October 21, 2024                    Respectfully submitted,

                                           */s/ Marcella C. Ducca*
                                           Marcella C. Ducca (Ga Bar No. 115079)
                                           Brandon D. Cox (Ga Bar No. 832025)
                                           GREENBERG TRAURIG LLP
                                           Terminus 200
                                           3333 Piedmont Road NE, Suite 2500
                                           Atlanta, GA  30305
                                           Telephone:  678.553.2100
                                           duccam@gtlaw.com
                                           coxb@gtlaw.com

                                           Chelsea R. Mikula *(pro hac vice)*
                                           Joseph A. Manno (*pro hac vice*)
                                           Elisabeth C. Arko (*pro hac vice*)
                                           Emily R. Grace (*pro hac vice*)
                                           TUCKER ELLIS LLP
                                           950 Main Avenue, Suite 1100
                                           Cleveland, OH  44113-7213
                                           Telephone:  216.592.5000
                                           Facsimile:   216.592.5009
                                           chelsea.mikula@tuckerellis.com
                                           joseph.manno@tuckerellis.com
                                           elisabeth.arko@tuckerellis.com
                                           emily.grace@tuckerellis.com

                                           Sandra J. Wunderlich *(pro hac vice)*
                                           TUCKER ELLIS LLP
                                           100 South Fourth Street, Suite 600
                                           St. Louis, MO 63102
                                           Telephone:  314.256.2550
                                           sandra.wunderlich@tuckerellis.com

                                           *Attorneys for Defendants Red Roof Inns,*
                                           *Inc., FMW RRI I, LLC, and RRI West*
                                           *Management, LLC*

## <u>LOCAL RULE 7.1(D) CERTIFICATION</u>

Counsel certifies that this brief has been prepared with Times New Roman size 14 pt font, which is one of the font and point selections approved by the Court in Local Rule 5.1. This brief does not contain more than 10 characters per inch of type.

Dated: October 21, 2024

*/s/ Marcella C. Ducca*
Marcella C. Ducca

*One of the Attorneys for Defendants*
*Red Roof Inns, Inc., FMW RRI I, LLC,*
*and RRI West Management, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 21, 2024, a copy of foregoing was filed electronically. Service of this filing will be made under Fed. R. Civ. P. 5(b)(2)(E) through this Court's electronic filing system. Parties may access the filing through the Court's system.

*/s/ Marcella C. Ducca*
Marcella C. Ducca

*One of the Attorneys for Defendants Red Roof Inns, Inc., FMW RRI I, LLC, and RRI West Management, LLC*