UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| H.B., <br><br> Plaintiff, <br><br> v. <br><br> RED ROOF INNS, INC., *et al.*, <br><br> Defendants. | ) CIVIL ACTION FILE <br> ) <br> ) NO. 1:22-cv-01181-JPB <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE EVIDENCE OF INCIDENTS AND CRIMES AT RED ROOF PROPERTIES OTHER THAN RRI NORCROSS**

Defendants Red Roof Inns, Inc., FMW RRI I, LLC, and RRI West Management, LLC (RRI Defendants) submit this Memorandum of law in support of their Motion to Exclude Evidence of Incidents and Crimes at Red Roof Properties other than RRI Norcross at trial.

I.   INTRODUCTION

Plaintiff sued RRI Defendants under the Trafficking Victims Protection Reauthorization Act (TVPRA) alleging she was trafficked at Red Roof Inn Norcross (RRI Norcross) between December 26, 2011, and January 19, 2012, at age 16. The TVPRA requires Plaintiff to show the RRI Defendants knowingly benefited from participating in a venture with Plaintiff's traffickers (Lucky, Pizza, and Skii), while having actual or constructive knowledge that the venture violated Section 1591 as to Plaintiff. These elements are Plaintiff-specific and venture-specific. Despite this,

Plaintiff seeks to introduce evidence of incidents and conduct at RRI locations that have no connection to RRI Norcross or to Plaintiff's alleged trafficking.

This evidence is inadmissible. This is because it (1) is irrelevant, (2) would confuse the jury and unfairly prejudice RRI Defendants, and (3) is impermissible character evidence. This evidence should be excluded.

## II.   LEGAL STANDARD

Trial judges have inherent authority to manage trials, including granting motions in limine. *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984). Judges have broad discretion when ruling on such motions. *See Cook ex rel. Est. of Tessier v. Sheriff of Monroe Cnty., Fla.*, 402 F.3d 1092, 1104-05 (11th Cir. 2005). This Court has discretion to use a motion in limine to exclude inadmissible evidence. *See Wilson v. Pepsi Bottling Grp., Inc.*, 609 F. Supp. 2d 1350, 1359 (N.D. Ga. 2009).

## III.   LAW & ARGUMENT

### A.   Evidence relating to other RRI-branded properties is irrelevant.

Only relevant evidence is admissible. Evidence is relevant if it tends to make the existence of any fact that matters to the determination of the action more probable than it would be without evidence. Fed. R. Evid. 401. Thus, Plaintiff's evidence must be relevant to her TVPRA claim.

TVPRA liability requires Plaintiff to show (1) each Defendant knowingly benefited, (2) from participating in a venture, (3) that the venture violated the TVPRA, and (4) the beneficiary knew or should have known that the venture

violated the TVPRA "***as to the plaintiff***." *Doe #1 v. Red Roof Inns, Inc.* 21 F.4th 714, 726 (11th Cir. 2021); *see also K.H. v. Riti, Inc.*, No. 1:22-CV-3404-MHC, 2023 WL 3644224, at *3 (N.D. Ga. Apr. 17, 2023), *aff'd*, No. 23-11682, 2024 WL 505063 (11th Cir. Feb. 9, 2024). These elements are plaintiff-specific and venture-specific. *See Doe (K.B.) v. G6 Hosp., LLC*, No. 1:23-CV-2597-TWT, 2023 WL 8650785, at *6 (N.D. Ga. Dec. 14, 2023) ("By including the phrase 'as to the plaintiff' in that element, the Eleventh Circuit decided that a complaint must allege plaintiff-specific knowledge of the trafficking rather than mere general knowledge that trafficking is occurring.").

RRI Norcross is the only RRI property at issue. *See* First Am. Compl., Doc. No. 51. Yet Plaintiff's witness list, exhibit list, and page line designations contain evidence and seek to elicit testimony related to incidents, crimes, and other information at RRI properties across the United States. Examining the evidence Plaintiff seeks to introduce makes her irrelevance clear:

| **Exhibits**[1] | |
|---|---|
| PX 50 | This is a police report relating to an incident at RRI Buckhead in September 2013. |
| PX 49 | This is an incident report at RRI Buckhead for battery in July 2013. |
| PX 52 | A 2013 email from Jay Moyer relating to RRI Buckhead. |
| PX 53 | An August 2012 email from Jay Moyer relating to RRI Buckhead. |

---

[1] Plaintiff's exhibit list and RRI Defendants' objections are attached as Exhibit A.

| | |
|---|---|
| PX 54 | An October 2012 email from Jay Moyer relating to RRI Buckhead. |
| PX 55 | A 2015 email from Jay Moyer relating to RRI Buckhead. |
| PX 64 | Includes a spreadsheet with multiple tabs referencing unverified customer review at properties unrelated to RRI Norcross. |
| PX 66 | Includes a spreadsheet with a composite of reviews relating to numerous properties. In addition, the second tab contains multiple reviews from other properties. Moreover, multiple reviews are irrelevant based on their timeframe. |
| PX 70 | Includes a spreadsheet with a composite of reviews relating to numerous properties. In addition, the second tab contains multiple reviews from other properties. Moreover, multiple reviews are irrelevant based on their timeframe, many post-date January 2012. |
| PX 71 | An email relating to guest complaints and alleged incident that occurred at RRI Smyrna in 2020. |
| PX 72 | Quality results for 2012 relating to multiple other RRI properties. RRI Norcross is one bullet point stating "bed and furniture being main issues. Front desk 'can do attitude" needs to improve.'" |
| PX 73 | Includes a spreadsheet with a composite of reviews relating to numerous properties. In addition, the second tab contains multiple reviews from other properties. Moreover, multiple reviews are irrelevant based on their timeframe. |
| **Witnesses** | |
| Forrest Castille | Mr. Castille was a front desk worker and interim general manager at the RRI Smyrna. He did not work at RRI Norcross. As of December 2012, he was not a Red Roof employee, but an employee of Varahi Hotels LLC, an independent franchisee that owned and operated the Smyrna property. His testimony is not relevant to Plaintiff or her traffickers, let alone RRI Norcross. |
| Michael Thomas | Michael Thomas was a front desk worker at RRI Buckhead in 2012. He offers no testimony relating to RRI Norcross. (Doc. 120); Exhibit B |
| Vanessa Cole | Vanessa Cole was a floating general manager. She should not be permitted to testify regarding crime and incidents at properties she managed, other than Norcross. |

4

| Andy Alexander | Plaintiff designates testimony from the former general counsel and interim president regarding the hotel industry. *See* 74:8-21 (designating testimony related to the hotel industry and other hotels); 132:7-19 (designating testimony about visits to other hotels) (Doc. 123); Exhibit B. |
|---|---|
| Jay Moyer | Plaintiff designates testimony relating to RRI Buckhead and RRI Smyrna including but not limited to: Dep. 45:15–46:18, 48:10–50:17, 125:17–132:4, 147:2–153:10, 156:11–157:11, 182:25-183:1, 183:7, 187:15–193:7, 210:7–220:19, 229:4–237:2, 251:12 – 252:25 (Doc. 117), Exhibit B. |
| Vince Vittatoe | Plaintiff designates testimony about a report of sex trafficking in Detroit, Michigan in 2008. Dep. at 132:20–134:23 (Doc. 119). |

This evidence is irrelevant. The TVPRA elements are specific to Plaintiff and her alleged traffickers. What happened at other properties during different time frames does not impact any element of the TVPRA. This evidence is irrelevant because it has no connection to (1) the property at issue, (2) Plaintiff, or (3) the relevant time.

And Plaintiff cannot rely on punitive damages as a basis for admission.[2] The reason is simple: this evidence is not tied to Plaintiff, her traffickers, her alleged injuries or the elements of the TVPRA. Rather, it is unrelated evidence discussing individuals, incidents, times, entities, and non-parties that have nothing to do with Plaintiff's TVPRA claim. But the "Constitution's Due Process Clause forbids a State

---

[2] RRI Defendants dispute that punitive damages are available under the TVPRA. Moreover, RRI Defendants seek to bifurcate punitive damages entirely, and are working with Plaintiff's counsel to file an Amended Pretrial Order that will reflect RRI Defendants' position. Plaintiff agrees the amount of punitive damages should be bifurcated. (Doc. 166).

5

to use a punitive damages award to punish a defendant for injury that it inflicts upon nonparties or those whom they directly represent." *Philip Morris USA v. Williams*, 549 U.S. 346, 353, (2007). Further, a jury may not "base its award upon 'dissimilar' acts of a defendant." *Id.* at 356, (cleaned up).

In fact, the United States Supreme Court has made that point clear, noting that punitive damages can be used to punish a defendant for harm that befalls a plaintiff, but it cannot be used to punish a defendant generally for "reprehensible" conduct:

> A defendant's dissimilar acts, independent from the acts upon which liability was premised, may not serve as the basis for punitive damages. A defendant should be punished for the conduct that harmed the plaintiff, not for being an unsavory individual or business. Due process does not permit courts, in the calculation of punitive damages, to adjudicate the merits of other parties' hypothetical claims against a defendant under the guise of the reprehensibility analysis[.]

*State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 422–23, (2003).

Yet, that is what evidence relating to properties other than RRI Norcross— evidence that is unrelated to Plaintiff, her traffickers, or her injury that speaks to incidents and conduct that occurred at other properties, involving non-parties, and other entities. Thus, this evidence does not and cannot be a basis for punitive damages RRI Defendants.

### B.  Any probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and undue delay.

Even if evidence from other properties was relevant (it is not), it still must be excluded because its value is substantially outweighed by the danger of unfair

prejudice, confusion of the issues, and undue delay. Under Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403; *see also Chem. Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co.*, 89 F.3d 976, 994 (3d Cir. 1996) (affirming exclusion of evidence of misconduct at other sites because it would cause undue delay, mislead, and confuse the jury as to the ultimate factual issues, and carry a significant danger of unfair prejudice). This standard is not met.

Unfair prejudice "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, and emotional one." *Aycock R.J. Reynolds Tobacco Co.*, 769 F.3d 1063, 1069 (11th Cir. 2014) (citing Fed. R. Evid. 403 Advisory Committee Notes). The evidence listed in the above chart meets this standard. Evidence is particularly prone to sway a jury erroneously if it paints defendant in a "socially offensive" light. *Aetna Cas. & Sur. Co. v. Gosdin*, 803 F.2d 1153, 1160 (11th Cir. 1986).

Evidence of crime and incidents at other properties, especially those related to prostitution fall into this category. The reason is simple: it tends to be "too inflammatory to present safely to the jury." *Id.* This topic is "socially offensive" so much that it "may well have [] an unfair influence on the deliberations of the jury"

7

to justify a new trial on appeal. *Id.* (granting new trial). This danger is keenly present here. Evidence of incidents and crimes at other RRI locations allows jurors to consider conduct, reactions, and outcomes of properties in different locations, under different ownership, in different geographic locations than the RRI property at issue here. Introduction of this evidence will only allow Plaintiff to attempt to try Defendants for their actions nationwide, instead of at RRI Norcross, during the relevant times. This is highly prejudicial. Thus, it creates a substantial risk that jurors will reach a decision based on emotion.

This evidence is also confusing and misleading. Evidence is confusing when it poses a "risk of unfairly inflaming the jury's emotions and sidetracking the trial regarding . . . irrelevant question[s]." *United States v. Henderson*, 409 F.3d 1293, 1298 (11th Cir. 2005). That is exactly what the evidence would do. This evidence will confuse the jury into thinking it can, and should, consider events that happened at other properties. Yet, as discussed, conduct and incidents at other properties have nothing to do with Plaintiff's claims. They just confuse the jury.

Evidence of conduct and incidents at RRI properties other than RRI Norcross will also cause undue delay by turning this case into multiple separate mini-trials of incidents at irrelevant locations. *See Jones v. Auto. Ins. of Hartford, Conn.*, 917 F.2d 1528, 1537 (11th Cir. 1990) (affirming exclusion of incidents involving other customers because it "would cause undue delay in trial proceedings"). The

presentation of evidence of events or alleged incidents at other properties, regardless of the form through which the evidence is presented, could significantly delay and extend the trial.

Considering the above, and on balance, any probative value of the evidence is remote and minimal and is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and undue delay. Evidence Rule 403 also precludes the admission of such evidence. *See* Fed. R. Evid. 403.

### C. Evidence related to other "acts" at unrelated RRI properties is inadmissible under Rule 404(b).

Under Rule 404(b),[3] evidence of a defendant's prior crimes, wrongs, or other acts "is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). In other words, it may not be used to show that a person had a propensity for crime. Despite Rule 404(b), however, Plaintiff seeks to introduce evidence relating to other crimes or other bad acts (such as prostitution) at other properties to show Defendants and their brand have a "bad reputation" and therefore acted "in accordance with their character" as to Plaintiff. This is patently inadmissible.

---

[3] Although "person" under Rule 404 is not defined, "Rule 404 is regularly applied to corporations." *Feighan v. Res. Sys. Grp. Inc.*, No. CV 20-03759 (BAH), 2023 WL 4623123, at *9 (D.D.C. July 19, 2023) (collecting cases); *see also Donaghey v. Moorpark Bellingham Homeowners Ass'n, Inc.*, No. 222CV08524DSFMAA, 2023 WL 9318509, at *6 (C.D. Cal. Nov. 29, 2023) (citing *Feighan*).

Any attempt to introduce this evidence for a non-propensity purpose also fails. Under Rule 404(b), evidence of other acts is admissible "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). If offered for a non-propensity purpose, it must still meet the rigors of Rules 401 and 403. That is, it must be relevant, and its probative value must not be substantially outweighed by its danger of unfair prejudice. *See United States v. Scarfo*, 41 F.4th 136, 179 (3d Cir. 2022), *cert. denied sub nom. Pelullo v. United States*, 143 S. Ct. 1044 (2023). For the above reasons, the evidence listed above cannot meet this standard and is therefore inadmissible under Rules 401 or 403. Thus, this Court must exclude evidence relating to other RRI properties.

## IV.   CONCLUSION

Plaintiff's alleged trafficking was confined to RRI Norcross. Any attempt to offer evidence from other RRI properties is not only irrelevant to Plaintiff's claims but would also substantially and unfairly prejudice RRI Defendants, confuse the jury, and is improper character evidence. For all these reasons, RRI Defendants request an Order in limine excluding from trial evidence of incidents and crimes from RRI properties other than RRI Norcross.

Dated:  October 21, 2024    Respectfully submitted,

/s/ Marcella C. Ducca
Marcella C. Ducca (Ga Bar No. 115079)
Brandon D. Cox (Ga Bar No. 832025)
GREENBERG TRAURIG LLP
Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, GA  30305
Telephone:  678.553.2100
duccam@gtlaw.com
coxb@gtlaw.com

Chelsea Mikula (*pro hac vice*)
Joseph A. Manno (*pro hac vice*)
Elizabeth C. Arko (*pro hac vice*)
Emily Grace (*pro hac vice*)
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH  44113-7213
Telephone:  216.592-5000
Facsimile:   216.592-5009
chelsea.mikula@tuckerellis.com
joseph.manno@tuckerellis.com
elizabeth.arko@tuckerellis.com
emily.grace@tuckerellis.com

Sandra J. Wunderlich (*pro hac vice*)
TUCKER ELLIS LLP
100 South Fourth Street, Suite 600
St. Louis, MO  63102-1822
Telephone:  314.256.2550
Facsimile:   314.256.2549
sandra.wunderlich@tuckerellis.com

*Attorneys for Defendants Red Roof Inns, Inc., FMW RRI I, LLC, and RRI West Management, LLC*

## **LOCAL RULE 7.1(D) CERTIFICATION**

Counsel certifies that this brief has been prepared with Times New Roman size 14 pt font, which is one of the font and point selections approved by the Court in Local Rule 5.1. This brief does not contain more than 10 characters per inch of type.

Dated: October 21, 2024   */s/ Marcella C. Ducca*
Marcella C. Ducca

*One of the Attorneys for Defendants
Red Roof Inns, Inc., FMW RRI I, LLC,
and RRI West Management, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 21, 2024, a copy of the foregoing was filed electronically. Service of this filing will be made under Fed. R. Civ. P. 5(b)(2)(E) through this Court's electronic filing system. Parties may access the filing through the Court's system.

                                                */s/ Marcella C. Ducca*
                                                Marcella C. Ducca

                                                *One of the Attorneys for Defendants Red Roof Inns, Inc., FMW RRI I, LLC, and RRI West Management, LLC,*