UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| H.B.,<br><br>    Plaintiff,<br><br>v.<br><br>RED ROOF INNS, INC., *et al.*,<br><br>    Defendants. | ) CIVIL ACTION FILE<br>)<br>) NO. 1:22-cv-01181-JPB<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO
EXCLUDE POST-JANUARY 2012 EVIDENCE**

Defendants Red Roof Inns, Inc., FMW RRI I, LLC, and RRI West Management, LLC (RRI Defendants) submit this memorandum of law in support of their Motion to Exclude Post-January 2012 Evidence at trial.

**I.   INTRODUCTION**

Plaintiff sued RRI Defendants under the Trafficking Victims Protection Reauthorization Act (TVPRA) alleging she was trafficked at Red Roof Inn Norcross (RRI Norcross) between December 26, 2011, and January 19, 2012. The TVPRA requires Plaintiff to show the RRI Defendants knowingly benefited from participating in a venture with Plaintiff's traffickers (Lucky, Pizza, and Skii), while having actual or constructive knowledge that this venture violated Section 1591 as to Plaintiff. These elements are plaintiff-specific and venture-specific. Despite this, Plaintiff seeks to introduce evidence of incidents and conduct that post-date

Plaintiff's alleged trafficking at RRI Norcross. This evidence is irrelevant, and any relevance is outweighed by the danger of unfair prejudice and risk that it would confuse and mislead the jury and cause undue delay. It should be excluded.

## II.     LEGAL STANDARD

Trial judges have inherent authority to manage trials, including granting motions in limine. *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984). Judges have broad discretion when ruling on such motions. *See Cook ex rel. Est. of Tessier v. Sheriff of Monroe Cnty., Fla.*, 402 F.3d 1092, 1104-05 (11th Cir. 2005). This Court has discretion to use a motion in limine to exclude inadmissible evidence. *See Wilson v. Pepsi Bottling Grp., Inc.*, 609 F. Supp. 2d 1350, 1359 (N.D. Ga. 2009).

## III.    LAW & ARGUMENT

### A.     Evidence that post-dates the end of Plaintiff's alleged trafficking is irrelevant.

Only relevant evidence is admissible. Evidence is relevant if it tends to make the existence of any fact that matters to the determination of the action more probable than it would be without evidence. Fed. R. Evid. 401. Thus, Plaintiff's evidence must be relevant to her TVPRA claim.

TVPRA liability requires Plaintiff to show (1) each Defendant knowingly benefited, (2) from participating in a venture, (3) that the venture violated the TVPRA, and (4) the beneficiary knew or should have known that the venture violated the TVPRA "**as to the plaintiff**." *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th

714, 726 (11th Cir. 2021); *see also K.H. v. Riti, Inc.*, No. 1:22-CV-3404-MHC, 2023 WL 3644224, at *3 (N.D. Ga. Apr. 17, 2023), *aff'd*, No. 23-11682, 2024 WL 505063 (11th Cir. Feb. 9, 2024). These elements are venture-specific and plaintiff-specific. *See Doe (K.B.) v. G6 Hosp., LLC*, No. 1:23-CV-2597-TWT, 2023 WL 8650785, at *6 (N.D. Ga. Dec. 14, 2023) ("By including the phrase 'as to the plaintiff' in that element, the Eleventh Circuit decided that a complaint must allege plaintiff-specific knowledge of the trafficking rather than mere general knowledge that trafficking is occurring.").

By Plaintiff's own admission, her alleged trafficking ended on January 19, 2012. *See* First Am. Compl., Doc. No. 51. Yet Plaintiff's witness list, exhibit list, and page line designations contain evidence and seek to elicit testimony related to incidents, crimes, and other information that occurred *after* this date. Examining some of the evidence Plaintiff seeks to introduce makes the irrelevance clear:

| **Exhibits**[1] | |
|---|---|
| PX 17-25 | Police reports and call logs that include alleged incidents that post-date January 2012. |
| PX 28 | An anti-trafficking flyer from March 2012. |

---

[1] These exhibits are listed on Plaintiff's exhibit list attached as Exhibit A. Moreover, many of these exhibits are also subject to other motions in limine given that they contain references to other properties, unverified reviews, and hearsay statements. This Motion sets forth additional grounds for excluding this evidence.

| PX 49 | September 2013 incident report for battery at RRI Buckhead. |
|---|---|
| PX 50 | September 2013 incident report for prostitution at RRI Buckhead. |
| PX 49 | July 2013 incident report for battery at RRI Buckhead. |
| PX 51 | A 2013 email from Jay Moyer providing notes for a budget meeting. It does not mention RRI Norcross but does make a singular reference to prostitution generally. |
| PX 52 | A 2013 email from Jay Moyer relating to RRI Buckhead. |
| PX 53 | An August 2012 email from Jay Moyer relating to RRI Buckhead. |
| PX 54 | An October 2012 email from Jay Moyer relating to RRI Buckhead. |
| PX 55 | A 2015 email from Jay Moyer relating to RRI Buckhead. |
| PX 64-73 | Documents containing reviews and summaries relating to various RRI properties including RRI Norcross, many of which post-date January 2012. |
| **Witnesses[2]** | |
| Forrest Castille | Mr. Castille was a front desk worker and interim general manager at an entirely different hotel. As noted in other motions, for this reason alone his testimony is irrelevant in its entirety, but to the extent it is admitted, he should not be able to offer testimony regarding post-January 2012 incidents or information. |
| Michael Thomas | Michael Thomas was a front desk worker at RRI Buckhead in 2012 only. Thomas Dep. at 56-57, Doc. 120. He offers no testimony relating to RRI Norcross. Exhibit B at 3-4 (page line designations). |
| Vanessa Cole | Vanessa Cole was a floating general manager. She should not be permitted to testify about anything related to these other properties, or anything post- January 2012. |

---

[2] Many of these witnesses also offer testimony regarding properties other than RRI Norcross as well as inadmissible lay witness testimony. And for those reasons are subject to separate motions in limine as well.

| John Stocker Individual | Mr. Stocker is the Director of Safety and Security, but he has only held that position since 2017. (Dep. at 83, Doc. 116). Thus, his individual testimony is irrelevant. Exhibit B at 5-6 (page line designations). |
|---|---|
| John Doherty | He has been a police officer with Gwinnett County Police Department since 2000. He and was in a special investigative unit investigating vice crimes from 2005-2020. (Doherty Decl. ¶2, Doc. 106-7). If permitted at all, his testimony should be limited to the relevant time frame. |
| Erin Richardson | She was a police officer with Gwinnett County Police Department from 2008-2014. (Richardson Aff. ¶2, Doc. 106-6). If permitted at all, her testimony should be limited to the relevant time frame. |
| Chuck Warbington | He was the Executive Director of the Gwinnet Village Community Improvement District from 2006-2016. (Warbington Decl. ¶ 2, Doc. 106-8). If permitted at all, his testimony should be limited to the relevant time frame. |

As demonstrated by the non-exhaustive list of documents and testimony that Plaintiff seeks to introduce in this case, this evidence is irrelevant. The TVPRA elements are specific to Plaintiff and her alleged traffickers. Testimony and evidence relating to RRI Norcross, or other RRI properties, post-January 2012 does not have a nexus to any element of the TVPRA. This Court should exclude post-January 2012 evidence. Instead, the jury must decide whether RRI Defendants were participating in a venture that they knew or should have known was allegedly trafficking Plaintiff based on facts that arose during the alleged venture. That decision cannot be based on evidence of events that occurred after the alleged trafficking ended.

And Plaintiff cannot rely on punitive damages as a basis for admission.[3] The reason is simple: this evidence is not tied to Plaintiff, her traffickers, her alleged injuries, or the elements of the TVPRA. Rather, it is unrelated evidence discussing individuals, incidents, times, entities, and non-parties that have nothing to do with Plaintiff's TVPRA claim. But the "Constitution's Due Process Clause forbids a State to use a punitive damages award to punish a defendant for injury that it inflicts upon nonparties[.]" *Philip Morris USA v. Williams*, 549 U.S. 346, 353, (2007). Further, a jury may not "base its award upon 'dissimilar' acts of a defendant." *Id.* at 356, (cleaned up). And while RRI Defendants dispute that any of this evidence shows punitive damages are valid or warranted, this irrelevant post-dated evidence should not even be considered by the jury.

In fact, the United States Supreme Court has made that point clear, noting that punitive damages can be used to punish a defendant for harm that befalls a plaintiff, but it cannot be used to punish a defendant generally for "reprehensible" conduct:

> A defendant's dissimilar acts, independent from the acts upon which liability was premised, may not serve as the basis for punitive damages. A defendant should be punished for the conduct that harmed the plaintiff, not for being an unsavory individual or business. Due process does not permit courts, in the calculation of punitive damages, to

---

[3] RRI Defendants dispute that punitive damages are available under the TVPRA. Moreover, RRI Defendants seek to bifurcate punitive damages entirely, which RRI Defendants intend to make known through a supplemental PTO that the parties are working to file. Plaintiff agrees the amount of punitive damages should be bifurcated. (Doc. 166).

6

adjudicate the merits of other parties' hypothetical claims against a defendant under the guise of the reprehensibility analysis[.]

*State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 422–23, (2003).

Yet, that is what post-January 2012 evidence is: evidence unrelated to Plaintiff, her traffickers, or her injury that speaks to incidents and conduct and acts that post-date her alleged trafficking. Thus, this evidence does not and cannot be a basis for punitive damages against RRI Defendants.

### B. Any probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and undue delay.

Even if evidence from post-January 2012 was relevant (it is not), it still must be excluded because its value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and undue delay. Under Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403; *see also Chem. Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co.*, 89 F.3d 976, 994 (3d Cir. 1996) (affirming exclusion of evidence of misconduct at other sites because it would cause undue delay, mislead, and confuse the jury as to the ultimate factual issues, and carry a significant danger of unfair prejudice). This standard is not met.

Unfair prejudice "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, and emotional one." *Aycock R.J. Reynolds Tobacco Co.*, 769 F.3d 1063, 1069 (11th Cir. 2014) (citing Fed. R. Evid. 403 Advisory Committee Notes). The evidence listed in the above chart meets this standard. Evidence is particularly prone to sway a jury erroneously if it paints defendant in a "socially offensive" light. *Aetna Cas. & Sur. Co. v. Gosdin*, 803 F.2d 1153, 1160 (11th Cir. 1986).

Post-January 2012 evidence falls into this category. This is especially true when the post-January 2012 evidence relates to prostitution and alleged sex trafficking. The reason is simple: it tends to be "too inflammatory to present safely to the jury." *Id.* This danger is keenly present here. The request to admit post-January 2012 evidence as to the TVPRA allows jurors to consider events, incidents, and testimony from time frames that have no relationship to Plaintiff's allegations. This is highly prejudicial. Thus, it creates a substantial risk that jurors will reach a decision based on emotion.

This evidence is also confusing and misleading. Evidence is confusing when it poses a "risk of unfairly inflaming the jury's emotions and sidetracking the trial regarding . . . irrelevant question[s]." *United States v. Henderson*, 409 F.3d 1293, 1298 (11th Cir. 2005). That is exactly what the evidence would do. This evidence will confuse the jury into thinking it can, and should, consider events that happened

after Plaintiff's alleged trafficking. Yet, as discussed, post-2012 evidence is irrelevant and allowing the jury to hear and consider will only confuse the jury.

Post-January 2012 evidence will also cause undue delay by turning this case into multiple separate mini-trials of actions, incidents, and witnesses that offer testimony about events that post-date Plaintiff's alleged trafficking. *See Jones v. Auto. Ins. of Hartford, Conn.*, 917 F.2d 1528, 1537 (11th Cir. 1990) (affirming exclusion of incidents involving other customers because it "would cause undue delay in trial proceedings"). The presentation of this evidence will significantly delay and extend the trial.

Considering the above, and on balance, any probative value of the evidence is remote and minimal and is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and undue delay. Evidence Rule 403 also precludes the admission of such evidence. *See* Fed. R. Evid. 403.

C. **Evidence related to post-January 2012 crimes or incidents are inadmissible under Rule 404(b).**

And to the extent this evidence includes reports of incidents and other crimes that post-date January 2012, that is also irrelevant. Under Rule 404(b),[4] evidence of

---

[4] Although "person" under Rule 404 is not defined, "Rule 404 is regularly applied to corporations." *Feighan v. Res. Sys. Grp. Inc.*, No. CV 20-03759 (BAH), 2023 WL 4623123, at *9 (D.D.C. July 19, 2023) (collecting cases); *see also Donaghey v. Moorpark Bellingham Homeowners Ass'n, Inc.*, No. 222CV08524DSFMAA, 2023 WL 9318509, at *6 (C.D. Cal. Nov. 29, 2023) (citing *Feighan*).

9

a defendant's prior crimes, wrongs, or other acts "is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character" – in other words, it may not be used to show that a person had a propensity for crime. Fed. R. Evid. 404(b)(1). Yet, that is exactly what Plaintiff attempts to do with this evidence— show the jury that RRI Defendants, and their brand, had a "bad reputation" or a "propensity for crime." Put simply, this evidence seeks to show the RRI Defendants acted "in accordance with their character" as to Plaintiff. This is inadmissible.

And any attempt to introduce this evidence for a non-propensity purpose also fails. Under Rule 404(b) evidence of other acts is admissible "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). None of these apply here. But even if Plaintiff wanted to offer this evidence for a non-propensity purpose, it must still meet the rigors of Rules 401 and 403. That is, it must be relevant, and its probative value must not be substantially outweighed by its danger of unfair prejudice. *See United States v. Scarfo*, 41 F.4th 136, 179 (3d Cir. 2022), *cert. denied sub nom*. *Pelullo v. United States*, 143 S. Ct. 1044, 215 L. Ed. 2d 201 (2023). As stated above in Sections A & B, this evidence is not admissible under Rules 401 or 403. Thus, this Court must exclude this evidence.

## IV. CONCLUSION

Plaintiff's alleged trafficking was confined to RRI Norcross between December 26, 2011 and January 19, 2012. The only claim at issue is under the TVPRA. Thus, any attempt to offer evidence post-dating Plaintiff's claims is irrelevant and any relevance would substantially and unfairly prejudice RRI Defendants and confuse the jury.

Dated: October 21, 2024

Respectfully submitted,

/s/ Marcella C. Ducca
Marcella C. Ducca (Ga Bar No. 115079)
Brandon D. Cox (Ga Bar No. 832025)
GREENBERG TRAURIG LLP
Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, GA 30305
Telephone: 678.553.2100
duccam@gtlaw.com
coxb@gtlaw.com

Chelsea Mikula (*pro hac vice*)
Joseph A. Manno (*pro hac vice*)
Elisabeth C. Arko (*pro hac vice*)
Emily Grace (*pro hac vice*)
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113-7213
Telephone: 216.592-5000
Facsimile: 216.592-5009
chelsea.mikula@tuckerellis.com
joseph.manno@tuckerellis.com
elisabeth.arko@tuckerellis.com
emily.grace@tuckerellis.com

Sandra J. Wunderlich (*pro hac vice*)
TUCKER ELLIS LLP
100 South Fourth Street, Suite 600
St. Louis, MO 63102-1822
Telephone:   314.256.2550
Facsimile:    314.256.2549
sandra.wunderlich@tuckerellis.com


*Attorneys for Defendants Red Roof Inns, Inc., FMW RRI I, LLC, and RRI West Management, LLC*

## **LOCAL RULE 7.1(D) CERTIFICATION**

Counsel certifies that this brief has been prepared with Times New Roman size 14 pt font, which is one of the font and point selections approved by the Court in Local Rule 5.1. This brief does not contain more than 10 characters per inch of type.

Dated: October 21, 2024    /s/ *Marcella C. Ducca*
Marcella C. Ducca

*One of the Attorneys for Defendants*
*Red Roof Inns, Inc., FMW RRI I, LLC,*
*and RRI West Management, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2024, a copy of the foregoing was filed electronically. Service of this filing will be made under Fed. R. Civ. P. 5(b)(2)(E) through this Court's electronic filing system. Parties may access the filing through the Court's system.

                                              */s/ Marcella C. Ducca*
                                              Marcella C. Ducca

                                              *One of the Attorneys for Defendants Red Roof Inns, Inc., FMW RRI I, LLC, and RRI West Management, LLC,*