UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| H.B.,<br><br>   Plaintiff,<br><br>v.<br><br>RED ROOF INNS, INC., *et al*.,<br><br>   Defendants. | ) CIVIL ACTION FILE<br>)<br>) NO. 1:22-cv-01181-JPB<br>)<br>)<br>)<br>)<br>) |

### AMENDED MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO EITHER EXCLUDE OR LIMIT LAY WITNESS TESTIMONY

Defendants Red Roof Inns, Inc., FMW RRI I, LLC, and RRI West Management, LLC (RRI Defendants) submit this Memorandum of Law in Support of their Motion to Exclude or Limit Lay Witness Testimony.

**I.  INTRODUCTION & STATEMENT OF RELEVANT FACTS**

Plaintiff alleges that she was subject to sex trafficking at RRI Norcross for three weeks between December 26, 2011 and January 19, 2012. At trial, according to her witness list (Doc. 162-1), it appears Plaintiff may call many witnesses, including multiple law enforcement officers, to testify that they saw "commercial sex" and "sex trafficking" at RRI properties including RRI Norcross. These witnesses include:[1]

---

[1] RRI Defendants reference these witnesses' Declarations and Affidavits. In doing so, Defendants do not concede these are admissible. RRI Defendants object to these documents as inadmissible hearsay. Still, RRI Defendants reference them to show this Court that the testimony offered is inadmissible.

1

| Forrest Castille | Guest service representative and interim general manager, RRI Smyrna from 2008 to 2016. |
|---|---|
| Michael Thomas | Guest service representative at RRI Buckhead in 2012. |
| Vanessa Cole | Floating manager at Red Roof Inn, spent time working at RRI Smyrna and RRI Buckhead. (Cole Aff., Doc. 108-3). |
| Heather Gilmore | Intermittent night auditor at RRI Norcross from 2011 to 2013. (Gilmore Aff., Doc. 107-1). |
| John Stump | Weekend security guard at RRI Norcross from 2010 to 2013. (Stump Aff., Doc. 107-2). |
| Joseph Fonseca | Former special agent with the FBI working crimes against children and violent crimes in Atlanta from 1999 to 2015. Was a member of the Metro Atlanta Child Exploitation Task Force (MATCH) from 2007 to 2014. |
| John Doherty | Police officer Gwinnett County Police Department since 2000. (Doherty Decl., Doc. 106-7). Participated in Plaintiff's rescue on January 19, 2012. PX01.[2] |
| Erin Richardson | Police officer Gwinnett County Police Department 2008–2014. Participated in Plaintiff's rescue in January 19, 2012. (Richardson Aff., Doc. 106-6). |
| Chuck Warbington | Executive director of the Gwinnett Village Community Improvement District from 2006–2016. (Warbington Decl., Doc. 106-8). |

These witnesses should not be permitted to testify or make conclusions that "commercial sex" or "sex trafficking" generally occurred at RRI Norcross, or elsewhere. Rather, this testimony is inadmissible lay witness testimony under Rule 701. This is because the testimony (1) does not help the jury, (2) is not based on personal observations, (3) inappropriately relies on specialized experience, training, knowledge, and skill, or (4) provides an inadmissible legal conclusion to the jury. This testimony should be barred. And if that was not enough, this testimony is

---

[2] RRI Defendants' file this amended memorandum to note that like Erin Richardson, John Doherty was involved in Plaintiff's rescue in 2012. RRI Defendants inadvertently omitted his involvement in that event and correct that here.

2

irrelevant, unfairly prejudicial, confusing, and inappropriate character evidence. It is inadmissible for these additional reasons. Fed. Evid. R. 401, 402, and 404(b). This Court must limit these witnesses' testimony or exclude them entirely at trial.

## II.  LAW & ARGUMENT

Trial judges can rule on motions in limine under the inherent authority to manage trials. *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984). Judges have broad discretion when ruling on such motions. *See Cook ex rel. Est. of Tessier v. Sheriff of Monroe Cnty., Fla.*, 402 F.3d 1092, 1104-05 (11th Cir. 2005). A court should grant motions in limine if the evidence is inadmissible. *See Wilson v. Pepsi Bottling Grp., Inc.*, 609 F. Supp. 2d 1350, 1359 (N.D. Ga. 2009).

### A. Plaintiff's witnesses offer inadmissible lay witness testimony relating to commercial sex and sex trafficking.

Fed. R. Evid. 701 governs opinion testimony by lay witnesses. This Rule limits the testimony to opinions that are (1) rationally based on the witness's perception; (2) helpful to understand the witness's testimony or to determining a fact in issue, and (3) based on scientific, technical, or other specialized knowledge within the scope of Rule 702. Fed. R. Evid. 701. Lay opinions should be based on the witness's "perception" rather than the witness's "knowledge, skill, experience, training, or education." *United States v. Santangelo*, No. 22-10270, 2024 WL 2269137, at *1 (9th Cir. May 20, 2024).

At trial, RRI Defendants anticipate Plaintiff will seek to elicit testimony from witnesses that "commercial sex" and "sex trafficking" was prevalent at RRI

3

Norcross and other RRI properties. These witnesses fall into two categories: lay witnesses with ties to law enforcement/city and lay witnesses that worked at an RRI-branded property. Neither category is permitted to offer these broad opinions under Evid. R. 701.

### 1. Plaintiff's lay witnesses cannot offer legal conclusions.

As a general principle, witnesses "may not offer legal conclusions." *Cook ex rel. Est. of Tessier v. Sheriff of Monroe Cnty., Fla.*, 402 F.3d 1092, 1112 n.8 (11th Cir.2005). Based on this general principle, all witnesses "are prohibited from testifying as to questions of law regarding the interpretation of a statute, the meaning of terms in a statute, or the legality of conduct." *R.W. v. Bd. of Regents of the Univ. Sys. of Georgia*, 114 F. Supp. 3d 1260, 1274 (N.D. Ga. 2015) (quoting *Dahlgren v. Muldrow*, No. 1:06–cv–00065–MP–AK, 2008 WL 186641, at *5 (N.D. Fla. Jan. 18, 2008)).

Despite this, RRI Defendants anticipate Plaintiff will ask these lay witnesses to opine on what sex trafficking is and when it occurred. This is a legal conclusion. To be sure, 18 U.S.C. 1591(a) defines when sex trafficking occurs. And not only that but Section 1591 defines additional terms including "participation in a venture," "commercial sex act," "coercion," "venture," and "serious harm." 18 U.S.C. 1591(e). Plaintiff's lay witnesses cannot walk into court, usurp the role of jurors, and unilaterally declare that sex trafficking occurred, especially when it is not connected to this Plaintiff or this case. This is especially true when these witnesses make these

statements about unidentified victims and perpetrators and RRI Defendants have no way or opportunity to cross examine the veracity of this assertion, let alone flesh out whether the elements of Section 1591 were met. These witnesses must be prohibited from testifying and concluding that sex trafficking occurred.

      **2.    Plaintiff's law enforcement witnesses cannot offer inadmissible lay witness testimony.**

Not one of Plaintiff's law enforcement/city witnesses identified in this Motion,[3] aside from Erin Richardson and John Doherty, who participated in Plaintiff's rescue in January 2012, can or will offer testimony about Plaintiff, her traffickers, or RRI Defendants' alleged participation in a venture with the same. Nor could they. They do not have personal knowledge of any of these events. At most, they could offer generalized testimony about "commercial sex" and "sex trafficking" occurring at RRI Norcross. But this testimony is not helpful to determining any fact at issue.

The reason is simple: this testimony is not specific to Plaintiff or her traffickers, let alone RRI Defendants' conduct in the same. Yet these are the key elements under the TVPRA. To be sure, the Eleventh Circuit has outlined the elements under the TVPRA. In doing so, it found that TVPRA liability requires Plaintiff to show each RRI Defendant (1) knowingly benefited (2) from participating

---

[3] These witnesses include Joseph Fonseca, John Doherty, Chuck Warbington, and Erin Richardson.

in a venture; (3) that venture violated the TVPRA; and (4) the beneficiary knew or should have known that the venture violated the TVPRA "***as to the plaintiff***." *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 726 (11th Cir. 2021) (emphasis added); *see also K.H. v. Riti, Inc.*, No. 1:22-CV-3404-MHC, 2023 WL 3644224, at *3 (N.D. Ga. Apr. 17, 2023), aff'd, No. 23-11682, 2024 WL 505063 (11th Cir. Feb. 9, 2024). These elements are specific to Plaintiff and her traffickers. *See Doe (K.B.) v. G6 Hosp., LLC*, No. 1:23-CV-2597-TWT, 2023 WL 8650785, at *6 (N.D. Ga. Dec. 14, 2023) ("By including the phrase 'as to the plaintiff' in that element, the Eleventh Circuit decided that a complaint must allege plaintiff-specific knowledge of the trafficking rather than mere general knowledge that trafficking is occurring."); *S.J. v. Choice Hotels Int'l, Inc.*, 473 F. Supp. 3d 147, 154 (E.D.N.Y. 2020) ("The real issue is not, then, actual-versus-constructive knowledge but whether a defendant satisfies the knowledge element as to a *particular* sex trafficking venture.").

Whether "commercial sex" or "sex trafficking" occurred at RRI Norcross does not help the jury determine whether RRI Defendants participated in a venture with Plaintiff's traffickers, nor does it help establish that RRI Defendants "should have known" it was participating in a venture that allegedly trafficked Plaintiff. Put simply, testimony from these witnesses that "sex trafficking" and "prostitution" generally occurred is unhelpful to proving any element of the TVPRA. And none of these witnesses, aside from Erin Richardson and John Doherty, perceived anything

related to Plaintiff or her traffickers. This testimony is inadmissible under Fed. Evid. R. 701.

But even if it was helpful (it's not) this testimony is inadmissible for two more reasons. First, testimony relating to "commercial sex" generally is unhelpful on its own. This case is not about "commercial sex" or prostitution generally. And while RRI Defendants recognize that commercial sex with a minor may meet the definition of sex trafficking under Section 1591, that fact does not make all generalized testimony relating to commercial sex/prostitution helpful. The reason is straightforward: prostitution is not sex trafficking. *Doe (L.M.) v. 42 Hotel Raleigh, LLC*, No. 5:23-CV-235-FL, 2024 WL 631482, at *5 (E.D.N.C. Feb. 13, 2024) (collecting cases). Rather, prostitution is a separate crime, with separate elements. *See* O.C.G.A. 10-6-9. Thus, generalized testimony regarding "commercial sex" or "prostitution" without more is unhelpful.

Moreover, any opinions by these witnesses that sex trafficking occurred, or that certain individuals were "sex traffickers" is inadmissible lay witness testimony. As stated above, sex trafficking is a defined legal term. 18 U.S.C. 1591. It is for the jury to decide if the elements have been met. And while lay witnesses may offer opinions based on their observations, Plaintiff's law enforcement witnesses offer opinions that go well beyond their perception. They go much further. Intending to offer opinions that crime, including sex trafficking occurred based on their experience and training:

| John Doherty | "I have taken part in numerous trainings in sex trafficking and human trafficking over the years. I am now a sergeant in charge of the Vice unit in Gwinnett County."<br><br>"*In my experience as a police officer, and from my training* and interactions with many girls and women involved in commercial sex, 90% or more of the "prostitutes" or those involved in commercial sex were actually sex trafficking victims who were either minors, or coerced or controlled by a trafficker. Allowing prostitution on a property is the greatest risk factor for having sex trafficking occur on the property."<br><br>Doherty Decl. at ¶ 2, 7, Doc. 106-7 (emphasis added). |
|---|---|
| Chuck Warbington | "*From my observations and experience* working with the Gwinnett County District Attorney's Office and Norcross Police Department, the hotel appeared to involve a sophisticated network that protected the commercial sex trade, meaning there were people other than the girls being sold for sex involved in keeping the commercial sex operations at the hotel running in a way that avoided the police."<br><br>Warbington Decl. at ¶ 7, Doc. 106-8 (emphasis added). |
| Erin Richardson | "*In my experience through trainings and interviewing girls and women*, 75% or more of the 'prostitutes' that I encountered were being trafficked by a pimp. And most of the independent prostitutes I encountered had started off in the sex business by being trafficked by a pimp."<br><br>Richardson Aff. at ¶ 6 (emphasis added). |
| Joseph Fonseca | Testifying generally and based on his experience and training as a law enforcement at the W.K. trial about "prostitution," "the game," "sex trafficking," and similar terms. Trial Tr. at 14-17, 27–33, Vol. 9, Doc. 590. He received extensive training on these topics through the FBI. Trial Tr. at 37–40, Vol. 9, Doc. 590. |

These opinions are not based on their perceptions as average citizens. *Scarlet Honolulu, Inc. v. Honolulu Liquor Comm'n*, No. CV 21-00457 MWJS-KJM, 2024 WL 4444298, at *3 (D. Haw. Oct. 8, 2024); *United States v. Ebron*, 683 F.3d 105, 136–137 (5th Cir. 2012) ("lay testimony results from a process of reasoning familiar in everyday life."); *United States v. Garcia*, 413 F.3d 201, 215 (2d Cir. 2005 ("a lay opinion must be the product of reasoning processes familiar to the average person in everyday life."). Rather, they are opinions these witnesses offer based on specialized knowledge gained through specialized experience and training. Rule 701 prohibits such lay witness testimony.

In sum, Plaintiff's law enforcement witnesses must be barred from testifying at trial regarding "commercial sex" and "sex trafficking" because this testimony is unhelpful under the TVPRA, is not based on their perception and is instead improperly based on their experience and training. Their testimony must be excluded, or at least limited.[4]

### 3. Plaintiff's RRI employees cannot offer inadmissible lay witness testimony.

Equally flawed, is any attempt by Plaintiff to rely on former employees at Red Roof to establish prostitution and sex trafficking occurred at RRI Norcross, and other RRI properties. The reasons are straightforward. First, this testimony is unhelpful.

---

[4] RRI Defendants do not dispute that Erin Richardson and John Doherty have personal knowledge of the operation that led to Plaintiff's rescue in January 2012 and could testify regarding this event.

9

As outlined above, the TVPRA is plaintiff specific and venture specific. *See supra*, Part II.A.1 (collecting cases). None of these witnesses have, or could, offer testimony relating to Plaintiff or her traffickers. In fact, two of the witnesses, Forrest Castille and Michael Thomas did not work at RRI Norcross, let alone work there during the relevant time. And the only two that did work there—Heather Gilmore and John Stump—did not testify to knowing, seeing, or interacting with Plaintiff or her alleged traffickers.

As such, their testimony relating to crime, prostitution, and "sex trafficking" generally is unhelpful and inadmissible. These witnesses must be excluded or limited in their testimony at trial.

**B.    This testimony is irrelevant to proving Plaintiff's TVPRA claim.**

Even if these witnesses could offer admissible lay witness testimony, their testimony still must be prohibited because it is irrelevant. To be admissible, evidence must be relevant, meaning it tends to make the existence of any fact that affects the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. Irrelevant matters must be excluded. Fed. R. Evid. 402.

The allegations are straightforward: Plaintiff alleges Lucky, Pizza, and Skii trafficked her at RRI Norcross for three weeks in December 2011 and January 2012, at age 16. Still, Plaintiff lists several witnesses on her witness list who will testify about the presence of "commercial sex" generally at RRI Norcross, and other

properties, as well as conclusory statements that this "commercial sex" was indeed "sex trafficking" or a "risk factor" for sex trafficking.[5] None of the testimony, aside from Erin Richardson and John Doherty who were involved in Plaintiff's rescue, has anything to do with Plaintiff or her traffickers. In other words, they have no relation to Plaintiff's singular TVPRA claim. This evidence must be excluded.

> C. **Any probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and undue delay.**

Even if this lay witness testimony on commercial sex and "sex trafficking" generally was relevant (it is not) it still must be excluded because its value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and undue delay. Under Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. This standard is met.

Unfair prejudice means "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Aycock v. R.J. Reynolds Tobacco Co.*, 769 F.3d 1063, 1069 (11th Cir. 2014) (citing Fed. R. Evid. 403 advisory committee's note). Evidence is particularly prone to sway a jury

---

[5] The purpose of this testimony again seems to skirt the requirements of the TVPRA and argue general negligence principles.

11

erroneously and emotionally if it paints defendant in a "socially offensive" light. *Aetna Cas. & Sur. Co. v. Gosdin*, 803 F.2d 1153, 1160 (11th Cir. 1986).

This danger is keenly present here. The reason is simple: this evidence allows jurors to hear evidence about alleged and unconfirmed instances of "crime," "prostitution," and "sex trafficking" and does so often through multiple law enforcement officers. This is little more than a thinly veiled effort on Plaintiff's part to use law enforcement officers as a conduit to solidify and hold RRI Norcross liable for "prostitution" and "sex trafficking" generally even though those incidents are not specific to Plaintiff, her traffickers, or her alleged sex trafficking. Admitting this evidence creates a substantial risk that jurors will reach a decision based on emotion, not the elements of the TVPRA. *See Steger v. Gen. Elec. Co.*, 318 F.3d 1066, 1079 (11th Cir. 2003) (quoting Fed. R. Evid. 403, Advisory Committee Notes). This is especially true when the testimony is presented through law enforcement officers. This prejudice cannot be overstated.

The testimony is also confusing and misleading. Evidence is confusing when it poses a "risk of unfairly inflaming the jury's emotions and sidetracking the trial regarding . . . irrelevant question[s]." *United States v. Henderson,* 409 F.3d 1293, 1298 (11th Cir. 2005). That is exactly what this lay witness testimony does. This testimony will confuse the jury into thinking it can, and should, find the RRI Defendants liable because prostitution and "sex trafficking" occurred at RRI

Norcross, and other RRI properties, even though they have nothing to do with Plaintiff, her traffickers, or the alleged time at issue.

It will also mislead the jury. To be sure, allowing this testimony allows the jury to believe they can infer RRI Defendants' participation in and knowledge of Plaintiff's alleged trafficking simply because others generally observed prostitution, which some of these witnesses tell the jury without foundation was "sex trafficking," at RRI Norcross. This is not the standard. This evidence only confuses and misleads the jury.

Finally, this evidence is cumulative and will cause undue delay. The reason is two-fold. First, it will allow Plaintiff to present testimony from multiple law enforcement officers and RRI employees on the same topics. Multiple witnesses are not needed. Second, it will turn this case into separate mini-trials on the testimony on each instance of crime, including prostitution and sex trafficking, allegedly observed by these witnesses. *See Jones v. Auto. Ins. of Hartford, Conn.*, 917 F.2d 1528, 1537 (11th Cir. 1990) (affirming exclusion of incidents involving other customers because it "would cause undue delay in trial proceedings"). This testimony serves only to significantly delay and extend the trial. *See Chavis v. Clayton Cnty. Sch. Dist.*, 147 F. App'x 865, 868 (11th Cir. 2005) (affirming trial court's decision excluding evidence because of risk that mini-trials would ensue and cause juror confusion and wasted time).

Given this, and on balance, any probative value of the evidence is remote and minimal and is substantially outweighed by the danger of unfair prejudice, confusion of the issues and undue delay. Rule 403 precludes this evidence.

## D. This testimony is inadmissible under Rule 404(b).

Under Rule 404(b),[6] evidence of a defendant's prior crimes, wrongs, or other acts "is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character"—in other words, it may not be used to show that a person had a propensity for crime. Fed. R. Evid. 404(b)(1). Despite Rule 404(b), Plaintiff seeks to call many witnesses that intend to testify that RRI Norcross, and other RRI properties, was "known" for and had a "reputation" for allowing crime, including prostitution. *See, e.g.*, Richardson Aff. at ¶ 9, Doc. 94-21 (RRI Norcross was "known for having high crime, prostitution, and sex trafficking"); Warbington Decl. at ¶ 9, Doc. 106-8 (RRI Norcross' "reputation for allowing these criminal activities was well known by myself and the government officials I worked with regularly"); Gilmore Aff. at ¶ 5, Doc. 107-1 ("when I worked at [RRI Norcross], it was obvious to myself and all employees that crime and prostitution were everywhere at the hotel and in the

---

[6] Although "person" under Rule 404 is not defined, "Rule 404 is regularly applied to corporations." *Feighan v. Res. Sys. Grp. Inc.*, No. CV 20-03759 (BAH), 2023 WL 4623123, at *9 (D.D.C. July 19, 2023) (collecting cases); *see also Donaghey v. Moorpark Bellingham Homeowners Ass'n, Inc.*, No. 222CV08524DSFMAA, 2023 WL 9318509, at *6 (C.D. Cal. Nov. 29, 2023) (citing *Feighan*).

surrounding area."); Stump Aff. at ¶ 6, Doc. 107-2 ("When I worked at the Norcross Red Roof, crime, including drugs and prostitution were rampant at the hotel."); Doherty Decl. at ¶ 4, Doc. 106-7 (RRI Norcross' "reputation for allowing these criminal activities was well known by myself and other members of the Gwinnett County Police Department and members of the Norcross Police Department who also investigated that area").

Put simply, this evidence seeks to show the RRI Defendants acted "in accordance with their character" as to Plaintiffs. This is patently inadmissible.

And any attempt to introduce this evidence for a non-propensity purpose also fails. Under Rule 404(b), evidence of other acts is admissible "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). If offered for a non-propensity purpose, it must still meet the rigors of Rules 401 and 403. That is, it must be relevant, and its probative value must not be substantially outweighed by its danger of unfair prejudice. *See United States v. Scarfo*, 41 F.4th 136, 179 (3d Cir. 2022), *cert. denied sub nom*. *Pelullo v. United States*, 143 S. Ct. 1044, 215 L. Ed. 2d 201 (2023). As stated above, this testimony is not admissible under Rules 401 or 403. Thus, this Court must exclude this evidence.

### III.   CONCLUSION

For these reasons, this Court should grant the RRI Defendants' Motion to Exclude or Limit Lay Witness Testimony.

Dated: October 24, 2024               Respectfully submitted,

/s/ *Marcella C. Ducca*
Marcella C. Ducca (Ga Bar No. 115079)
Brandon D. Cox (Ga Bar No. 832025)
GREENBERG TRAURIG LLP
Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, GA  30305
Telephone:  678.553.2100
duccam@gtlaw.com
coxb@gtlaw.com

Chelsea R. Mikula *(pro hac vice)*
Joseph A. Manno *(pro hac vice)*
Elisabeth C. Arko *(pro hac vice)*
Emily R. Grace *(pro hac vice)*
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH  44113-7213
Telephone:  216.592.5000
Facsimile:   216.592.5009
chelsea.mikula@tuckerellis.com
joseph.manno@tuckerellis.com
elisabeth.arko@tuckerellis.com
emily.grace@tuckerellis.com

Sandra J. Wunderlich *(pro hac vice)*
TUCKER ELLIS LLP
100 South Fourth Street, Suite 600
St. Louis, MO 63102
Telephone:  314.256.2550
sandra.wunderlich@tuckerellis.com

*Attorneys for Defendants Red Roof Inns, Inc., FMW RRI I, LLC, and RRI West Management, LLC*

16

## **RULE 7.1D CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D) of the United States District Court of the Northern District of Georgia, the undersigned certifies that the submission to the Court was computer-processed, double-spaced between lines, and used Times New Roman font of 14-point size.

Dated: October 24, 2024

/s/ *Marcella C. Ducca*
Marcella C. Ducca

*One of the Attorneys for Defendants Red Roof Inns, Inc., FMW RRI I, LLC, and RRI West Management, LLC*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on October 24, 2024, a copy of the above was filed with the United States District Court for the Northern District of Georgia and served on counsel of record through the Court's CM/ECF system.

Dated: October 24, 2024

/s/ *Marcella C. Ducca*
Marcella C. Ducca

*One of the Attorneys for Defendants Red Roof Inns, Inc., FMW RRI I, LLC, and RRI West Management, LLC*