# EXHIBIT B

## W.K. Trial Pretrial Transcript May 29, 2024

```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF GEORGIA
                       ATLANTA DIVISION


W.K. et al.,                    )
                                )
           Plaintiffs,          )
       v.                       )  CIVIL ACTION
                                )  FILE NO. 1:20-CV-05263-VMC
RED ROOF INNS, INC. et al.,     )
                                )
           Defendants.          )  PRETRIAL CONFERENCE
_____ )


  ---------------------------------------------------------


         BEFORE THE HONORABLE VICTORIA M. CALVERT

                 TRANSCRIPT OF PROCEEDINGS

                       MAY 29, 2024


  ---------------------------------------------------------




   Proceedings recorded by mechanical stenography
      and computer-aided transcript produced by


             WYNETTE C. BLATHERS, RMR, CRR
                Official Court Reporter
                 2114 U.S. Courthouse
               75 Ted Turner Drive, SW
                Atlanta, Georgia  30303
                   (404) 215-1547
```

```
APPEARANCES:

For the Plaintiffs:      TIANA S. MYKKELTVEDT
                         AMANDA K. SEALS
                         MICHAEL R. BAUMRIND
                         MANOJ S. (Sachin) VARGHESE
                         Attorneys at Law
                         Bondurant Mixson & Elmore, LLP
                         1201 West Peachtree Street NW
                         Suite 3900
                         Atlanta, Georgia   30309

                         RORY A. WEEKS
                         JONATHAN TONGE
                         PATRICK J. MCDONOUGH
                         Attorneys at Law
                         Andersen, Tate & Carr, P.C.
                         One Sugarloaf Centre
                         1960 Satellite Boulevard
                         Suite 4000
                         Duluth, Georgia   30097

For the Defendants:      CHELSEA R. MIKULA
                         ELISABETH C. ARKO
                         SPENCER E. KREBS
                         JOSEPH A. MANNO
                         Attorneys at Law
                         Tucker Ellis, LLP
                         950 Main Avenue
                         Suite 1100
                         Cleveland, Ohio   44113-7213

                         SANDRA WUNDERLICH
                         Attorney at Law
                         Tucker Ellis, LLP
                         100 South 4th Street
                         Suite 600
                         St. Louis, Missouri   63102

                         MARCELLA C. DUCCA
                         Attorney at Law
                         Greenberg Traurig, LLP
                         Terminus 200, Suite 2500
                         3333 Piedmont Road NE
                         Atlanta, Georgia   30305
```

```
 1  see --
 2          MS. MIKULA:  No.  Her testimony is that we should be
 3  pouring money into reliable indicia to prevent sex
 4  trafficking, not subjective red flags that could be signs of
 5  many other things.  And so she believes that by pouring
 6  millions and millions of dollars solely into these red flags
 7  and focusing on these red flags is improper, and the money
 8  should be spent elsewhere.  She uses the term "secondary
 9  exploitation" to refer to some of that.
10          THE COURT:  What does that have do with these
11  plaintiffs here who are saying they were trafficked?  They're
12  here.
13          MS. MIKULA:  Right.  Well, we can't start the trial
14  with the conclusion that they have been trafficked.  One of
15  the things that they will rely on is that hotel workers should
16  have used the red flags and relied on the red flags as
17  indicators that they were being trafficked.
18  Dr. Mehlman-Orozco would say those are not reliable indicia of
19  trafficking because someone who could exhibit one or two signs
20  could be engaged in a very allowable activity.
21          THE COURT:  Right. Okay.  I could understand you on
22  that.  That's misidentification dueling experts, but the
23  secondary exploitation seems to be criticizing somebody who's
24  not the plaintiffs.  And so I don't understand why that's
25  relevant at all.  So I'm going to exclude her testimony as to
```

```
 1  secondary exploitation.  She can -- it's a she?
 2          MS. MIKULA:  Yes.  It's a she.
 3          THE COURT:  Okay.  She can talk about the
 4  misidentification as it goes to the hotels.  I think there's
 5  some reference to trafficking at airports, and if you want to
 6  get into that just for the purpose of saying the red flags are
 7  the same, that's fine, but I don't want to hear a whole bunch
 8  about airport trafficking because I don't think that's an
 9  issue here.
10          MS. MIKULA:  That's correct.
11          THE COURT:  Okay.  All right.  So that's fine.
12          MS. MIKULA:  The third part was legal conclusions,
13  which she said in her deposition she does not intend to offer,
14  so we agree on that.
15          THE COURT:  Okay. All right. So that's that.  And
16  then the last one I have relates to erroneous and improper
17  RICO arguments.  The defendants agree about not mentioning
18  treble damages or attorney's fees.  So that's that.  I guess
19  that part is granted as unopposed.
20          Then I am going to deny the motion insofar as it
21  seems to me to be trying to get people not to say certain
22  words, "racketeer" or "organized crime," and I don't think
23  that's an issue.  I mean, we're dealing with right now in this
24  country and in this state a RICO trial involving some people
25  who are not members of organized crime, and I just don't think
```

```
 1  you all need to worry about that.  The law is going to be what
 2  I instruct them on.
 3          MS. MYKKELTVEDT:  And I think, your Honor, our point
 4  is not that there's some magic words that the defendants can't
 5  say or that the plaintiffs can't say, but they shouldn't be
 6  allowed to suggest to the jury that they have -- the opposite
 7  of that exactly, which is that you have to be a member of
 8  organized crime.  We're a legitimate hotel, so you'd have to
 9  prove that we're organized crime in order to find that we
10  violated RICO.  Essentially our argument is you shouldn't be
11  allowed to argue things that are inconsistent with Georgia law
12  and RICO.
13          THE COURT:  Okay.  Well, I think that's a nonissue.
14  I mean, if that happened, it would be in closing arguments.
15  By that point you all will have my instructions on the law,
16  and it's going to say what the law is.
17          All right.  I'm done.  So let me just -- I know you
18  all had suggested doing a jury questionnaire, and I thought
19  about that and the logistics of it and realized that we've
20  probably spent so much time with you all going over the
21  answers that it just made sense to do individual voir dire to
22  a point.
23          So what I'm trying to think through in my head are
24  the logistics of how much of the general questioning we would
25  do before we get into the individual voir dire.  My typical
```