UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| H.B., <br><br> Plaintiff, <br><br> v. <br><br> RED ROOF INNS, INC. et al., <br><br> Defendants. | CIVIL ACTION FILE <br><br> NO. 1:22-cv-1181-JPB |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO EXCLUDE AND LIMIT LAY WITNESS TESTIMONY**

Defendants[1] want to keep the truth about how the Red Roof Inn in Norcross, Georgia was run from the jury. The reason is simple: the evidence is credible, overwhelming, and bad for Defendants. But those are not reasons to exclude the testimony of Plaintiff's witnesses. As detailed in Plaintiff's summary-judgment response, Defendants' hotel was a haven for commercial sex, including sex trafficking. Defendants allowed commercial sex to take place at the hotel. Commercial sex activity was obvious. Defendants ignored reports of and complaints about commercial sex activity at the hotel. Defendants' policy was to put "heads in beds," and Defendants cared more about making money than the safety of guests or employees. *See* Doc. 103-1 at 6–15.

---

[1] Red Roof Inns, Inc. ("RRI Inc."); RRI West Management, LLC ("RRI West"); and FMW RRI I, LLC ("FMW RRI").

To help the jury understand Defendants' corporate policies and attitudes toward commercial sex and other illicit activities as well as the hotel's environment, Plaintiff may call several witnesses. These include former Red Roof employees (Forrest Castille, Michael Thomas, Vanessa Cole, Heather Gilmore, and John Stump); then–local law-enforcement officers (Joseph Fonseca, John Doherty, and Erin Richardson); and the former executive director of the Gwinnett Village Community Improvement District in which the Norcross Red Roof sits (Chuck Warbington).

Any opinions these witnesses offer will be based on their own personal knowledge or observations of Red Roof's policies allowing commercial sex and illegal activities at its hotels or personal knowledge and observations at the Norcross Red Roof (or both). For most witnesses, Plaintiff does not expect their testimony to be long. But their testimony is highly relevant to the jury's understanding of what things were like at the Norcross Red Roof in December 2011 and January 2012 when H.B. was repeatedly sold for sex (after being brutally raped and viciously assaulted).

Defendants have tried to defend this case by claiming that the hotel's front desk and housekeeping staff were acting outside the course and scope of their employment when they accepted money from H.B.'s trafficker to serve as lookouts and engaged in other conduct that helped make H.B.'s traffickers feel welcomed at the Norcross Red Roof. Defendants have tried to paint what happened to H.B. as an aberration; something that no one working at the hotel knew or could have known.

Plaintiff is entitled to rebut Defendants' revisionist account of policies and procedures along with what the Norcross Red Roof was like. Plaintiff can counter Defendants' fact-free "defense" that what happened to H.B. was an aberration with evidence showing that it was all-but inevitable. After all, commercial sex involving someone under the age of 18 is federal sex trafficking.[2] Any hotel where commercial sex is both common and welcomed—as it was at the Norcross Red Roof—runs an unacceptable risk of benefiting from a minor like H.B.'s sex trafficking. *Cf. Does 1-4 v. Red Roof Inns, Inc.*, 688 F. Supp. 3d 1247, 1253 (N.D. Ga. 2023) ("Prior incidents of prostitution are sufficiently similar to the crimes that caused Plaintiff's injuries—namely, keeping a place of prostitution, prostitution, pimping, and sexual servitude—to make the latter crimes foreseeable.").

Defendants' motion in limine on lay opinions under Federal Rule of Evidence 701 should be denied in full. At the very least, the Court should defer ruling on the motion until trial when it can do so in light of the evidence presented.

## LEGAL STANDARD

The Court should grant a motion in limine and exclude evidence only if the evidence is clearly inadmissible for any purpose. *Wilson v. Pepsi Bottling Grp., Inc.*,

---

[2] For adults, commercial sex crosses the line from voluntary prostitution, a crime under Georgia law, to federal commercial sex trafficking if "force, fraud, or coercion" is used to cause someone to have commercial sex.

609 F. Supp. 2d 1350, 1359 (N.D. Ga. 2009) (Evans, J.). Defendants bear the burden of proving that the evidence or argument it asks to exclude is inadmissible. *Id.*

## ARGUMENT AND CITATION OF AUTHORITY

Rule 701 provides that a person "not testifying as an expert" can offer "opinion" testimony "that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determine a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Plaintiff's witnesses that Defendants challenge will do precisely that. Thus, their testimony is admissible.

### I.  Plaintiff's witnesses are not offering legal conclusions.

Plaintiff's witnesses will not offer inadmissible "legal conclusions" about what "sex trafficking is and when it occurred." *Contra* Doc. 195 at 4.[3]

Neither federal nor Georgia law have a monopoly on terms like "sex trafficking," "commercial sex," "prostitution," "trafficked," or "the game." *Contra* Doc. 195 at 4–8. To be sure, some of these terms correspond to federal or state crimes (or both). *See, e.g.*, 18 U.S.C. § 1591 (federal sex trafficking); O.C.G.A. § 16-6-9 (prostitution). But one need not be a law-enforcement officer, lawyer, or judge to know what these terms mean. Nor does every use of these terms at trial constitute an

---

[3] Defendants' motion in limine related to lay opinion testimony is Doc. 180. But Defendants filed an amended brief in support of that motion at Doc. 195. Plaintiff cites the amended brief.

4

inadmissible legal conclusion—or even a legal conclusion at all. Witnesses in federal court frequently testify about the conduct they see and characterize it without exclusion as a legal conclusion.

## II.     Plaintiff's lay witnesses are not undisclosed expert witnesses.

Defendants' motion focuses on the affidavits and declarations from several of Plaintiff's witnesses. *See* Doc. 195 at 2. Defendants do not focus on their actual testimony. This alone is a reason for the Court to defer Defendants' motion so that the Court can see how this evidence comes in at trial before deciding on admissibility.

Defendants misunderstand the references to training and experience in the declarations of John Doherty and Chuck Warbington and the affidavit of Erin Richardson. Doc. 195 at 8–9. These references were given primarily to explain why these officers know about what was going on at the Norcross Red Roof. Lay opinions require personal perceptions. Fed. R. Evid. 701(a). The jury is entitled to know why the witness made those personal observations, especially when the observations are of illicit conduct.

Additionally, John Doherty, Chuck Warbington, Erin Richardson, and Joe Fonseca will not be offering expert testimony. The Eleventh Circuit has explained that "'[t]he essential difference' between expert and lay witnesses" is "the ability to answer hypothetical questions." *Travelers Prop. Cas. Co. of Am. v. Ocean Reef Charters LLC*, 71 F.4th 894, 906 (11th Cir. 2023) (quoting *United States v.*

*Henderson*, 409 F.3d 1293, 1300 (11th Cir. 2005)). Plaintiff will not ask these witnesses any hypothetical questions.

At the same time, "Rule 701 does not prohibit lay witnesses from testifying based on particularized knowledge gained from their own personal experiences." *United States v. Jeri*, 869 F.3d 1247, 1265 (11th Cir. 2017) (quoting *United States v. Hill*, 643 F.3d 807, 841 (11th Cir. 2011)). That is no less true because the witness has a "position and experience" that "*could* have qualified him for expert witness status." *Id.* (quoting *United States v. LeCroy*, 441 F.3d 914, 927 (11th Cir. 2006)). Put simply, "[l]ay witnesses may draw on their professional experiences to guide their opinions without necessarily being treated as expert witnesses." *Id.* So long as the witness's "testimony is 'rationally based on'" "his professional experiences" and not "on scientific or technical knowledge," the testimony is admissible under Rule 701. *United States v. Williams*, 865 F.3d 1328, 1341 (11th Cir. 2017). "Indeed, law-enforcement officers can testify as lay witnesses even though their expertise often makes them more efficient or productive at their jobs." *Jeri*, 869 F.3d at 1265.

*Jeri* and *Williams* offer proof that law-enforcement officers can provide lay opinion testimony under Rule 701 despite extensive expertise. For example, in *Jeri*, a law-enforcement officer testified about his experience interviewing drug couriers and about the relative size of a drug seizure. The officer testified about his vast experience in drug investigations, and that, based on his vast experience, the seizure at

6

issue was a "very meticulous and a very—a thought-of plan" and that seizures of that size attract media attention. 869 F.3d at 1265. The Eleventh Circuit held that the officer's testimony "was not improper expert testimony" and that it "merely showed [the officer's] familiarity with narcotics investigations and his experience interviewing drug couriers, which had been developed during his tenure as a law-enforcement officer." *Id.* The same is true here.

And in *Williams*, the Coast Guard witnesses testified about objects they saw that resembled cocaine bales found in previous drug cases. 865 F.3d at 1341–42. The Eleventh Circuit held that their testimony was admissible under Rule 701 because in comparing the packages they saw in that case to those seen in earlier cases, the witnesses provided "an assessment of 'the appearance' and 'size' of objects that required no scientific or technical knowledge." *Id*. at 1341–42.

Here, the testimony of Doherty, Warbington, Richardson, or Fonseca will focus on their personal perceptions and observations. Their testimony will likely reflect a familiarity with certain aspects of criminality. This makes sense given that these witnesses came to have personal perceptions and observations about the Norcross Red Roof through their professional work. But that they have (more or less) professional training and experience into vice crimes like sex trafficking or prostitution does not make their testimony about the Norcross Red Roof inadmissible under Rule 701. *See United States v. McLellan*, 958 F.3d 1110, 1113–14 (11th Cir. 2020)

(holding officer's testimony about "correlation between weapons and drugs" was admissible as lay opinion under Rule 701).

### III. The testimony of Red Roof employees about the commercial sex related activities they observed is admissible.

Unsurprisingly, Defendants do not want their former employees telling the jury about Red Roof's policy of allowing commercial sex at the hotel, ignoring reports about it, and doing so to increase profits. Doc. 103-1 at 6–15. In their motion in limine, Defendants claim that evidence of the hotel allowing sex trafficking and prostitution are irrelevant to Plaintiff's TVPRA claim. Doc. 195 at 10–11. But this Court has found in rejecting Defendants' summary-judgment motion, Plaintiff is entitled to rely on both direct and circumstantial evidence based on the totality of the circumstances to prove actual knowledge or deliberate ignorance. *Does 1-4*, 688 F. Supp. 3d at 1254, *cited with approval*, Doc. 158 at 19–20.

The Norcross Red Roof was a corporate hotel (at least at the times relevant to this case). So how Red Roof ran other corporate hotels in the same geographic area and who were supervised by the same boss is relevant. Corporate policies about what sort of guests are allowed and how they should be treated do not vary from location to location. So if Red Roof corporate allowed and encouraged a neighboring Red Roof hotel to allow commercial sex (and other illicit activities)—but to put those guests at the back of the property—then that policy is relevant to the Norcross Red Roof. What's more, some of this testimony by Red Roof employes related to other

8

hotels can be used to impeach or rebut the testimony of witnesses who will testify about the Norcross Red Roof.

Despite what Defendants say, evidence of the rampant commercial sex activity at Norcross Red Roof is relevant to Plaintiff's TVPRA claim. The jury has to determine whether Defendants knew or should have known that the venture did an act in violation of the TVPRA. § 1595(a). But what a hotel knows or should know when it comes to minor sex trafficking is surely influenced by what has happened at the hotel before. As Judge Ray said in *Does 1-4* and this Court quoted in its order denying summary judgment, proof of deliberate ignorance can be made by circumstantial evidence of the totality of the circumstances. Part of that totality of the circumstances is what has happened at the hotel (and neighboring hotels) before.

**IV.     Rule 403 does not apply to these witnesses' testimony.**

Despite Defendants' contrary claim, the testimony of these witnesses about what they personally observed at the Norcross Red Roof does not warrant exclusion under Rule 403. The probative value of their testimony greatly outweighs any unfair prejudice, which is none.

Unlike Defendants, Plaintiff has confidence that a Northern District of Georgia jury will be able to distinguish Plaintiff's claims against Defendants from the conduct about which Plaintiff's witnesses will testify. Plaintiff knows that the jury will follow the Court's instructions and the law. As a result, the jury will not be

confused or mislead about whether it is returning a verdict based on Plaintiff's case or those of unnamed others who are discussed only in terms of what former Red Roof employees and other witnesses observed firsthand.[4]

Accurately describing the conditions at the Norcross Red Roof does not erroneously or emotionally paint Defendants in a "socially offensive" light. *Contra* Doc. 195 at 12. H.B.'s victimization occurred in a context. That context includes her trafficker's belief that the Norcross Red Roof was a safe place to sell minors for sex. The jury is entitled to know that.

## V. Rule 404(b) does not apply to these witnesses' testimony.

The testimony of Plaintiff's witnesses about the Norcross Red Roof's reputation for being a haven of criminal activity, including commercial sex, is not inadmissible character evidence under Rule 404(b). In fact, the testimony of Plaintiff's witnesses about the hotel's reputation serves many admissible purposes. Rule 404(b)(2) allows "[e]vidence of any other crime, wrong, or act" to be admitted where the evidence helps "prov[e] motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."

---

[4] While evidence of Defendants' general knowledge about sex trafficking might not be sufficient by itself to establish the knowledge element of a TVPRA claim, that doesn't mean this evidence is irrelevant. Rather, the relevance of this evidence derives from its ability to allow the jury to decide what the hotel should have done to avoid being deliberately ignorant.

Here, the fact that both hotel staff (Heather Gilmore and John Stump) and local law enforcement and community workers (Doherty, Richardson, Warbington) were well acquainted with the hotel's reputation in the community helps prove that what happened to H.B. was not a mistake or accident. It also shows the hotel's knowledge about the problem and unwillingness or refusal to do anything about this reputation. This evidence also corroborates H.B.'s testimony that the reason her trafficker continued to return to the Norcross Red Roof was he felt safe and welcomed. This evidence provides insight into the opportunity for H.B. to sold for sex repeatedly as a minor while at the hotel. Thus, this evidence is not inadmissible under Rule 404(b)(1).

## CONCLUSION

The jury deserves to hear about Defendants' policies and willingness to provide rooms to known and suspected criminals, including those selling sex. The jury deserves to hear about Defendants' widespread knowledge about commercial sex activity at the hotel. The jury deserves to hear about Defendants' unwillingness or refusal to take steps to stop commercial sex activity at the hotel. And the right witnesses to provide this perspective are former employees and law-enforcement and community leaders who had personal experiences with the Norcross Red Roof during the relevant period. Defendants' motion in limine should be denied in full but at the very least the Court should defer ruling until the evidence comes in at trial.

Respectfully submitted on October 28, 2024.

                                            ANDERSEN, TATE & CARR, P.C.

                                            *Rory A. Weeks*
                                            PATRICK J. MCDONOUGH
                                            Georgia Bar No. 489855
                                            pmcdonough@atclawfirm.com
                                            JONATHAN S. TONGE
                                            Georgia Bar No. 303999
                                            jtonge@atclawfirm.com
                                            RORY A. WEEKS
                                            Georgia Bar No. 113491
                                            rweeks@atclawfirm.com
                                            JENNIFER M. WEBSTER
                                            Georgia Bar No. 760381
                                            jwebster@atclawfirm.com
                                            *Attorneys for Plaintiff*

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rules 5.1(C) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font type and size requirements and is formatted in Times New Roman, 14-point font.

Respectfully submitted on October 28, 2024.

                                          ANDERSEN, TATE & CARR, P.C.

                                        *Rory A. Weeks*
                                        PATRICK J. MCDONOUGH
                                        Georgia Bar No. 489855
                                        pmcdonough@atclawfirm.com
                                        JONATHAN S. TONGE
                                        Georgia Bar No. 303999
                                        jtonge@atclawfirm.com
                                        RORY A. WEEKS
                                        Georgia Bar No. 113491
                                        rweeks@atclawfirm.com
                                        JENNIFER M. WEBSTER
                                        Georgia Bar No. 760381
                                        jwebster@atclawfirm.com
                                        *Attorneys for Plaintiff*

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the attorneys of record.

Respectfully submitted on October 28, 2024.

ANDERSEN, TATE & CARR, P.C.

*Rory A. Weeks*
PATRICK J. MCDONOUGH
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
JONATHAN S. TONGE
Georgia Bar No. 303999
jtonge@atclawfirm.com
RORY A. WEEKS
Georgia Bar No. 113491
rweeks@atclawfirm.com
JENNIFER M. WEBSTER
Georgia Bar No. 760381
jwebster@atclawfirm.com
*Attorneys for Plaintiff*

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile