UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| H.B., <br><br> Plaintiff, <br><br> v. <br><br> RED ROOF INNS, INC. et al., <br><br> Defendants. | CIVIL ACTION FILE <br><br> NO. 1:22-cv-1181-JPB |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF UNVERIFIED CUSTOMER REVIEWS**

Defendants[1] ran the Red Roof Inn in Norcross, Georgia in December 2011 and January 2012. While at the hotel, 16-year-old H.B. was held against her will; viciously choked and physically assaulted; threatened with violence against her and her family by Lucky, a handgun-wielding trafficker; savagely raped and robbed of her virginity; and sold for sex repeatedly—up to 15 times a day. The Red Roof Inn was different from the few other hotels where Lucky trafficked H.B. because (1) the hotel did not bother him when he was selling H.B.; and (2) the hotel staff helped him do it. Hotel staff rented rooms to Lucky several times during this period, despite knowing (or at the very least willfully ignoring) that he was selling the minor H.B. for sex. Front desk and housekeeping staff took money from Lucky to act as lookouts

---

[1] Red Roof Inns, Inc. ("RRI Inc."); RRI West Management, LLC ("RRI West"); and FMW RRI I, LLC ("FMW RRI").

and hide the operation from the police. The hotel's housekeepers also helped Lucky by supplying H.B.'s room with extra towels multiple times a day and discarding the used condoms in the room. The signs of sex trafficking were everywhere, including in online reviews. Yet no one at the hotel did anything. H.B.'s unimaginable ordeal ended only because police raided the hotel, rescuing H.B. in the process.

H.B. sued Defendants under the civil-liability statute of the Trafficking Victims Protection Reauthorization Act (TVPRA), 18 U.S.C. § 1595(a). After discovery closed, Defendants moved for summary judgment. The Court denied that motion. Doc. 158. Trial starts in fifteen days.

To prevail on her TVPRA beneficiary claim, Plaintiff need only show that Defendants knowingly benefited from participating in a venture that violated the TVPRA as to H.B., and they knew or should have known that the venture violated the TVPRA as to H.B. *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 726 (11th Cir. 2021). Defendants seek to exclude certain evidence from Plaintiff, including "unverified customer reviews," arguing they are irrelevant, inadmissible hearsay, inadmissible character evidence, and unfairly prejudicial. *See* Doc. 187-1. In making these arguments, Defendants disregard established legal principles and the purposes for which this evidence is being offered—not for the truth of the matter asserted, but for notice. Therefore, the Court should deny Defendants' motion in limine.

## LEGAL STANDARDS

The Court should only grant a motion in limine to exclude evidence if the evidence is clearly inadmissible for any purpose. *See Wilson v. Pepsi Bottling Grp., Inc.,* 609 F. Supp. 2d 1350, 1359 (N.D. Ga. 2009) (Evans, J.). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in the proper context." *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010). Defendants bear the burden of proving that the evidence or argument it seeks to exclude is inadmissible. *Wilson*, 609 F. Supp. 2d at 1359.

Requiring Defendants to object at trial, even if a motion in limine is granted or denied, does not create an undue burden on Defendants. Defendants must do so to preserve the issue for appeal. *See Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1285 (11th Cir. 2000) (holding that a granted motion in limine excluding certain testimony did not preserve the issue for appeal where the plaintiff failed to timely object to the testimony's admission at trial); *Judd v. Rodman*, 105 F.3d 1339, 1342 (11th Cir. 1997) (stating that an overruled motion in limine does not preserve a party's objection for appeal; a timely objection at trial is required).

No motion in limine should be granted unless it very precisely and with particularity identifies what it seeks to proscribe at trial. The Court and Plaintiff both have an absolute right at trial to notice if and when Defendants claims an evidentiary

error has occurred or a Court ruling has been violated. This is the purpose of an objection. Defendants' lawyers certainly know how to object. The Court should deny motions in limine that are vague, overbroad, fail to specify what evidence should be excluded, or are made in the abstract, anticipating hypothetical situations that may or may not materialize at trial. *See Showan v. Pressdee*, No. 1:16-cv-468, 2017 WL 9400750, at *4 (N.D. Ga. Nov. 3, 2017) (Evans, J.) (denying motions in limine as "too vague to warrant a ruling *in limine*"), *aff'd*, 922 F.3d 1211 (11th Cir. 2019).

## ARGUMENT AND CITATION TO AUTHORITY

I. **Defendants' misunderstanding of the TVPRA similarly leads them to misunderstand what evidence is relevant to Plaintiff's TVPRA claims.**

Defendants claim that if any piece of evidence does not directly connect Defendants to H.B., then it is inadmissible. That is not now, nor has it ever been the law. If it were, it would eviscerate TVPRA civil liability. The Eleventh Circuit has said that the elements of a civil beneficiary claim are:

> the defendant (1) knowingly benefitted, (2) from taking part in a common undertaking or enterprise involving risk and potential profit [*i.e.,* participation in a venture], (3) that undertaking or enterprise violated the TVPRA as to the plaintiff, and (4) the defendant had constructive or actual knowledge that the undertaking or enterprise violated the TVPRA as to the plaintiff.

*Doe #1 v. Red Roof Inns Inc.*, 21 F.4th 714, 726 (11th Cir. 2021).

Defendants' claim assumes that the "as to the plaintiff" language appended to *Doe #1*'s third and fourth elements modifies the first two elements as well. It does

4

not. To begin, neither the Eleventh Circuit in *Doe #1* nor any other court to Plaintiff's counsel's knowledge ever applied the "as to the plaintiff" language to the first two elements. And there would be no reason to repeat the "as to the plaintiff" language for elements (3) *and* (4) but not (1) and (2) if the phrase modified all four elements. The expression of one—or two, as the case may be—is the exclusion of the others.

Regardless, Defendants misuse the "as to the Plaintiff" language in elements 3 and 4 in *Doe #1* to impose a heightened standard incompatible with the statute. To be clear, this language was dicta. "[D]icta is defined as those portions of an opinion that are not necessary to deciding the case," and likewise, a holding "can reach only as far as the facts and circumstances presented to the Court in the case which produced that decision." *United States v. Caraballo-Martines*, 866 F.3d 1233, 1244 (11th Cir. 2017). As the Seventh Circuit observed in *G.G. v. Salesforce.com*, the Eleventh Circuit did not affirm dismissal in *Doe #1* based on lack of knowledge of a particular plaintiff's specific circumstances. 76 F.4th 544, 561–62 (7th Cir. 2023); *see Doe #1*, 21 F.4th at 727 (emphasizing that its ruling was based on how the Plaintiffs "chose to frame the ventures at issue as sex trafficking ventures").

Unlike *Doe #1*, the Seventh Circuit in *Salesforce did* address whether the TVPRA requires constructive knowledge of the plaintiff's specific circumstances, holding that such knowledge is not required. Salesforce argued that for it to have

5

constructive knowledge, it was insufficient to show the venture had violated § 1591 generally and that plaintiffs had to "allege and later prove that [Salesforce] should have known about the" plaintiff's trafficking "in particular." *Id.* at 556. Analyzing the statutory text,[2] the Seventh Circuit reasoned that the statute requires constructive knowledge that the venture "engaged in *an act* in violation of this chapter," not "*the* act" that caused a plaintiff's injury, and the court refused to "rewrite the statutory text by substituting 'the' for 'an.'" *Salesforce*, 76 F.4th 556.

The Seventh Circuit emphasized that requiring knowledge of the plaintiff's specific trafficking circumstances would undermine the TVPRA's goals. If Salesforce (and Defendants') interpretation were correct, it would be increasingly more difficult for an individual victim "to obtain civil relief" as the sex-trafficking venture grew larger and a defendant's participation in it more extensive, because it would become increasingly "less likely" the defendant would "have known the specifics of individual victims." *Id.* A defendant could participate in a venture that it knew or should have known was engaging in sex trafficking "on a large scale" and then "bury its head in the sand with respect to individual victims" so it could later disclaim even constructive knowledge of their circumstances. *Id.* at 557. "Nothing in the statutory text requires such an off result." *Id.*; *see also Doe v. MG Freesites,*

---

[2] *See, e.g.*, *Dotson v. United States*, 30 F.4th 1259, 1265 (11th Cir. 2022) (statutory construction "must begin[ ] with the language of the statute itself").

6

*LTD*, No. 7:21-cv-220, 2023 WL 8792153, at *10 (N.D. Ala. Dec. 19, 2023) (holding that evidence "regarding Defendants' policies and practices . . . could be used to meet this element of the TVPRA claim" under the standard set in *Doe #1*).

To the contrary, even under the higher "actual knowledge" standard, the Eleventh Circuit has held that "deliberate ignorance" is enough. *United States v. Prather*, 205 F.3d 1265, 1270 (11th Cir. 2000). "[I]f a party has his suspicions aroused but then deliberately omits to make further enquiries, because he wishes to remain in ignorance, he is deemed to have knowledge." *Id.* But all of this is largely beside the point, because there *is* evidence to establish that Defendants should have known of the trafficking of H.B., though that's not required under the TVPRA. *See* Doc. 103-1 at 4–19. Even worse, there is evidence to establish that Defendants had actual knowledge of the trafficking of H.B. *Id.*

II. **Because customer reviews are admissible when not offered for the truth of the matter asserted therein, the Court should deny Defendants' motion *in limine*.**

Defendants' hearsay objection to this evidence is a nonstarter. Under Fed. R. Evid. 802, hearsay is generally inadmissible. But "[h]earsay is a statement, other than one made by a declarant while testifying at trial, offered in evidence to prove the truth of the matter asserted." *United States v. Rivera*, 780 F.3d 1084, 1092 (11th Cir. 2015) (citing Fed. R. Evid. 801(c)). The definition of hearsay specifically excludes evidence that is not offered to prove the truth of the matter asserted. *See* Fed.

7

R. Evid. 801(c); *see also United States v. Valdes-Fiallo*, 213 F. App'x 957, 960 (11th Cir. 2007) ("Evidence that is not offered to prove the truth of the matter asserted is not hearsay."). Plaintiff is not offering these reviews for the truth of the matters asserted within them. Instead, the reviews are presented to establish Defendants' participation in a venture under the TVPRA. Specifically, the reviews demonstrate that Defendants were on notice of the illicit activities occurring on their premises.

Defendants' argument that the reviews are inadmissible under Rule 404(b) also goes nowhere. While Rule 404(b) excludes evidence of prior crimes, wrongs, or other acts "to prove a person's character to show that on a particular occasion the person acted in accordance with the character," such evidence may be admissible for other purposes. These purposes include "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Plaintiff offers these reviews for notice, knowledge, and intent.

For these reasons, the Court should deny Defendants' motion in limine because the customer reviews are admissible for other relevant purposes.

III. **None of the Rule 403 factors substantially outweigh the probative value of the customer reviews.**

Defendants argue that evidence should be excluded under Rule 403 because, according to Defendants, these reviews have no relevance. Plaintiff has shown why that's wrong, above. And Defendants' case—*Atena Casualty & Surety Co. v.*

*Gosdin*—undermines its Rule 403 argument. 803 F.2d 1153, 1159 (11th Cir. 1986). *Aetna* involved a bad faith insurance coverage dispute following arson of a shopping mall. The court excluded allegations of pimping, pandering, and drug distribution at the property because of "their lack of relevance to the facts at issue in the case." *Id*. In contrast, prostitution and trafficking are at the heart of this case.

Defendants next argue that the Court should exclude the customer reviews because they are "inflammatory." *See* Doc. 187-1 at 7. Perhaps. But this is a case about sex trafficking—a state and federal crime. There is no inoffensive way to litigate persistent prostitution and the forced sale of women and girls for sex. Rule 403 does not allow the exclusion of evidence that is merely prejudicial; indeed, all evidence that supports the Plaintiff's claim is prejudicial to the other side's defenses. Only "unfair prejudice" matters. *See, e.g., United States v. King*, 713 F.2d 627 (11th Cir. 1983).

Here, there is nothing unfair about the jury learning, for example, that Red Roof failed to take sufficient steps in response to voluminous complaints of prostitution, instead choosing to profit from it. This evidence is relevant to Red Roof's constructive knowledge of trafficking and to Plaintiffs' punitive damages claim. Any prejudice stemming from this evidence is fair game because Red Roof's response when notified about prostitution and trafficking at the hotel is a critical issue.

Finally, to the extent that Defendants challenge this evidence as cumulative or a waste of time, that is a determination better left to trial—when the Court will be able to consider the evidence already introduced as well as the proposed additional testimony. *See, e.g., Doe v. Rollins College*, No. 6:18-cv-1069, 2021 WL 2481923, at *6 (M.D. Fla. Feb. 25, 2021) ("[D]etermining whether the evidence is needlessly cumulative must also be determined in context.").

## CONCLUSION

The Court should deny Defendants' motion in limine because the customer reviews do not constitute inadmissible hearsay or character evidence and are pertinent to Plaintiff's claim. Moreover, the probative value of these reviews significantly outweighs any potential prejudice to the Defendants. In the alternative, Plaintiff requests that the Court defer ruling on Defendants' motion in limine until trial.

Respectfully submitted on October 28, 2024.

ANDERSEN, TATE & CARR, P.C.

*/s/ Rory A. Weeks*
Patrick J. McDonough
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
Jonathan S. Tonge
Georgia Bar No. 303999
jtonge@atclawfirm.com
Rory A. Weeks
Georgia Bar No. 113491
rweeks@atclawfirm.com
Jennifer M. Webster

              Georgia Bar No. 760381
              jwebster@atclawfirm.com
              *Attorneys for Plaintiff*

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rules 5.1(C) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font type and size requirements and is formatted in Times New Roman, 14-point font.

Respectfully submitted on October 28, 2024.

            ANDERSEN, TATE & CARR, P.C.

            */s/ Rory A. Weeks*
            Patrick J. McDonough
            Georgia Bar No. 489855
            pmcdonough@atclawfirm.com
            Jonathan S. Tonge
            Georgia Bar No. 303999
            jtonge@atclawfirm.com
            Rory A. Weeks
            Georgia Bar No. 113491
            rweeks@atclawfirm.com
            Jennifer M. Webster
            Georgia Bar No. 760381
            jwebster@atclawfirm.com
            *Attorneys for Plaintiff*

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the attorneys of record.

Respectfully submitted on October 28, 2024.

ANDERSEN, TATE & CARR, P.C.

*/s/ Rory A. Weeks*
Patrick J. McDonough
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
Jonathan S. Tonge
Georgia Bar No. 303999
jtonge@atclawfirm.com
Rory A. Weeks
Georgia Bar No. 113491
rweeks@atclawfirm.com
Jennifer M. Webster
Georgia Bar No. 760381
jwebster@atclawfirm.com
*Attorneys for Plaintiff*

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile