UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| H.B., <br><br> Plaintiff, <br><br> v. <br><br> RED ROOF INNS, INC. et al., <br><br> Defendants. | CIVIL ACTION FILE <br><br> NO. 1:22-cv-1181-JPB |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO EXCLUDE HEARSAY STATEMENTS BY PLAINTIFF AT TRIAL**

Defendants[1] ran the Red Roof Inn in Norcross, Georgia in December 2011 and January 2012. While at the hotel, 16-year-old H.B. was held against her will; viciously choked and physically assaulted; threatened with violence against her and her family by Lucky, a handgun-wielding trafficker; savagely raped and robbed of her virginity; and sold for sex repeatedly—up to 15 times a day. The Red Roof Inn was different from the few other hotels where Lucky trafficked H.B. because (1) the hotel did not bother him when he was selling H.B.; and (2) the hotel staff helped him do it. Hotel staff rented rooms to Lucky several times during this period, despite knowing (or at the very least willfully ignoring) that he was selling the minor H.B. for sex. Front desk and housekeeping staff took money from Lucky to act as lookouts

---

[1] Red Roof Inns, Inc. ("RRI Inc."); RRI West Management, LLC ("RRI West"); and FMW RRI I, LLC ("FMW RRI").

and hide the operation from the police. The hotel's housekeepers also helped Lucky by supplying H.B.'s room with extra towels multiple times a day and discarding the used condoms in the room. The signs of sex trafficking were everywhere. Yet no one at the hotel did anything. H.B.'s unimaginable ordeal ended only because police raided the hotel, rescuing H.B. in the process.

H.B. sued Defendants under the civil-liability statute of the Trafficking Victims Protection Reauthorization Act (TVPRA), 18 U.S.C. § 1595(a). After discovery closed, Defendants moved for summary judgment. The Court denied that motion. Doc. 158. Trial starts in fifteen days.

In denying Defendants' summary-judgment motion, the Court held that "Lucky's out of court statement regarding the lookout agreement is admissible" and thus not hearsay. Doc. 158 at 10. Completely ignoring the Court's admissibility ruling, Defendants again seek to exclude that same statement as hearsay. Doc. 180-1 at 1–2. The Court need not and should not reconsider its prior admissibility ruling. Instead, the Court should deny Defendants' motion in limine.

## LEGAL STANDARDS

**I.   Reconsideration of interlocutory rulings.**

This Court has "inherent authority to correct its own errors, so long as it possesses jurisdiction over the action." *Hornady v. Outokumpu Stainless USA, LLC*, --- F.4th ----, 2024 WL 4471161, at *8 (11th Cir. 2024). When asked to reconsider an

interlocutory ruling, the Court's discretion "is governed by the law-of-the-case doctrine, which in this context functions as a guide for courts rather than 'a limit on their power.'" *Id.* (cleaned up). Yet as the Eleventh Circuit explained, "in most instances district courts should hesitate before revisiting their earlier interlocutory orders; important interests of finality, stability, and predictability underly that justifiable caution." *Id.* (emphasis omitted). Indeed, the Eleventh Circuit has "gently" encouraged district courts to "keep in mind the general point that 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" *Id.* (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)). As a result, when a party "simply rehashe[s] arguments already considered and rejected," the rejection of the party's motion is "typically" not an abuse of discretion. *Id.* at *9.

## II. Motions in limine.

The Court should grant a motion in limine and exclude evidence only if the evidence is clearly inadmissible for any purpose. *Wilson v. Pepsi Bottling Grp., Inc.*, 609 F. Supp. 2d 1350, 1359 (N.D. Ga. 2009) (Evans, J.). Defendants bear the burden of proving that the evidence or argument it asks to exclude is inadmissible. *Id.*

## ARGUMENT AND CITATION OF AUTHORITY

**I.    H.B.'s testimony that Lucky told her he paid the hotel's front desk and housekeeping staff is admissible.**

There is little to add to the Court's thorough analysis of whether Lucky's statements are inadmissible hearsay in the summary-judgment order. Doc. 158 at 6–10. Surprisingly, Defendants neither cite nor engage with the Court's analysis and prior decision. Instead, their motion in limine is little more than a rehash of arguments from their summary-judgment briefs. In any event, Defendants are still wrong about H.B.'s testimony about Lucky's statement that he paid the hotel's front desk and housekeeping staff being inadmissible hearsay.

Hearsay is generally inadmissible. Fed. R. Evid. 802. "Hearsay is a statement, other than one made by a declarant while testifying at trial, offered in evidence to prove the truth of the matter asserted." *United States v. Rivera*, 780 F.3d 1084, 1092 (11th Cir. 2015) (citing Fed. R. Evid. 801(c)). But excluded from this definition of hearsay are out-of-court statements "made by the party's coconspirator during and in furtherance of the conspiracy" that are offered against the opposing party. Fed. R. Evid. 802(d)(2)(E). This exclusion applies to both civil and criminal cases. Fed. R. Evid. 1102(b).

In the Eleventh Circuit, "the word 'conspiracy' in Rule 801(d)(2)(E) means an arrangement to work together toward a shared goal." *United States v. Holland*, 117 F.4th 1352, 1356 (11th Cir. 2024). For the out-of-court statement of a

4

coconspirator to be admissible, the conspiracy need not be unlawful or illegal. "So long as those statements were made during and in furtherance of a joint venture that included an opposing party, the statements are admissible." *Id.* at 1354.

As the Court concluded in its summary-judgment order, H.B. needs to show "by a preponderance of the evidence: (1) that a conspiracy existed, (2) that the defendant and the declarant were members of the conspiracy, and (3) that the statement was made during the court and in furtherance of the conspiracy." Doc. 158 at 9 (quoting *United States v. Van Hemelryck*, 945 F.2d 1493, 1497–98 (11th Cir. 1991)). H.B. did so, as the Court held, because her testimony "that she personally observed Lucky make payments to Hotel employees" was independent "corroborating evidence of the lookout agreement." *Id.* at 10. Plus, as the Court held, "the payments and related conversation furthered the objective of the agreement." *Id.* Thus, as this Court has already held, "Lucky's out of court statement regarding the lookout agreement is admissible." *Id.*

Undeterred by the Court's prior ruling, Defendants say that "courts have consistently found that statements to non-conspirators informing them of the conspiracy are rarely in furtherance of the conspiracy." Doc. 180-1 at 6. Yet even if Defendants' broad claim were generally correct, it has no application here. Because while not a coconspirator, H.B. was essential to the sex-trafficking business Lucky was running and from which Defendants were benefiting.

5

The goal of H.B.'s traffickers was to sell H.B. for sex as often as possible. Defendants' goal was to have "heads in beds."[2] By telling H.B. about the paid lookouts, Lucky accomplished at least four things:

(1) He let H.B. know that the hotel staff were on his side—not H.B.'s side—and that help from them was unlikely.

(2) He let H.B. know that he had taken steps to avoid getting caught by the police.

(3) He let H.B. know another reason he felt safe repeatedly returning and staying at the Red Roof Inn as well as a reason the hotel staff did not bother them while they were there.

(4) He let H.B. know to take seriously a call from hotel staff about police activity.

Defendants' claim that Lucky's statement served no purpose is, as the Court already held, wrong.

## CONCLUSION

Because Lucky's out-of-court statement about paying the hotel's front desk and housekeeping staff to serve as lookouts is admissible, the Court should deny—again—Defendants request to have it excluded as inadmissible hearsay.

—*signatures appear on the next page*—

---

[2] Doc. 106-4, Gilmore Dep. 22:1–7.

Respectfully submitted on October 28, 2024.

                                ANDERSEN, TATE & CARR, P.C.

                                *Rory A. Weeks*
                                PATRICK J. MCDONOUGH
                                Georgia Bar No. 489855
                                pmcdonough@atclawfirm.com
                                JONATHAN S. TONGE
                                Georgia Bar No. 303999
                                jtonge@atclawfirm.com
                                RORY A. WEEKS
                                Georgia Bar No. 113491
                                rweeks@atclawfirm.com
                                JENNIFER M. WEBSTER
                                Georgia Bar No. 760381
                                jwebster@atclawfirm.com
                                *Attorneys for Plaintiff*

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rules 5.1(C) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font type and size requirements and is formatted in Times New Roman, 14-point font.

Respectfully submitted on October 28, 2024.

                                                ANDERSEN, TATE & CARR, P.C.

                                                *Rory A. Weeks*
                                                PATRICK J. MCDONOUGH
                                                Georgia Bar No. 489855
                                                pmcdonough@atclawfirm.com
                                                JONATHAN S. TONGE
                                                Georgia Bar No. 303999
                                                jtonge@atclawfirm.com
                                                RORY A. WEEKS
                                                Georgia Bar No. 113491
                                                rweeks@atclawfirm.com
                                                JENNIFER M. WEBSTER
                                                Georgia Bar No. 760381
                                                jwebster@atclawfirm.com
                                                *Attorneys for Plaintiff*

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the attorneys of record.

Respectfully submitted on October 28, 2024.

                                              ANDERSEN, TATE & CARR, P.C.

                                              *Rory A. Weeks*
                                              PATRICK J. MCDONOUGH
                                              Georgia Bar No. 489855
                                              pmcdonough@atclawfirm.com
                                              JONATHAN S. TONGE
                                              Georgia Bar No. 303999
                                              jtonge@atclawfirm.com
                                              RORY A. WEEKS
                                              Georgia Bar No. 113491
                                              rweeks@atclawfirm.com
                                              JENNIFER M. WEBSTER
                                              Georgia Bar No. 760381
                                              jwebster@atclawfirm.com
                                              *Attorneys for Plaintiff*

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile