UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| H.B.,<br><br>    Plaintiff,<br><br>v.<br><br>RED ROOF INNS, INC. et al.,<br><br>    Defendants. | CIVIL ACTION FILE<br><br>NO. 1:22-cv-1181-JPB |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF UNRELATED CRIMES AND INCIDENTS AT RED ROOF INN NORCROSS**

Defendants[1] ran the Red Roof Inn in Norcross, Georgia in December 2011 and January 2012. While at the hotel, 16-year-old H.B. was held against her will; viciously choked and physically assaulted; threatened with violence against her and her family by Lucky, a handgun-wielding trafficker; savagely raped and robbed of her virginity; and sold for sex repeatedly—up to 15 times a day. The Red Roof Inn was different from the few other hotels where Lucky trafficked H.B. because (1) the hotel did not bother him when he was selling H.B.; and (2) the hotel staff helped him do it. Hotel staff rented rooms to Lucky several times during this period, despite knowing (or at the very least willfully ignoring) that he was selling the minor H.B.

---

[1] Red Roof Inns, Inc. ("RRI Inc."); RRI West Management, LLC ("RRI West"); and FMW RRI I, LLC ("FMW RRI").

for sex. Front desk and housekeeping staff took money from Lucky to act as lookouts and hide the operation from the police. The hotel's housekeepers also helped Lucky by supplying H.B.'s room with extra towels multiple times a day and discarding the used condoms in the room. The signs of sex trafficking were everywhere. Yet no one at the hotel did anything. H.B.'s unimaginable ordeal ended only because police raided the hotel, rescuing H.B. in the process.

H.B. sued Defendants under the civil-liability statute of the Trafficking Victims Protection Reauthorization Act (TVPRA), 18 U.S.C. § 1595(a). After discovery closed, Defendants moved for summary judgment. The Court denied that motion. Doc. 158. Trial starts in fifteen days.

To prevail on her TVPRA beneficiary claim, Plaintiff need only show that Defendants knowingly benefited from participating in a venture that violated the TVPRA as to H.B., and they knew or should have known that the venture violated the TVPRA as to H.B. *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 726 (11th Cir. 2021). Defendants seek to exclude specific evidence presented by Plaintiff, including "evidence of unrelated crimes and incidents at RRI Norcross," on the grounds that it is irrelevant, constitutes inadmissible character evidence, and is unfairly prejudicial. Doc. 186-1. However, evidence of other crimes, particularly drug-related offenses, is relevant to Defendants' constructive knowledge. For that reason, Plaintiff is not offering this evidence for improper character-related purposes.

Defendants rely heavily on Rule 403, which "is an extraordinary remedy which should be used only sparingly." *United States v. Jayyousi*, 657 F.3d 1085, 1108 (11th Cir. 2011) (quoting *United States v. Merrill*, 513 F.3d 1293, 1301 (11th Cir. 2008)). Defendants fall short of carrying their doubly heavy burden in moving in limine under Rule 403. Put simply, Defendants cannot explain why the evidence is *unfairly* prejudicial as opposed to simply bad for them.

Defendants' motion in limine should be denied.

## LEGAL STANDARD

The Court should only grant a motion in limine to exclude evidence if the evidence is clearly inadmissible for any purpose. *See Wilson v. Pepsi Bottling Grp., Inc.*, 609 F. Supp. 2d 1350, 1359 (N.D. Ga. 2009) (Evans, J.). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in the proper context." *See United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010). Defendants bear the burden of proving that the evidence or argument it seeks to exclude is inadmissible. *Wilson*, 609 F. Supp. 2d at 1359.

Requiring Defendants to object at trial, even if a motion in limine is granted or denied, does not create an undue burden on Defendants. Defendants must do so to preserve the issue for appeal. *See Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1285 (11th Cir. 2000) (holding that a granted motion in limine excluding

certain testimony did not preserve the issue for appeal where the plaintiff failed to timely object to the testimony's admission at trial); *Judd v. Rodman*, 105 F.3d 1339, 1342 (11th Cir. 1997) (stating that an overruled motion in limine does not preserve a party's objection for appeal; a timely objection at trial is required).

No motion in limine should be granted unless it very precisely and with particularity identifies what it seeks to proscribe at trial. The Court and Plaintiff both have an absolute right at trial to notice if and when Defendants claim an evidentiary error has occurred or a Court ruling has been violated. This is the purpose of an objection. Defendants' lawyers certainly know how to object. The Court should deny motions in limine that are vague, overbroad, fail to specify what evidence should be excluded, or are made in the abstract, anticipating hypothetical situations that may or may not materialize at trial. *See Showan v. Pressdee*, No. 1:16-cv-468, 2017 WL 9400750, at *4 (N.D. Ga. Nov. 3, 2017) (Evans, J.) (denying motions in limine as "too vague to warrant a ruling in limine), aff'd, 922 F.3d 1211 (11th Cir. 2019).

## ARGUMENT AND CITATION OF AUTHORITY

**I. Defendants' misunderstanding of the TVPRA similarly leads them to misunderstand what evidence is relevant to Plaintiff's TVPRA claims.**

Defendants claim that if any piece of evidence does not directly connect Defendants to H.B., then it is inadmissible. That is not now, nor has it ever been the law. If it were, it would eviscerate TVPRA civil liability. The Eleventh Circuit has said that the elements of a civil beneficiary claim are:

> the defendant (1) knowingly benefitted, (2) from taking part in a common undertaking or enterprise involving risk and potential profit [*i.e.,* participation in a venture], (3) that undertaking or enterprise violated the TVPRA as to the plaintiff, and (4) the defendant had constructive or actual knowledge that the undertaking or enterprise violated the TVPRA as to the plaintiff.

*Doe #1 v. Red Roof Inns Inc.*, 21 F.4th 714, 726 (11th Cir. 2021).

Defendants' claim assumes that the "as to the plaintiff" language appended to *Doe #1*'s third and fourth elements modifies the first two elements as well. It does not. To begin, neither the Eleventh Circuit in *Doe #1* nor any other court to Plaintiff's counsel's knowledge ever applied the "as to the plaintiff" language to the first two elements. And there would be no reason to repeat the "as to the plaintiff" language for elements (3) *and* (4) but not (1) and (2) if the phrase modified all four elements. The expression of one—or two, as the case may be—is the exclusion of the others.

Regardless, Defendants misuse the "as to the Plaintiff" language in elements 3 and 4 in *Doe #1* to impose a heightened standard incompatible with the statute. To be clear, this language was dicta. "[D]icta is defined as those portions of an opinion that are not necessary to deciding the case," and likewise, a holding "can reach only as far as the facts and circumstances presented to the Court in the case which produced that decision." *United States v. Caraballo-Martines*, 866 F.3d 1233, 1244 (11th Cir. 2017). As the Seventh Circuit observed in *G.G. v. Salesforce.com*, the Eleventh Circuit did not affirm dismissal in *Doe #1* based on lack of knowledge of

5

a particular plaintiff's specific circumstances. 76 F.4th 544, 561–62 (7th Cir. 2023); *see Doe #1*, 21 F.4th at 727 (emphasizing that its ruling was based on how the Plaintiffs "chose to frame the ventures at issue as sex trafficking ventures").

Unlike *Doe #1*, the Seventh Circuit in *Salesforce did* address whether the TVPRA requires constructive knowledge of the plaintiff's specific circumstances, holding that such knowledge is not required. Salesforce argued that for it to have constructive knowledge, it was insufficient to show the venture had violated § 1591 generally and that plaintiffs had to "allege and later prove that [Salesforce] should have known about the" plaintiff's trafficking "in particular." *Id.* at 556. Analyzing the statutory text,[2] the Seventh Circuit reasoned that the statute requires constructive knowledge that the venture "engaged in *an act* in violation of this chapter," not "*the* act" that caused a plaintiff's injury, and the court refused to "rewrite the statutory text by substituting 'the' for 'an.'" *Salesforce*, 76 F.4th 556.

The Seventh Circuit emphasized that requiring knowledge of the plaintiff's specific trafficking circumstances would undermine the TVPRA's goals. If Salesforce (and Defendants') interpretation were correct, it would be increasingly more difficult for an individual victim "to obtain civil relief" as the sex-trafficking venture grew larger and a defendant's participation in it more extensive, because it

---

[2] *See, e.g.*, *Dotson v. United States*, 30 F.4th 1259, 1265 (11th Cir. 2022) (statutory construction "must begin[ ] with the language of the statute itself").

would become increasingly "less likely" the defendant would "have known the specifics of individual victims." *Id.* A defendant could participate in a venture that it knew or should have known was engaging in sex trafficking "on a large scale" and then "bury its head in the sand with respect to individual victims" so it could later disclaim even constructive knowledge of their circumstances. *Id.* at 557. "Nothing in the statutory text requires such an off result." *Id.*; *see also Doe v. MG Freesites, LTD*, No. 7:21-cv-220, 2023 WL 8792153, at *10 (N.D. Ala. Dec. 19, 2023) (holding that evidence "regarding Defendants' policies and practices . . . could be used to meet this element of the TVPRA claim" under the standard set in *Doe #1*).

To the contrary, even under the higher "actual knowledge" standard, the Eleventh Circuit has held that "deliberate ignorance" is enough. *United States v. Prather*, 205 F.3d 1265, 1270 (11th Cir. 2000). "[I]f a party has his suspicions aroused but then deliberately omits to make further enquiries, because he wishes to remain in ignorance, he is deemed to have knowledge." *Id.* But all of this is largely beside the point, because there *is* evidence to establish that Defendants should have known of the trafficking of H.B., though that's not required under the TVPRA. *See* Doc. 103-1 at 4–19. Even worse, there is evidence to establish that Defendants had actual knowledge of the trafficking of H.B. *Id.*

**I.** **Because evidence of crimes at Red Roof Inn Norcross other than sex trafficking and prostitution are relevant for reasons other than those**

7

**prohibited by Rule 404(b), the Court should deny Defendants' motion in limine.**

Evidence of other crimes—particularly drug crimes—is relevant under the totality of the circumstances to show constructive knowledge. That is, this evidence relates to whether Defendants knew or should have known their venture violated the TVPRA as to H.B. As Judge Ray explained last year,

> it is well established that a federal claims "knowledge element" "can be proved by demonstrating either actual knowledge or deliberate ignorance." "If a party has his suspicions aroused but then deliberately omits to make further enquiries, because he wishes to remain in ignorance, he is deemed to have knowledge." And to prove either actual knowledge or deliberate ignorance, [a] Plaintiff may rely on both direct evidence and circumstantial evidence based on the "totality" of circumstances.

*Does 1-4 v. Red Roof Inns, Inc.*, 688 F. Supp. 3d 1247, 1254 (N.D. Ga. 2023) (internal citations omitted).

Indeed, Defendants agree that there is a relationship between drug crimes and prostitution. A Red Roof corporate representative testified that when employees suspect or observe drug-related crimes, they should be on the lookout for prostitution "[b]ecause prostitutes and johns are oftentimes involved in illegal drugs." Doc. 116, Stocker Dep. 40:23–41:1, 41:7–11; *see also* Ex. 1, PX 57 at RRI_WK_00011247–48 (Red Roof's operations manual instructs that "[w]hen drug sales are suspected, look for . . . [i]ncrease complaints or observations of possible prostitution.").

Defendants are not alone in recognizing this connection. The Georgia Court of Appeals applied a totality of circumstances test in *Suresh & Durga, Inc. v. Jane*

8

*Doe* and held that a "history of crime," combined with evidence of, among other things, the "open and obvious nature of" that history, presented a fact question on reasonable foreseeability. 894 S.E.2d 602, 608 (Ga. Ct. App. 2023). This evidence included a witness who testified that the hotel had "a reputation as a popular and common area for drugs, gang activity, prostitution, and sex trafficking, including of minors." *Id.* at 606.

Evidence of extensive criminal conduct occurring at Red Roof Inn Norcross—including drug crimes, prostitution, and violent crimes—is relevant to Plaintiff's claim. The evidence shows that trafficking or prostitution-related crimes at this hotel was often intertwined with other criminal activity, including drugs and violence. *See, e.g.*, Doc. 129-3, Richardson Aff. (stating the Red Roof Inn was known for high crime, prostitution, and sex trafficking). And again, Red Roof is itself aware of the degree to which drug activity can make crimes like prostitution and sex trafficking reasonably foreseeable. Thus, evidence of crimes other than prostitution and sex trafficking is relevant to Defendants' actual or constructive knowledge.[3]

---

[3] Undoubtedly, all the crimes that Plaintiff intends to introduce are connected to prostitution and sex trafficking. In fact, Plaintiff does not plan to present evidence of any specific criminal incident, such as an isolated incident of armed robbery. However, witnesses in this case have testified that Defendants had a policy of permitting prostitution and crime as well as prostitution and drug dealing. Doc. 114, Gilmore Dep. 22:16–23:6, 90:25–91:2; Doc. 107-1, Gilmore Aff. ¶ 13; Doc. 130, Stump Dep. 19:25–20:5, 21:9–17; Doc. 107-2, Stump Aff. ¶ 6. Plaintiff should be permitted to present evidence of that policy along with witness testimony confirming

Defendants' assertion that other crimes are inadmissible under Rule 404(b) is unpersuasive. Although Rule 404(b) prohibits the use of evidence regarding prior crimes, wrongs, or acts to establish a person's character and suggest that they act in accordance with that character on a specific occasion, such evidence can still be admissible for other purposes. These purposes include demonstrating "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.* Plaintiff offers this evidence for notice and knowledge.

## II. The probative value of all crimes at the Red Roof Inn Norcross substantially outweigh any Rule 403 factor.

Defendants argue that Plaintiff's use of this evidence is "little more than a thinly veiled effort on Plaintiff's part to try and hold RRI Norcross liable for general "crimes" and unfounded incidents even though those incidents are not specific to Plaintiff or her traffickers." Doc. 186-1 at 6. This is false. As discussed above, crimes related to trafficking or prostitution at these hotels were frequently linked with other criminal activities, such as drug offenses and violence. And Defendants themselves recognize such a connection. *See* Ex.1, PX57 at RRI_WK_00011247–48 (Red Roof's operations manual instruction that "[w]hen drug sales are suspected, look for . . . [i]ncrease complaints or observations of possible prostitution").

---

that it was indeed Defendants' policy. This is especially true given that Red Roof's position is that what happened to H.B. was an aberration.

Furthermore, there is nothing unfair about the jury learning, for example, that Defendants failed to take sufficient steps in response to voluminous incidents of sex trafficking, prostitution, and other related crime, instead choosing to profit from it. This evidence is relevant to Defendants' constructive knowledge of trafficking and to Plaintiffs' punitive damages claim. Any prejudice stemming from this evidence is fair game because Red Roof's response to prostitution and trafficking is a crucial issue.

Finally, the determination of whether this evidence will cause undue delay (or is cumulative or a waste of time) is better left to trial—when the Court will be able to consider the evidence already introduced as well as the proposed evidence and testimony. *See, e.g.*, *Doe v. Rollins College*, No. 6:18-cv-1069, 2021 WL 2481923, at *6 (M.D. Fla. Feb. 25, 2021) ("[D]etermining whether the evidence is needlessly cumulative must also be determined in context."). Rule 403, which "is an extraordinary remedy which should be used only sparingly." *United States v. Jayyousi*, 657 F.3d 1085, 1108 (11th Cir. 2011). Such relief is premature at this stage of litigation.

## CONCLUSION

The Court should deny Defendants' motion in limine. Clinging to a misinterpretation of the TVPRA, Defendants seek to exclude relevant evidence. Neither Rule 404(b) nor Rule 403 supports this evidence's exclusion. At a minimum, the Court

11

should delay ruling on this motion until trial when the context of the evidence can be fully assessed.

Respectfully submitted on October 28, 2024.

ANDERSEN, TATE & CARR, P.C.

*Rory A. Weeks*
Patrick J. McDonough
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
Jonathan S. Tonge
Georgia Bar No. 303999
jtonge@atclawfirm.com
Rory A. Weeks
Georgia Bar No. 113491
rweeks@atclawfirm.com
Jennifer M. Webster
Georgia Bar No. 760381
jwebster@atclawfirm.com
*Attorneys for Plaintiff*

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rules 5.1(C) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font type and size requirements and is formatted in Times New Roman, 14-point font.

Respectfully submitted on October 28, 2024.

                                                     ANDERSEN, TATE & CARR, P.C.

                                                     *Rory A. Weeks*
                                                     Patrick J. McDonough
                                                     Georgia Bar No. 489855
                                                     pmcdonough@atclawfirm.com
                                                     Jonathan S. Tonge
                                                     Georgia Bar No. 303999
                                                     jtonge@atclawfirm.com
                                                     Rory A. Weeks
                                                     Georgia Bar No. 113491
                                                     rweeks@atclawfirm.com
                                                     Jennifer M. Webster
                                                     Georgia Bar No. 760381
                                                     jwebster@atclawfirm.com
                                                     *Attorneys for Plaintiff*

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the attorneys of record.

Respectfully submitted on October 28, 2024.

                                            ANDERSEN, TATE & CARR, P.C.

                                            */s/ Rory A. Weeks*
                                            Patrick J. McDonough
                                            Georgia Bar No. 489855
                                            pmcdonough@atclawfirm.com
                                            Jonathan S. Tonge
                                            Georgia Bar No. 303999
                                            jtonge@atclawfirm.com
                                            Rory A. Weeks
                                            Georgia Bar No. 113491
                                            rweeks@atclawfirm.com
                                            Jennifer M. Webster
                                            Georgia Bar No. 760381
                                            jwebster@atclawfirm.com
                                            *Attorneys for Plaintiff*

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile