IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| H.B., | ) |
|     Plaintiff, | ) |
| v. | ) CIVIL ACTION FILE |
| | ) NO. 1:22-CV-01181-JPB |
| RED ROOF INNS, INC.; and | ) |
| FMW RRI I, LLC. | ) |
|     Defendants. | ) |

## DEFENDANT RED ROOF INNS, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW Red Roof Inns, Inc. (hereinafter "RRI" or "Defendant), a Defendant in the above-captioned civil action, and hereby responds to Plaintiffs' First Request for Production of Documents to Defendant Red Roof Inns Inc., as follows:

### PRELIMINARY STATEMENT

1. The following Responses are based upon information presently available to Defendant, which Defendant believes to be correct. These Responses are made without prejudice to its right to utilize subsequently discovered facts.

2. No incidental or implied admissions of fact by Defendant is made by the Responses below. The only admissions are express admissions. The fact that Defendant has responded to any Requests herein may not be properly taken as an admission that Defendant accepts or admits the existence of any facts set forth or assumed by such Requests, or that such Responses constitute admissible evidence. The fact that Defendant has responded to part or all of the Requests is not intended to be, and shall not be construed to be, a waiver by Defendant of all or any part of any objections made by Defendant to any Request.

1

product doctrine and/or was made in anticipation of litigation and/or exceeds the permissible scope of discovery. Defendant further objects to this Request as overbroad and not tailored to the subject of this lawsuit because it requests documents from properties other than the subject property, and documents too remote in time.

18.

Any and all documentary evidence or other tangible evidence which is reasonably calculated to lead to the discovery of relevant or admissible evidence, regarding any of the Plaintiff's claims in this action or Defendant's defenses.

**RESPONSE**: Defendant objects to this Request as vague and overbroad because Plaintiff's Complaint contains 106 numbered paragraphs, some of which contain multiple allegations.  This Request does not specify which "claims" alleged it applies to in the Complaint.  Defendant further objects to the extent this Request seeks documents protected by the attorney-client privilege and work-product doctrine.

Subject to and without waiving this objection, Defendant has no documents responsive to this Request.

19.

All reports and/or documents or records of any kind received from any experts who have investigated any issue relevant to the subject incident and relevant to this lawsuit.  Also, please produce the entire file of all experts, including all materials relied upon by each expert in formulating their opinions and conclusions and all records created by any expert.

**RESPONSE: Defendant has no documents responsive to this Request at this time. Defendant reserves the right to supplement this response as discovery progresses and as required by the Georgia Civil Practice Rules.**

20.

All documents evidencing the name and contact information (address, phone number,

9

email) for all employees who worked at the Hotel at any point from 2007 through 2012, including the complete personnel file of same.

RESPONSE:  Defendant objects to this Request as overbroad and not tailored to the subject of this lawsuit because it is not limited to the relevant time period or subject matter. **Defendant has no documents responsive to this Request because it is beyond the relevant document retention policy, which has been produced to Plaintiff.**

21.

All records, documents, notes, memoranda, minutes, and all other items evidencing all safety and/or security meetings related to the Hotel from 2007 to January 2012.

RESPONSE: Defendant objects to this Request as overbroad and not tailored to the subject of this lawsuit because it is not limited to the relevant time period.  Defendant further objects to this Request to the extent it seeks information or documentation protected from disclosure pursuant to attorney client privilege and/or work product doctrine and/or was made in anticipation of litigation and/or exceeds the permissible scope of discovery.

Subject to and without waiving this objection, Defendant has no documents responsive to this Request because it is beyond the relevant document retention policy, which has been produced to Plaintiff.

22.

All budgets for security at the Hotel from 2007 through 2012.

RESPONSE: Defendant objects to this Request as over-burdensome, vague, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence because it is not limited to a specific subject matter.

Subject to and without waiving this objection, Defendant has no documents responsive to this Request because it is beyond the relevant document retention policy,

10

Respectfully submitted this 19th day of August, 2022.

|  |  |
|---|---|
|  | */s/ Tameika L. Briscoe* |
|  | CHARLES K. REED |
|  | Georgia Bar No. 597597 |
|  | ADI ALLUSHI |
| LEWIS BRISBOIS BISGAARD | Georgia Bar No. 852810 |
| & SMITH LLP | TAMEIKA L. BRISCOE |
| 600 Peachtree Street NE | Georgia Bar No. 517405 |
| Suite 4700 |  |
| Atlanta, Georgia 30308 | *Attorneys for Defendants Red Roof Inns, Inc.* |
| (404) 348-8585 |  |
| (404) 467-8845 Facsimile |  |
| Chuck.Reed@lewisbrisbois.com |  |
| Adi.Allushi@lewisbrisbois.com |  |
| Tameika.Briscoe@lewisbrisbois.com |  |