| | |
|---|---|
| **From:** | Wunderlich, Sandra J. <Sandra.Wunderlich@tuckerellis.com> |
| **Sent:** | Thursday, October 24, 2024 2:58 PM |
| **To:** | Jonathan S. Tonge; Manno, Joseph A.; Rory Weeks |
| **Cc:** | Pat McDonough; duccam@gtlaw.com; coxb@gtlaw.com; Grace, Emily; Arko, Elisabeth Leonard; Jennifer M. Webster; Mikula, Chelsea |
| **Subject:** | RE: H.B. - GA - DE Red Roof Inns Supplemental Responses to Discovery |

CAUTION: This email originated from outside your organization. Exercise caution when opening attachments or clicking links, especially from unknown senders.

Hi Jon. It was nice to talk to you on Tuesday. I'm glad we were able to clear the air.  We have checked with our client and confirmed that they do not have information dating back to 2007, and that Plaintiff has been provided the entire list of employees at Norcross that RRI Defendants are able to identify from their legacy HR databases.

We appreciate you sending us the list of sanctions that you are planning to seek.  Setting aside any legal arguments we have against a motion for sanctions, and the procedural requirements before filing one, we are providing you with our response to each of your requested remedies.

**<u>Remedy 1:</u> That Defendants not be permitted to call the witnesses on the provided lists in their case. This is the default sanction under Rule 37(c)(1), which states "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless."**

As far as not calling witnesses on the list, from our perspective, there are 3 possible categories of witnesses:

(1)  witnesses that you tried to contact but were unable to contact because you did not have their last known address and telephone number;
(2)  witnesses that you were able to find through your own efforts whether you spoke to them or not; and
(3)  witnesses that you knew about, and either did not try to contact or did not ask for their deposition.

These 3 categories cannot be treated the same, and the only witnesses that should be at issue are the ones that you were unable to find without their last known address or phone number.  For those witnesses, we have agreed that you can add them to your witness list, you can depose them out of time, and we even offered to pay the costs associated with

previously trying to locate them.  We are sure that you have communications with your PI about who she tried to locate and could not when you got the list back in February 2023.

For the witnesses that you were able to find and that you spoke to, or chose not to pursue, we do not see why we would be precluded from calling these witnesses or why you would be able to add them to your witness list now because you actually found them.  For the third category of witnesses, if you made no effort to find them or contact them or ask for their deposition, we do not see how that can be blamed on Red Roof Inn.

For purposes of clarity, the two witnesses on RRI's list that we may call (Kim Rachal and Nicole Carter), there is no question that you knew about them. One of them your PI talked to, and the other one is a current employee that you could have requested her deposition but did not. As such, as to those two witnesses, we cannot agree that we are precluded from calling them. For the others on the list, we have already agreed you can add them and depose them IF you were not able to reach them during the discovery period because you did not have their contact information.  We think that is a fair compromise here.  To the extent this Remedy 1 is intended to include a request that RRI be precluded from cross-examining the witnesses that you depose or call, we cannot agree to that request.

**Remedy 2:  Defendants cannot introduce evidence of what those listed employees (or unnamed employees in a general sense) knew or did not know, did or did not do, or were or were not trained on. This is partially due to the fact that Defendants cannot verify that the list is true and accurate, thus, there may be even more witnesses that have not been disclosed and who Plaintiff cannot call or investigate.**

With respect to this one, I would refer you back to our response to Remedy 1 above.  We cannot agree to be precluded from calling witnesses that you had the opportunity to contact but did not or witnesses that you contacted. Nor can we be precluded from presenting evidence regarding the policies and procedures at the hotel, any training that employees would have been provided generally, etc. With respect to the comment that we cannot verify that the list is true and accurate, as we have explained, Red Roof Inn does not have an employee with personal knowledge of the employees at the hotel due to the passage of time. What it does have are some legacy databases from which some archived information can be extracted. Red Roof has given you a verification that this information came from RRI's systems and documents, and to the best of our knowledge it is accurate and complete.  To suggest that we cannot call any witnesses that worked at the hotel because you are seeking information from 12-16 years ago and there is no one with personal knowledge who can identify every single employee who worked at the hotel is not only unreasonable, it contradicts the plain language of Rule 33(b)(2) ("The interrogatories must be answered:...if that party is a public or private corporation, a partnership, an association, or a governmental agency, by any officer or agent, who must furnish the information available to the party.")

**Remedy 3:  An adverse inference instruction that Defendants possessed contact information for its former employes, did not provide that information as required during the discovery period, and as such, the jury is permitted to infer that the testimony of any witnesses on that list not called at trial would have been unfavorable to Defendants.**

It is also not reasonable or appropriate that the jury would be given an adverse inference instruction here.  The names of the witnesses were not withheld from you; you were not prevented from doing your own investigation to find these witnesses. Although we disagree as to the applicability of the rules you have cited, ultimately, if the rule applies, it sets forth the consequence—the party that did not disclose the information cannot use that information at trial. Period.  It does not reference an adverse inference. And such an instruction, would be particularly improper for the witnesses that you contacted, or that you knew about and did not either request their deposition or try to contact them. Thus, Red Roof does not agree this sanction is warranted or proper.

**Remedy 4:  Reasonable expenses (private investigator) and attorneys' fees related to dealing with this issue presently and for searching for these witnesses the first time.**

We have already indicated that we are willing to consider paying for the costs of searching for these witnesses without the addresses and phone numbers and asked you for documentation related to these expenses. We are unclear why the PI's expenses would be chargeable to Red Roof Inn now that you have the information, but again, we said we would consider it when you provide the information. Given you have now provided the cost, we are discussing that with our client, and we believe some type of an agreement can be reached based on what has been provided to date. We will also agree to pay the out of pocket costs of any depositions, excluding attorneys' fees. We have said all along that we are willing to continue to discuss paying reasonable expenses.

**Remedy 5:  Defendants will not object to Plaintiff amending her witness list and calling at trial anyone on the provided list.**

This relates back to Remedy 1 so please see our discussion there. We are not trying to preclude you from calling witnesses that you are just now able to find as a result of the addresses and phone numbers we provided to you.  We do not think that witnesses that you found before or witnesses that you knew about and did not depose should be included in this list. They should have been on your list from the beginning.

We welcome further discussion on these issues.  We can be available this afternoon if you have questions, or need clarification of our position.

Regards,

Sandy

**Sandra J. Wunderlich| Partner |Tucker Ellis LLP**
100 South Fourth Street | Suite 600 | St. Louis, MO 63102
Direct:  (314) 256-2544 | Mobile: (314) 323-7967
Sandra.Wunderlich@tuckerellis.com
Tuckerellis.com

**From:** Jonathan S. Tonge <jtonge@atclawfirm.com>
**Sent:** Tuesday, October 22, 2024 5:52 PM
**To:** Wunderlich, Sandra J. <Sandra.Wunderlich@tuckerellis.com>; Manno, Joseph A. <Joseph.Manno@tuckerellis.com>; Rory Weeks <rweeks@atclawfirm.com>
**Cc:** Pat McDonough <pmcdonough@atclawfirm.com>; duccam@gtlaw.com; coxb@gtlaw.com; Grace, Emily <emily.grace@tuckerellis.com>; Arko, Elisabeth Leonard <elisabeth.arko@tuckerellis.com>; Jennifer M. Webster <jwebster@atclawfirm.com>; Mikula, Chelsea <Chelsea.Mikula@tuckerellis.com>
**Subject:** Re: H.B. - GA - DE Red Roof Inns Supplemental Responses to Discovery

**<<< EXTERNAL EMAIL >>>**

Sandy, nice talk earlier, I appreciate it. As discussed, we are inclined to file a motion for sanctions due to the inability to actually remedy the prejudice that has been created, which is primarily having to utilize our finite trial prep time searching for and interviewing newly located witnesses instead of preparing for trial with the closed universe of evidence we thought we had.

But, we agreed that I would send you the list of sanctions we intend to seek from the Court and you would let me know tomorrow which, if any, your client is agreeable to. So, these are the sanctions we intend to seek:

 1. That Defendants not be permitted to call the witnesses on the provided lists in their case. This is the default sanction under Rule 37(c)(1), which states "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless."

 2. Defendants cannot introduce evidence of what those listed employees (or unnamed employees in a general sense) knew or did not know, did or did not do, or were or were not trained on. This is partially due to the fact that Defendants cannot verify that the list is true and accurate, thus, there may be even more witnesses that have not been disclosed and who Plaintiff cannot call or investigate.

 3. An adverse inference instruction that Defendants possessed contact information for its former employees, did not provide that information as required during the discovery period, and as such, the jury is permitted to infer that the

testimony of any witnesses on that list not called at trial would have been unfavorable to Defendants.

4. Reasonable expenses (private investigator) and attorneys' fees related to dealing with this issue presently and for searching for these witnesses the first time.

5. Defendants will not object to Plaintiff amending her witness list and calling at trial anyone on the provided list.

Related to this, and number 2 above, it is extremely important to know as soon as possible whether RPD #20 has been answered completely. Do these lists represent everyone who worked at the hotel from 2007-2012? If there are more employees who worked there prior to HB's trafficking that are not reflected in these lists from the years of 2007-2012, we need to know that asap please.

Thanks,

Jon

---

**Jonathan S. Tonge**
**Partner**

Tel:   770-822-0900
Fax:   770-236-9784
Email: jtonge@atclawfirm.com
Web:   www.atclawfirm.com





Andersen, Tate & Carr, P.C.
1960 Satellite Boulevard
Suite 4000
Duluth, Georgia   30097
Map and Directions