UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| H.B., | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION FILE |
| v. | : | |
| | : | NO. 1:22-cv-01181-JPB |
| RED ROOF INNS, INC., et al., | : | |
| | : | PRETRIAL CONFERENCE |
| Defendants. | : | REQUESTED |

**AMENDED CONSOLIDATED PRETRIAL ORDER**

**1.**

**There are no motions or other matters pending for consideration by the court except as noted:**

The Court has held in abeyance three motions to exclude (Docs. 87, 88, & 89). With Plaintiff's withdrawal of Fred Del Marva, Doc. 87 is now moot, leaving only Docs 88 and 89 pending. The only other motion currently before the Court, aside from the Parties' motions in limine, is Plaintiff's motion for sanctions (Doc. 210).

The Parties agree that Plaintiff should only be referred to by her first name at trial, and Plaintiff can file a stipulated Motion to that effect if the Court requires.

Plaintiff filed the following *motions in limine* on the following topics:

1. Consolidated Motions in Limine on expert opinions and Plaintiff's criminal history (Doc. 178)
2. Motion in Limine Excluding other sexual conduct under Rule 412 (Doc. 179)
3. Motion in Limine to Decide Whether Defendants' Liability under the TVPRA is joint and several (Doc. 185).

At this time, Defendants filed *motions in limine* on the following topics:

1. Motion in Limine to Exclude Hearsay Statements (Doc. 180)
2. Motion in Limine to Exclude and Limit Lay Witness Testimony (Doc. 181)
3. Motion in Limine to Exclude Evidence Relating to Defendants' Financial Condition (Doc. 184)
4. Motion in Limine to Exclude Reports of Crimes Other Than Trafficking at RRI Norcross (Doc. 186)
5. Motion in Limine to Exclude Evidence of Unverified Customer Reviews (Doc. 187)
6. Motion in Limine to Exclude Evidence of Other Locations (Doc. 188)
7. Motion in Limine to Exclude Evidence Post-2012 (Doc. 189)
8. Motion in Limine to Admit Evidence Under Federal Rule 412 (Doc. 190)

**2.**

**All discovery has been completed, unless otherwise noted, and the court will not consider any further motions to compel discovery. (Refer to L.R. 37.1(B)). Provided there is no resulting delay in readiness for trial, the parties shall, however, be permitted to take the depositions of any persons for the preservation of evidence and for use at trial.**

All discovery has been completed.

**3.**

**Unless otherwise noted, the names of the parties as shown in the caption to this Order and the capacity in which they appear are correct and complete, and there is no question by any party as to the misjoinder or non-joinder of any parties.**

The parties are correctly identified.

**4.**

**Unless otherwise noted, there is no question as to the jurisdiction of the court; jurisdiction is based upon the following code sections. (When there are multiple claims, list each claim and its jurisdictional basis separately.)**

This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 because Plaintiff asserts claims arising under 18 U.S.C. § 1595(a).

**5.**

**The following individually named attorneys are hereby designated as lead counsel for the parties:**

**Plaintiff:**

Patrick J. McDonough
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
ANDERSEN, TATE & CARR, P.C.
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 – Telephone
(770) 822-9680 – Facsimile

Jonathan S. Tonge
Georgia Bar No. 303999
jtonge@atclawfirm.com
ANDERSEN, TATE & CARR, P.C.
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 – Telephone
(770) 822-9680 – Facsimile

**Defendants:**

Chelsea R. Mikula
Ohio Bar No. 0086453
chelsea.mikula@tuckerellis.com
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, Ohio 44113
(216) 592-5000 – Telephone
(216) 592-5009 – Facsimile

Sandra J. Wunderlich
Missouri Bar No. 39019
sandra.wunderlich@tuckerellis.com
TUCKER ELLIS LLP
100 South Fourth Street, Suite 600
St. Louis, MO 63102
(314) 256-2544 - Telephone

## 6.

**Normally, the plaintiff is entitled to open and close arguments to the jury. (Refer to L.R. 39.3(B)(2)(b)). State below the reasons, if any, why the plaintiff should not be permitted to open arguments to the jury.**

None.

## 7.

**The captioned case shall be tried ( X ) to a jury or (_____) to the court without a jury, or (_____) the right to trial by jury is disputed.**

## 8.

**State whether the parties request that the trial to a jury be bifurcated, i.e. that the same jury consider separately issues such as liability and damages. State briefly the reasons why trial should or should not be bifurcated.**

Defendants maintain that punitive damages are not available under the TVPRA and Plaintiff maintains that they are. If punitive damages are available, the parties agree that evidence related to whether or not punitive damages are warranted, and the amount thereof, is considered after the initial liability phase of the trial.

**9.**

**Attached hereto as Attachment "A" and made a part of this order by reference are the questions which the parties request that the court propound to the jurors concerning their legal qualifications to serve.**

The Parties do not request any additions to Judge Boulee's standard jury qualification questions.

**10.**

**Attached hereto as Attachment "B-1" are the general questions which plaintiff wishes to be propounded to the jurors on voir dire examination.**

**Attached hereto as Attachment "B-2" are the general questions which defendant wishes to be propounded to the jurors on voir dire examination.**

**Attached hereto as Attachment "B-3", "B-4", etc. are the general questions which the remaining parties, if any, wish to be propounded to the jurors on voir dire examination.**

**The Court shall question the prospective jurors as to their address and occupation and as to the occupation of a spouse, if any. Counsel may be permitted to ask follow-up questions on these matters. It shall not, therefore, be necessary for counsel to submit questions regarding these matters. The determination of whether the judge or counsel will propound general voir dire questions is a matter of courtroom policy which shall be established by each judge.**

**11.**

The Parties will continue to meet and confer on voir dire questions and file the same in a supplemental filing in advance of the pre-trial conference.

**State any objections to plaintiff's voir dire questions:**

**State any objections to defendant's voir dire questions:**

**State any objections to the voir dire questions of the other parties, if any:**

The Parties will continue to meet and confer on voir dire questions and raise

any objections in a supplemental filing in advance of the pre-trial conference.

**12.**

**All civil cases to be tried wholly or in part by jury shall be tried before a jury consisting of not less than six (6) members, unless the parties stipulate otherwise. The parties must state in the space provided below the basis for any requests for additional strikes. Unless otherwise directed herein, each side as a group will be allowed the number of peremptory challenges as provided by 28 U.S.C. § 1870. See Fed. R. Civ. P. 47(b).**

Given the potentially sensitive nature of the subject matter of the lawsuit, which will involve discussion of sex trafficking and prostitution, including physical violence, sexual violence, and sexual trauma, the parties propose a larger panel of 50 potential jurors.

Plaintiff requests that each party be granted three (3) peremptory challenges.

Defendants request that each party be granted six (6) peremptory challenges.

## 13.

**State whether there is any pending related litigation. Describe briefly, including style and civil action number.**

None.

## 14.

**Attached hereto as Attachment "C" is plaintiff's outline of the case which includes a succinct factual summary of plaintiff's cause of action and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law creating a specific legal duty relied upon by plaintiff shall be listed under a separate heading. In negligence cases, each and every act of negligence relied upon shall be separately listed. For each item of damage claimed, plaintiff shall separately provide the following information: (a) a brief description of the item claimed, for example, pain and suffering; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.**

See Attachment C, Doc. 166.

## 15.

**Attached hereto as Attachment "D" is the defendant's outline of the case which includes a succinct factual summary of all general, special, and affirmative defenses relied upon and which shall be neither argumentative nor recite**

evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law relied upon as creating a defense shall be listed under a separate heading. For any counterclaim, the defendant shall separately provide the following information for each item of damage claimed: (a) a brief description of the item claimed; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

See Attachment D, Doc. 166

## 16.

Attached hereto as Attachment "E" are the facts stipulated by the parties. No further evidence will be required as to the facts contained in the stipulation and the stipulation may be read into evidence at the beginning of the trial or at such other time as is appropriate in the trial of the case. It is the duty of counsel to cooperate fully with each other to identify all undisputed facts. A refusal to do so may result in the imposition of sanctions upon the non-cooperating counsel.

The Parties are in the process of meeting and conferring on stipulations of fact and will submit any in advance of the pre-trial conference.

## 17.

The legal issues to be tried are as follows:

**By Plaintiff:**

(1) Whether Red Roof Inns, Inc., FMW RRI I, LLC, and RRI West Management, LLC (Collectively "Red Roof Defendants") are liable to Plaintiff under the TVPRA, 18 U.S.C. § 1595.

(2) Whether the Defendants are liable to Plaintiff for damages, and the amount of such damages, including general damages, compensatory damages, economic damages, consequential damages, and punitive damages.

(3) Whether Plaintiff is entitled to punitive damages against Defendants.

(4) Whether the Defendants are liable to Plaintiff for costs, expenses and reasonable attorneys' fees including fees pursuant to the TVPRA, 18 U.S.C. § 1595, and any other fee-shifting statute.

(5) Any additional legal issues raised by any affirmative defenses or counterclaims Defendants may assert.

**By Defendants:**

(1) Whether Plaintiff had superior knowledge of the specific dangers of the commercial sex trade as compared to Defendants.

(2) Whether and what percentage of fault should be apportioned to various non-parties identified in Defendants' Notice of Intent to Seek Apportionment of Fault Against Non-Parties (ECF Doc. No. 36), including: Plaintiff's various alleged traffickers; the alleged purchasers of sex and sexual acts performed by Plaintiff (John Doe Johns); individuals who allegedly provided help and assistance to Plaintiff's traffickers (John and Jane Doe Accomplices); owners and operators of additional hotels where Plaintiff was allegedly trafficked; online websites were Plaintiff was allegedly subjected to online advertising for the sale of illegal commercial sex. O.C.G.A. § 51-12-33.

(3) Whether the acts or omissions of any third party (including those for whom apportionment of fault is sought) constitutes a superseding/intervening cause such that the alleged causal connection was broken between Defendants' alleged acts or omissions and Plaintiff's alleged injuries.

(4) Whether Defendants can be held liable as beneficiaries under the TVPRA, including whether Defendants directly and knowingly participated in a

venture with Plaintiff's alleged traffickers, which they knew or should have known was a violation of the TVPRA, whether Defendants knowingly benefitted from Plaintiff's alleged trafficking, and whether Defendants knew or should have known that Plaintiff was being trafficked in violation of the TVPRA. 18 U.S.C. § 1595.

(5)  Whether Defendants can be held liable under the TVPRA based on theories of vicarious liability?

(6)  Whether recovery for Plaintiff's injuries should be limited or barred because of her own contributory and comparative fault, due to her own intentional, negligent, or criminal conduct which contributed to or caused her alleged injuries and damages, including whether Plaintiff assumed the risk of injury.

(7)  Whether Plaintiff's alleged injuries and damages are fully or partially due to pre-existing and subsequent conditions and events unrelated to the alleged trafficking, including but not limited to health or mental health conditions, physical, mental, and sexual abuse, and drug use, abuse, and dependence.

(8)  Whether Plaintiff can meet her burden to prove that any act or omission allegedly committed by an agent or employee of Defendants, and that is alleged to constitute a violation of the TVPRA and whether such act was committed within the course and scope of his employment and on behalf of Defendants.

(9)  Whether Plaintiff's claims are barred or limited by the doctrines of acquiescence, waiver, estoppel, or laches.

(10) Whether Plaintiff's claims are barred because they have released, settled, entered into accord and satisfaction, or otherwise compromised their claims.

(11) The amount and extent of alleged injuries and damages incurred by Plaintiff, and whether Plaintiff's alleged injuries and damages were proximately caused by Defendants.

(12) Whether Plaintiff is entitled to an award of punitive damages.

(13) Whether Plaintiff is entitled to an award of attorney's fees.

(14) Whether Plaintiff's TVPRA claim is barred by the defense of *in pari delicto*, which prohibits a plaintiff form recovering from a conspiracy that they participated in.

## 18.

Attached hereto as Attachment "F-1" for the plaintiff, Attachment "F-2" for the defendant, and Attachment "F-3", etc. for all other parties is a list of all the witnesses and their addresses for each party. The list must designate the witnesses whom the party will have present at trial and those witnesses whom the party may have present at trial. Expert (any witness who might express an opinion under Rule 702), impeachment and rebuttal witnesses whose use as a witness can be reasonably anticipated must be included. Each party shall also attach to the list a reasonable specific summary of the expected testimony of each expert witness.

All of the other parties may rely upon a representation by a designated party that a witness will be present unless notice to the contrary is given ten (10) days prior to trial to allow the other party(s) to subpoena the witness or to obtain the witness' testimony by other means. Witnesses who are not included on the witness list (including expert, impeachment and rebuttal witnesses whose use should have been reasonably anticipated) will not be permitted to testify, unless expressly authorized by court order based upon a showing that the failure to comply was justified.

For Plaintiff, see Supplemental F-1 with this filing. For Defendant, see F-2, Doc. 166.

## 19.

Attached hereto as Attachment "G-1" for the plaintiff, "G-2" for the defendant, and "G3", etc. for all other parties are the typed lists of all documentary and physical evidence that will be tendered at trial. Learned treatises which are expected to be used at trial shall not be admitted as exhibits. Counsel are required, however, to identify all such treatises under a separate heading on the party's exhibit list.

Each party's exhibits shall be numbered serially, beginning with 1, and without the inclusion of any alphabetical or numerical subparts. Adequate space must be left on the left margin of each party's exhibit list for court

stamping purposes. A courtesy copy of each party's list must be submitted for use by the judge.

Prior to trial, counsel shall mark the exhibits as numbered on the attached lists by affixing numbered yellow stickers to plaintiff's exhibits, numbered blue stickers to defendant's exhibits, and numbered white stickers to joint exhibits. When there are multiple plaintiffs or defendants, the surname of the particular plaintiff or defendant shall be shown above the number on the stickers for that party's exhibits.

Specific objections to another party's exhibits must be typed on a separate page and must be attached to the exhibit list of the party against whom the objections are raised. Objections as to authenticity, privilege, competency, and, to the extent possible, relevancy of the exhibits shall be included. Any listed document to which an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties and shall be admitted at trial without further proof of authenticity.

Unless otherwise noted, copies rather than originals of documentary evidence may be used at trial. Documentary or physical exhibits may not be submitted by counsel after filing of the pretrial order, except upon consent of all the parties or permission of the court. Exhibits so admitted must be numbered, inspected by counsel, and marked with stickers prior to trial.

Counsel shall familiarize themselves with all exhibits (and the numbering thereof) prior to trial. Counsel will not be afforded time during trial to examine exhibits that are or should have been listed.

See Attachment G-1 for Plaintiff's Exhibit List with Defendant's Objections.

See Attachment G-2 for Defendants' Exhibit List with Plaintiff's Objections. Defendants believe many of their objections will be addressed in the *Motions in Limine* that were filed with this Court on October 21, 2024 in advance of the pretrial conference.

**20.**

**The following designated portions of the testimony of the persons listed below may be introduced by deposition:**

The Parties have met and conferred and exchanged deposition designations. The deposition transcripts with highlighted designations and objections and counter designations will be provided to the Court at the pretrial conference.

**Any objections to the depositions of the foregoing persons or to any questions or answers in the depositions shall be filed in writing no later than the day the case is first scheduled for trial. Objections not perfected in this manner will be deemed waived or abandoned. All depositions shall be reviewed by counsel and all extraneous and unnecessary matter, including non-essential colloquy of counsel, shall be deleted. Depositions, whether preserved by stenographic means or videotape, shall not go out with the jury.**

**Supplemental Response**: See Attachment J-1 for Defendants' objections to Plaintiff's page:line designations. Plaintiffs have no objections to Defendants' page:line designations. Defendants believe many of their objections will be addressed in the forthcoming *Motions in Limine* that will be filed with this Court on October 21, 2024.

Plaintiff requests that Defendants' page:line designations should be played in Defendants' case in chief. Defendants request that all page:line designations for one witness be played at the same time to avoid confusion of the issues for the jury.

**21.**

Attached hereto as Attachments "H-1" for the plaintiff, "H-2" for the defendant, and "H-3", etc. for other parties, are any trial briefs which counsel may wish to file containing citations to legal authority concerning evidentiary questions and any other legal issues which counsel anticipate will arise during the trial of the case. Limitations, if any, regarding the format and length of trial briefs is a matter of individual practice which shall be established by each judge.

The Parties have no trial briefs.

**22.**

In the event this is a case designated for trial to the court with a jury, requests for charge must be submitted no later than 9:30 a.m. on the date on which the case is calendared (or specially set) for trial. Requests which are not timely filed and which are not otherwise in compliance with LR 51.1, will not be considered. In addition, each party should attach to the requests to charge a short (not more than one (1) page) statement of that party's contentions, covering both claims and defenses, which the court may use in its charge to the jury.

Counsel are directed to refer to the latest edition of the Eleventh Circuit District Judges Association's Pattern Jury Instructions and Devitt and Blackmar's Federal Jury Practice and Instructions in preparing the requests to charge. For those issues not covered by the Pattern Instructions or Devitt and Blackmar, counsel are directed to extract the applicable legal principle (with minimum verbiage) from each cited authority.

The Parties will submit proposed jury charges to the Court in advance of the

pre-trial conference.

**23.**

If counsel desire for the case to be submitted to the jury in a manner other than upon a general verdict, the form of submission agreed to by all counsel shall be shown in Attachment "I" to this Pretrial Order. If counsel cannot agree

on a special form of submission, parties will propose their separate forms for the consideration of the court.

The Parties will submit proposed verdict forms to the Court in advance of the pre-trial conference.

**24.**

**Unless otherwise authorized by the court, arguments in all jury cases shall be limited to one-half hour for each side. Should any party desire any additional time for argument, the request should be noted (and explained) herein.**

The Parties request that they be permitted up to one hour (for each side) for opening statements and closing arguments.

**25.**

**If the case is designated for trial to the court without a jury, counsel are directed to submit proposed finding of fact and conclusions of law not later than the opening of trial.**

The Parties are in the process of meeting and conferring and will submit proposed finding of fact and conclusions of law in advance of the pre-trial conference.

**26.**

**Pursuant to LR 16.3, lead counsel and persons possessing settlement authority to bind the parties met on July 30, 2024 to discuss in good faith the possibility of settlement of this case. The court (_____) has or (X) has not discussed settlement of this case with counsel. It appears at this time that there is:**

(_) A good possibility of settlement.

(X) Some possibility of settlement.

(_) Little possibility of settlement.

(_) No possibility of settlement.

## 27.

**Unless otherwise noted, the court will not consider this case for a special setting, and it will be scheduled by the clerk in accordance with the normal practice of the court.**

Given current leaves of absence and other already scheduled trials involving

lead counsel in December and February, the Parties request the Court specially set

this case for trial.

## 28.

**Plaintiff estimates that it will require 3–4 days to present its evidence. Defendants estimate that they will require 3–4 days to present their evidence. It is estimated that the total trial time is 7–8 days, plus time for voir dire, jury selection, opening statements, charge conference, and closing arguments.**

## 29.

**IT IS HEREBY ORDERED that the above constitutes the pretrial order for the above-captioned case (_X__) submitted by stipulation of the parties or (_____) approved by the court after conference with the parties.**

**IT IS FURTHER ORDERED that the foregoing, including the attachments thereto, constitutes the pretrial order in the above case and that it supersedes the pleadings which are hereby amended to conform hereto and that this pretrial order shall not be amended except by Order of the court to prevent manifest injustice. Any attempt to reserve a right to amend or add to any part of the pretrial order after the pretrial order has been filed shall be invalid and of no effect and shall not be binding upon any party or the court, unless specifically authorized in writing by the court.**

IT IS SO ORDERED this _____ day of _____, 20_____.

_____
UNITED STATES DISTRICT JUDGE

**Each of the undersigned counsel for the parties hereby consents to entry of the foregoing pretrial order, which has been prepared in accordance with the form pretrial order adopted by this court.**

*/s/ Jennifer M. Webster (via email consent)*
Patrick J. McDonough
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
Jonathan S. Tonge
Georgia Bar No. 303999
jtonge@atclawfirm.com
Rory A. Weeks
Georgia Bar No. 113491
rweeks@atclawfirm.com
Jennifer M. Webster
Georgia Bar No. 760381
jwebster@atclawfirm.com
ANDERSEN, TATE & CARR, P.C.
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, GA 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile
*Attorneys for Plaintiff H.B.*

*/s/ Marcella C. Ducca*
Chelsea Mikula
*Admitted pro hac vice*
Joseph Manno
*Admitted pro hac vice*
Elisabeth Arko
*Admitted pro hac vice*
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113-7213
chelsea.mikula@tuckerellis.com
ashley.saferight@tuckerellis.com

Sandra Wunderlich
*Admitted pro hac vice*
TUCKER ELLIS LLP
100 S. 4th Street, Suite 600
St. Louis, MO 63102
Telephone: 314.256.2550
sandra.wunderlich@tuckerellis.com

Marcella C. Ducca
Georgia Bar No. 115079
GREENBERG TRAURIG LLP
Terminus 200, Suite 2500
3333 Piedmont Road NE
Atlanta, GA 30305
Telephone: 678.553.2100
duccam@gtlaw.com
*Attorneys for Defendants Red Roof Inns, Inc., FMW RRI I, LLC, and RRI West Management, LLC*

-17-

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rules 5.1(C) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font type and size requirements and is formatted in Times New Roman, 14-point font.

Respectfully submitted on October 30, 2024.

/s/ Marcella C. Ducca
Chelsea Mikula
*Admitted pro hac vice*
Joseph Manno
*Admitted pro hac vice*
Elisabeth Arko
*Admitted pro hac vice*
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113-7213
chelsea.mikula@tuckerellis.com
ashley.saferight@tuckerellis.com

Sandra Wunderlich
*Admitted pro hac vice*
TUCKER ELLIS LLP
100 S. 4th Street, Suite 600
St. Louis, MO 63102
Telephone: 314.256.2550
sandra.wunderlich@tuckerellis.com

Marcella C. Ducca
Georgia Bar No. 115079
GREENBERG TRAURIG LLP
Terminus 200, Suite 2500
3333 Piedmont Road NE
Atlanta, GA 30305
Telephone: 678.553.2100
duccam@gtlaw.com

Attorneys for Defendants Red Roof Inns, Inc., FMW RRI I, LLC, and RRI West Management, LLC