# EXHIBIT 1

## <u>DECLARATION OF SANDRA WUNDERLICH</u>

I, Sandra Wunderlich, to the best of my knowledge, training, and experiences, hereby state that:

1.     I am over 18 years of age, of sound mind and body, and capable of making this declaration. All the matters contained herein are from my personal knowledge, and if called and sworn in open court to testify to the veracity thereof, I could testify competently thereto.

2.     In the course of preparing for the trial of the *H.B. v. Red Roof Inns* matter, in mid-September 2024, current counsel for Defendants realized that certain RRI Defendants had responded to written discovery before Tucker Ellis became counsel of record, and that these responses were not transferred to Tucker Ellis when the file was transferred from prior counsel.

3.     Because these written discovery responses were not available on the docket, or in Tucker Ellis's file, I reached out to Plaintiff's counsel to request a copy of the written discovery responses given by RRI Defendants in the case.

4.     In response, Plaintiff's counsel provided a copy of the written discovery responses on September 17, 2024. The attached Exhibit A is a true and accurate copy of correspondence with Plaintiff's counsel regarding the same.

5.     Upon review of the written responses in the days that followed, counsel for RRI Defendants realized that written discovery responses stated that RRI did not have information related to employees that worked at the Norcross hotel. While technically correct, counsel knew a newly added Defendant, RRI West Management, did possess the requested information.

6674534.1

6.     Unable to determine whether these written responses had been supplemented or if the information had been provided to Plaintiff's counsel during the discovery period, in an abundance of caution, counsel for RRI Defendants supplemented the Answers to Interrogatories and Responses to Document Requests on October 3, 2024, to provide the requested information, which had been provided to Tucker Ellis by the client in August of 2024.   The attached Exhibit B is a true and accurate copy of the correspondence with Plaintiff's counsel regarding the same.

7.     On October 8, 2024, during a meet and confer with Plaintiff's counsel, Defendants' counsel learned that prior counsel for RRI Defendants had produced additional documents, including a list of 39 employees at the Norcross property in February 2023.

8.     From October 4, 2024 through October 24, 2024, Plaintiff's counsel and Defendants' counsel met and conferred via telephone calls and e-mails regarding Defendants' discovery responses in an effort to address Plaintiff's objections and remedy any prejudice that Plaintiff's counsel believed that they had suffered by not having addresses and phone numbers for the listed witnesses.   The attached Exhibit C is a true and accurate copy of those e-mails.

I declare under penalty of perjury that the foregoing is true and correct.

_____

**Sandra Wunderlich**

October  31, 2024

# EXHIBIT A

**Rzepka, Stephanie**

| | |
|---|---|
| **From:** | Alexis O. Rivera <arivera@atclawfirm.com> |
| **Sent:** | Tuesday, September 17, 2024 8:53 AM |
| **To:** | Wunderlich, Sandra J.; Mikula, Chelsea; Manno, Joseph A.; Arko, Elisabeth Leonard; Pat McDonough; Jonathan S. Tonge; Jennifer M. Webster |
| **Subject:** | H.B. v. RRI, Inc., et al. |
| **Attachments:** | H.B. - Def Red Roof Inns Repsonse to Plaintiff's first RPDS.pdf; H.B. - Def Red Roof Inns, Inc. Responses & Objections to Plaintiff's First ROGs.pdf; H.B.-FMW RRI I LLCs Response to Plaintiff's First RPDs .pdf; H.B. - Def FMW RRI I LLCs. Responses  Objections to Plaintiff's First ROGs.pdf |

<span style="color:red">**<<< EXTERNAL EMAIL >>>**</span>

Good Afternoon:

    Please see attached FMW RRI I LLC and Red Roof Inns, Inc.'s Responses to Interrogatories and RFPs.

    Thank you!

---

**Alexis Rivera**
**Paralegal**





Tel:   770.822.0900
Fax:   770-236-9741
Email: arivera@atclawfirm.com
Web:  www.atclawfirm.com

Andersen, Tate & Carr, P.C.
1960 Satellite Boulevard
Suite 4000
Duluth, Georgia   30097
Map and Directions

# EXHIBIT B

**Rzepka, Stephanie**

| | |
|---|---|
| **From:** | Wunderlich, Sandra J. |
| **Sent:** | Thursday, October 3, 2024 3:51 PM |
| **To:** | Jonathan S. Tonge |
| **Cc:** | Pat McDonough; Manno, Joseph A.; Mikula, Chelsea; duccam@gtlaw.com; coxb@gtlaw.com; Rory Weeks; Grace, Emily; Arko, Elisabeth Leonard |
| **Subject:** | H.B. - GA - DE Red Roof Inns Supplemental Responses to Discovery |
| **Attachments:** | HB - GA - DE Red Roof Inns Supplemental Responses & Objections to PLs First Interrogatories.pdf; HB - GA - DE Red Roof Inns Supplemental Responses to PLs First Request for Production.pdf; HB - GA - HB_NDGA_Red_Roof_00001691 - HB_NDGA_Red_Roof_00001696.pdf |

Dear Jon:

We appreciate you recently providing a copy of Red Roof Inns, Inc.'s prior written discovery responses in this case, which was not previously in our file received from Lewis Brisbois. We are not sure if these responses were supplemented before, but just in case they were not formally supplemented, we are providing a supplemental answer to Interrogatory No. 12, and the corresponding RFP, along with a copy of the list of employees.  Please let us know if you have any questions.

Regards,

Sandy

**Sandra J. Wunderlich| Partner |Tucker Ellis LLP**
100 South Fourth Street | Suite 600 | St. Louis, MO 63102
Direct:  (314) 256-2544 | Mobile: (314) 323-7967
Sandra.Wunderlich@tuckerellis.com
Tuckerellis.com

# EXHIBIT C

**Rzepka, Stephanie**

| | |
|---|---|
| **From:** | Wunderlich, Sandra J. |
| **Sent:** | Thursday, October 24, 2024 1:58 PM |
| **To:** | Jonathan S. Tonge; Manno, Joseph A.; Rory Weeks |
| **Cc:** | Pat McDonough; duccam@gtlaw.com; coxb@gtlaw.com; Grace, Emily; Arko, Elisabeth Leonard; Jennifer M. Webster; Mikula, Chelsea |
| **Subject:** | RE: H.B. - GA - DE Red Roof Inns Supplemental Responses to Discovery |

Hi Jon. It was nice to talk to you on Tuesday. I'm glad we were able to clear the air.   We have checked with our client and confirmed that they do not have information dating back to 2007, and that Plaintiff has been provided the entire list of employees at Norcross that RRI Defendants are able to identify from their legacy HR databases.

We appreciate you sending us the list of sanctions that you are planning to seek.  Setting aside any legal arguments we have against a motion for sanctions, and the procedural requirements before filing one, we are providing you with our response to each of your requested remedies.

**Remedy 1:** **That Defendants not be permitted to call the witnesses on the provided lists in their case. This is the default sanction under Rule 37(c)(1), which states "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless."**

As far as not calling witnesses on the list, from our perspective, there are 3 possible categories of witnesses:

(1)  witnesses that you tried to contact but were unable to contact because you did not have their last known address and telephone number;
(2)  witnesses that you were able to find through your own efforts whether you spoke to them or not; and
(3)  witnesses that you knew about, and either did not try to contact or did not ask for their deposition.

These 3 categories cannot be treated the same, and the only witnesses that should be at issue are the ones that you were unable to find without their last known address or phone number.  For those witnesses, we have agreed that you can add them to your witness list, you can depose them out of time, and we even offered to pay the costs associated with previously trying to locate them.  We are sure that you have communications with your PI about who she tried to locate and could not when you got the list back in February 2023.

For the witnesses that you were able to find and that you spoke to, or chose not to pursue, we do not see why we would be precluded from calling these witnesses or why you would be able to add them to your witness list now because you actually found them.  For the third category of witnesses, if you made no effort to find them or contact them or ask for their deposition, we do not see how that can be blamed on Red Roof Inn.

For purposes of clarity, the two witnesses on RRI's list that we may call (Kim Rachal and Nicole Carter), there is no question that you knew about them. One of them your PI talked to, and the other one is a

1

current employee that you could have requested her deposition but did not. As such, as to those two witnesses, we cannot agree that we are precluded from calling them. For the others on the list, we have already agreed you can add them and depose them IF you were not able to reach them during the discovery period because you did not have their contact information.  We think that is a fair compromise here.  To the extent this Remedy 1 is intended to include a request that RRI be precluded from cross-examining the witnesses that you depose or call, we cannot agree to that request.

**Remedy 2:  Defendants cannot introduce evidence of what those listed employees (or unnamed employees in a general sense) knew or did not know, did or did not do, or were or were not trained on. This is partially due to the fact that Defendants cannot verify that the list is true and accurate, thus, there may be even more witnesses that have not been disclosed and who Plaintiff cannot call or investigate.**

With respect to this one, I would refer you back to our response to Remedy 1 above.  We cannot agree to be precluded from calling witnesses that you had the opportunity to contact but did not or witnesses that you contacted. Nor can we be precluded from presenting evidence regarding the policies and procedures at the hotel, any training that employees would have been provided generally, etc. With respect to the comment that we cannot verify that the list is true and accurate, as we have explained, Red Roof Inn does not have an employee with personal knowledge of the employees at the hotel due to the passage of time. What it does have are some legacy databases from which some archived information can be extracted. Red Roof has given you a verification that this information came from RRI's systems and documents, and to the best of our knowledge it is accurate and complete.  To suggest that we cannot call any witnesses that worked at the hotel because you are seeking information from 12-16 years ago and there is no one with personal knowledge who can identify every single employee who worked at the hotel is not only unreasonable, it contradicts the plain language of Rule 33(b)(2) ("The interrogatories must be answered:...if that party is a public or private corporation, a partnership, an association, or a governmental agency, by any officer or agent, who must furnish the information available to the party.")

**Remedy 3:  An adverse inference instruction that Defendants possessed contact information for its former employees, did not provide that information as required during the discovery period, and as such, the jury is permitted to infer that the testimony of any witnesses on that list not called at trial would have been unfavorable to Defendants.**

It is also not reasonable or appropriate that the jury would be given an adverse inference instruction here.  The names of the witnesses were not withheld from you; you were not prevented from doing your own investigation to find these witnesses. Although we disagree as to the applicability of the rules you have cited, ultimately, if the rule applies, it sets forth the consequence—the party that did not disclose the information cannot use that information at trial. Period.  It does not reference an adverse inference. And such an instruction, would be particularly improper for the witnesses that you contacted, or that you knew about and did not either request their deposition or try to contact them. Thus, Red Roof does not agree this sanction is warranted or proper.

**Remedy 4:  Reasonable expenses (private investigator) and attorneys' fees related to dealing with this issue presently and for searching for these witnesses the first time.**

We have already indicated that we are willing to consider paying for the costs of searching for these witnesses without the addresses and phone numbers and asked you for documentation related to these

expenses. We are unclear why the PI's expenses would be chargeable to Red Roof Inn now that you have the information, but again, we said we would consider it when you provide the information. Given you have now provided the cost, we are discussing that with our client, and we believe some type of an agreement can be reached based on what has been provided to date. We will also agree to pay the out of pocket costs of any depositions, excluding attorneys' fees. We have said all along that we are willing to continue to discuss paying reasonable expenses.

**Remedy 5:  Defendants will not object to Plaintiff amending her witness list and calling at trial anyone on the provided list.**

This relates back to Remedy 1 so please see our discussion there. We are not trying to preclude you from calling witnesses that you are just now able to find as a result of the addresses and phone numbers we provided to you.  We do not think that witnesses that you found before or witnesses that you knew about and did not depose should be included in this list. They should have been on your list from the beginning.

We welcome further discussion on these issues.  We can be available this afternoon if you have questions, or need clarification of our position.

Regards,

Sandy

**Sandra J. Wunderlich| Partner |Tucker Ellis LLP**
100 South Fourth Street | Suite 600 | St. Louis, MO 63102
Direct:  (314) 256-2544 | Mobile: (314) 323-7967
Sandra.Wunderlich@tuckerellis.com
Tuckerellis.com

**From:** Jonathan S. Tonge <jtonge@atclawfirm.com>
**Sent:** Tuesday, October 22, 2024 5:52 PM
**To:** Wunderlich, Sandra J. <Sandra.Wunderlich@tuckerellis.com>; Manno, Joseph A. <Joseph.Manno@tuckerellis.com>; Rory Weeks <rweeks@atclawfirm.com>
**Cc:** Pat McDonough <pmcdonough@atclawfirm.com>; duccam@gtlaw.com; coxb@gtlaw.com; Grace, Emily <emily.grace@tuckerellis.com>; Arko, Elisabeth Leonard <elisabeth.arko@tuckerellis.com>; Jennifer M. Webster <jwebster@atclawfirm.com>; Mikula, Chelsea <Chelsea.Mikula@tuckerellis.com>
**Subject:** Re: H.B. - GA - DE Red Roof Inns Supplemental Responses to Discovery

**<<< EXTERNAL EMAIL >>>**

Sandy, nice talk earlier, I appreciate it. As discussed, we are inclined to file a motion for sanctions due to the inability to actually remedy the prejudice that has been created, which is primarily having to utilize our finite trial prep time searching for and interviewing newly located witnesses instead of preparing for trial with the closed universe of evidence we thought we had.

But, we agreed that I would send you the list of sanctions we intend to seek from the Court and you would let me know tomorrow which, if any, your client is agreeable to. So, these are the sanctions we intend to seek:

1.     That Defendants not be permitted to call the witnesses on the provided lists in their case. This is the default sanction under Rule 37(c)(1), which states "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless."

2.     Defendants cannot introduce evidence of what those listed employees (or unnamed employees in a general sense) knew or did not know, did or did not do, or were or were not trained on. This is partially due to the fact that Defendants cannot verify that the list is true and accurate, thus, there may be even more witnesses that have not been disclosed and who Plaintiff cannot call or investigate.

3.     An adverse inference instruction that Defendants possessed contact information for its former employees, did not provide that information as required during the discovery period, and as such, the jury is permitted to infer that the testimony of any witnesses on that list not called at trial would have been unfavorable to Defendants.

4.     Reasonable expenses (private investigator) and attorneys' fees related to dealing with this issue presently and for searching for these witnesses the first time.

5.     Defendants will not object to Plaintiff amending her witness list and calling at trial anyone on the provided list.

Related to this, and number 2 above, it is extremely important to know as soon as possible whether RPD #20 has been answered completely. Do these lists represent everyone who worked at the hotel from 2007-2012? If there are more employees who worked there prior to HB's trafficking that are not reflected in these lists from the years of 2007-2012, we need to know that asap please.

Thanks,

Jon

**Jonathan S. Tonge**
**Partner**

Tel:    770-822-0900
Fax:   770-236-9784
Email: jtonge@atclawfirm.com
Web:   www.atclawfirm.com





Andersen, Tate & Carr, P.C.
1960 Satellite Boulevard
Suite 4000
Duluth, Georgia   30097
Map and Directions

**From:** Wunderlich, Sandra J. <Sandra.Wunderlich@tuckerellis.com>
**Sent:** Tuesday, October 22, 2024 1:42 PM
**To:** Jonathan S. Tonge <jtonge@atclawfirm.com>; Manno, Joseph A. <Joseph.Manno@tuckerellis.com>; Rory Weeks <rweeks@atclawfirm.com>
**Cc:** Pat McDonough <pmcdonough@atclawfirm.com>; duccam@gtlaw.com <duccam@gtlaw.com>; coxb@gtlaw.com <coxb@gtlaw.com>; Grace, Emily <emily.grace@tuckerellis.com>; Arko, Elisabeth Leonard <elisabeth.arko@tuckerellis.com>; Jennifer M. Webster <jwebster@atclawfirm.com>; Mikula, Chelsea <Chelsea.Mikula@tuckerellis.com>
**Subject:** RE: H.B. - GA - DE Red Roof Inns Supplemental Responses to Discovery


CAUTION: This email originated from outside your organization. Exercise caution when opening attachments or clicking links, especially from unknown senders.


Hi Jon.  We think there is some confusion with respect to the document we sent you yesterday.  Although you may think what you are requesting is obvious, we do not understand what you think we have not provided to you.  We think a call to discuss this as well as what you would be seeking in terms of sanctions would be helpful.  We've already agreed to consider the costs of your PI, but asked for the documentation, and we're happy to discuss the deposition cost further to better understand your position, as we noted previously. At a minimum, we would like to know what remedy it is that you are seeking through your motion that is not already on the table for discussion.  Based on that alone, a motion seems premature.  Further, the Court's standing order requires a letter before a motion is filed.

I see you have included your cell phone so let us know when would be a good time for a call to discuss.

Regards,

Sandy

**Sandra J. Wunderlich| Partner |Tucker Ellis LLP**
100 South Fourth Street | Suite 600 | St. Louis, MO 63102
Direct:  (314) 256-2544 | Mobile: (314) 323-7967
Sandra.Wunderlich@tuckerellis.com
Tuckerellis.com

**From:** Jonathan S. Tonge <jtonge@atclawfirm.com>
**Sent:** Tuesday, October 22, 2024 7:16 AM
**To:** Manno, Joseph A. <Joseph.Manno@tuckerellis.com>; Rory Weeks <rweeks@atclawfirm.com>
**Cc:** Pat McDonough <pmcdonough@atclawfirm.com>; duccam@gtlaw.com; coxb@gtlaw.com; Grace, Emily <emily.grace@tuckerellis.com>; Arko, Elisabeth Leonard <elisabeth.arko@tuckerellis.com>; Jennifer M. Webster <jwebster@atclawfirm.com>; Wunderlich, Sandra J. <Sandra.Wunderlich@tuckerellis.com>; Mikula, Chelsea <Chelsea.Mikula@tuckerellis.com>
**Subject:** Re: H.B. - GA - DE Red Roof Inns Supplemental Responses to Discovery

**<<< EXTERNAL EMAIL >>>**

Joe,

The point is that what you emailed yesterday cannot be what Red Roof emailed to its lawyers a year and a half ago because the document you emailed yesterday was created yesterday. Still, if what you say below is true, that the substance of that document is what Red Roof sent its lawyers a year and a half

ago, then—contrary to prior representations blaming their lawyers—Red Roof withheld discoverable information in this case, even from its own lawyers, for a year and a half, until about a month before trial.

We're going to file a motion for sanctions tomorrow to address these issues. I have a couple of doctors appointments today, but if there is anything else that needs to be said that has not in the three weeks of discussion on this, feel free to call my cell phone at 706-818-0976.

Thanks,

Jon

---

**Jonathan S. Tonge**
**Partner**

Tel:   770-822-0900
Fax:   770-236-9784
Email: jtonge@atclawfirm.com
Web:  www.atclawfirm.com





Andersen, Tate & Carr, P.C.
1960 Satellite Boulevard
Suite 4000
Duluth, Georgia   30097
Map and Directions

---

**From:** Manno, Joseph A. <Joseph.Manno@tuckerellis.com>
**Sent:** Monday, October 21, 2024 9:51 PM
**To:** Rory Weeks <rweeks@atclawfirm.com>
**Cc:** Jonathan S. Tonge <jtonge@atclawfirm.com>; Pat McDonough <pmcdonough@atclawfirm.com>; duccam@gtlaw.com <duccam@gtlaw.com>; coxb@gtlaw.com <coxb@gtlaw.com>; Grace, Emily <emily.grace@tuckerellis.com>; Arko, Elisabeth Leonard <elisabeth.arko@tuckerellis.com>; Jennifer M. Webster <jwebster@atclawfirm.com>; Wunderlich, Sandra J. <Sandra.Wunderlich@tuckerellis.com>; Mikula, Chelsea <Chelsea.Mikula@tuckerellis.com>
**Subject:** RE: H.B. - GA - DE Red Roof Inns Supplemental Responses to Discovery

CAUTION: This email originated from outside your organization. Exercise caution when opening attachments or clicking links, especially from unknown senders.

Rory:

There's absolutely no need for the continued tone and accusations of your emails. We have and continue to get along well and professionally with members of your firm, and we anticipate continuing to do so regardless of condescending emails like the below.

On to the substance, we did not produce that document. We did not know it was even produced and we did not receive these in the file transfer from Lewis Brisbois, nor have we been given access to the same. We've tried to be

upfront and work with you on this and have simply been met with accusations and sarcasm like the below. We don't have access to some "computer of a paralegal at Lewis Brisbois" let alone the third version of a document saved on that computer before it was produced to Plaintiff. What we received (and just produced to you) is what our client emailed to Lewis Brisbois. If Plaintiff wanted the "native" of a document downloaded form a database over 1.5 years ago (of which, no true native exists), Plaintiff should have asked Lewis Brisbois for that at that time. I don't know what else we can do to provide this information for you.

If you'd like to discuss this further, I'm happy to talk on the phone.

-Joe

**Joseph Manno| Attorney | Tucker Ellis LLP**

950 Main Avenue, Suite 1100 | Cleveland, OH 44113

Direct: 216-696-4465 | Fax: 216-592-5009 | Cell: 330-319-4126 **(preferred)**

Email Joseph.Manno@tuckerellis.com          Online Biography

tuckerellis.com

This e-mail is sent by the law firm of Tucker Ellis LLP and may contain information that is privileged or confidential. If you are not the intended recipient, please delete the e-mail and notify us immediately by return email.

**From:** Rory Weeks <rweeks@atclawfirm.com>
**Sent:** Monday, October 21, 2024 9:25 PM
**To:** Manno, Joseph A. <Joseph.Manno@tuckerellis.com>
**Cc:** Jonathan S. Tonge <jtonge@atclawfirm.com>; Pat McDonough <pmcdonough@atclawfirm.com>; duccam@gtlaw.com; coxb@gtlaw.com; Grace, Emily <emily.grace@tuckerellis.com>; Arko, Elisabeth Leonard <elisabeth.arko@tuckerellis.com>; Jennifer M. Webster <jwebster@atclawfirm.com>; Wunderlich, Sandra J. <Sandra.Wunderlich@tuckerellis.com>; Mikula, Chelsea <Chelsea.Mikula@tuckerellis.com>
**Subject:** Re: H.B. - GA - DE Red Roof Inns Supplemental Responses to Discovery

**<<< EXTERNAL EMAIL >>>**

That's not the native document from prior counsel.

I'll give you a hint: look at the metadata from the document produced. Give us that Excel spreadsheet. I know it was the third version of that same document on the computer of a paralegal at Lewis Brisbois. That's the one we want.

Shouldn't be hard to get. I've done your job for you.

Thanks.

-raw

---

**Rory Weeks**
**Senior Counsel**



Email: rweeks@atclawfirm.com
Web:  www.atclawfirm.com



Andersen, Tate & Carr, P.C.
1960 Satellite Boulevard
Suite 4000
Duluth, Georgia   30097
Map and Directions

---

On Oct 21, 2024, at 8:55 PM, Manno, Joseph A. <Joseph.Manno@tuckerellis.com> wrote:

CAUTION: This email originated from outside your organization. Exercise caution when opening attachments or clicking links, especially from unknown senders.

Rory:

As with the other document, this is not a "native," but rather a document that was downloaded from a database. It is out understanding that the attached document was used in creating what prior counsel produced as HB_FMW_000546.

-Joe

**Joseph Manno| Attorney | Tucker Ellis LLP**

950 Main Avenue, Suite 1100 | Cleveland, OH 44113

Direct: 216-696-4465 | Fax: 216-592-5009 | Cell: 330-319-4126 **(preferred)**

Email Joseph.Manno@tuckerellis.com          Online Biography

tuckerellis.com

This e-mail is sent by the law firm of Tucker Ellis LLP and may contain information that is privileged or confidential. If you are not the intended recipient, please delete the e-mail and notify us immediately by return email.

**From:** Rory Weeks <rweeks@atclawfirm.com>
**Sent:** Monday, October 21, 2024 10:41 AM
**To:** Manno, Joseph A. <Joseph.Manno@tuckerellis.com>; Jonathan S. Tonge <jtonge@atclawfirm.com>;
Mikula, Chelsea <Chelsea.Mikula@tuckerellis.com>
**Cc:** Pat McDonough <pmcdonough@atclawfirm.com>; duccam@gtlaw.com; coxb@gtlaw.com; Grace,
Emily <emily.grace@tuckerellis.com>; Arko, Elisabeth Leonard <elisabeth.arko@tuckerellis.com>;
Jennifer M. Webster <jwebster@atclawfirm.com>; Wunderlich, Sandra J.
<Sandra.Wunderlich@tuckerellis.com>
**Subject:** Re: H.B. - GA - DE Red Roof Inns Supplemental Responses to Discovery

**<<< EXTERNAL EMAIL >>>**

Still waiting for HB_FMW_000546.

Thanks.

| | |
|---|---|
| **Rory A. Weeks**<br>**Senior Counsel** | Email: rweeks@atclawfirm.com<br>— |

**From:** Manno, Joseph A. <Joseph.Manno@tuckerellis.com>
**Sent:** Monday, October 21, 2024 9:53 AM
**To:** Jonathan S. Tonge <jtonge@atclawfirm.com>; Mikula, Chelsea <Chelsea.Mikula@tuckerellis.com>;
Rory Weeks <rweeks@atclawfirm.com>
**Cc:** Pat McDonough <pmcdonough@atclawfirm.com>; duccam@gtlaw.com <duccam@gtlaw.com>;
coxb@gtlaw.com <coxb@gtlaw.com>; Grace, Emily <emily.grace@tuckerellis.com>; Arko, Elisabeth
Leonard <elisabeth.arko@tuckerellis.com>; Jennifer M. Webster <jwebster@atclawfirm.com>;
Wunderlich, Sandra J. <Sandra.Wunderlich@tuckerellis.com>
**Subject:** RE: H.B. - GA - DE Red Roof Inns Supplemental Responses to Discovery

CAUTION: This email originated from outside your organization. Exercise caution when
opening attachments or clicking links, especially from unknown senders.

Jon:

While not a "native" document in the sense that this was populated from a database, please see
attached.

-Joe

**Joseph Manno| Attorney | Tucker Ellis LLP**

950 Main Avenue, Suite 1100 | Cleveland, OH 44113

Direct: 216-696-4465 | Fax: 216-592-5009 | Cell: 330-319-4126 **(preferred)**

Email Joseph.Manno@tuckerellis.com          Online Biography

tuckerellis.com

This e-mail is sent by the law firm of Tucker Ellis LLP and may contain information that is privileged or confidential. If you are not the intended recipient, please delete the e-mail and notify us immediately by return email.

---

**From:** Jonathan S. Tonge <jtonge@atclawfirm.com>
**Sent:** Monday, October 21, 2024 8:20 AM
**To:** Mikula, Chelsea <Chelsea.Mikula@tuckerellis.com>; Manno, Joseph A. <Joseph.Manno@tuckerellis.com>; Rory Weeks <rweeks@atclawfirm.com>
**Cc:** Pat McDonough <pmcdonough@atclawfirm.com>; duccam@gtlaw.com; coxb@gtlaw.com; Grace, Emily <emily.grace@tuckerellis.com>; Arko, Elisabeth Leonard <elisabeth.arko@tuckerellis.com>; Jennifer M. Webster <jwebster@atclawfirm.com>; Wunderlich, Sandra J. <Sandra.Wunderlich@tuckerellis.com>
**Subject:** Re: H.B. - GA - DE Red Roof Inns Supplemental Responses to Discovery

**<<< EXTERNAL EMAIL >>>**

---

Chelsea,

Is Red Roof going to produce the document(s) in their native format or not? We've been asking for two weeks.

Jon

| | |
|---|---|
| **Jonathan S. Tonge**<br>**Partner** | Tel:   770-822-0900<br>Fax:   770-236-9784<br>Email: jtonge@atclawfirm.com<br>Web:  www.atclawfirm.com<br>— — — —<br><br>Andersen, Tate & Carr, P.C. |

1960 Satellite Boulevard
Suite 4000
Duluth, Georgia   30097
Map and Directions

**From:** Mikula, Chelsea <Chelsea.Mikula@tuckerellis.com>
**Sent:** Friday, October 18, 2024 3:57 PM
**To:** Jonathan S. Tonge <jtonge@atclawfirm.com>; Manno, Joseph A. <Joseph.Manno@tuckerellis.com>;
Rory Weeks <rweeks@atclawfirm.com>
**Cc:** Pat McDonough <pmcdonough@atclawfirm.com>; duccam@gtlaw.com <duccam@gtlaw.com>;
coxb@gtlaw.com <coxb@gtlaw.com>; Grace, Emily <emily.grace@tuckerellis.com>; Arko, Elisabeth
Leonard <elisabeth.arko@tuckerellis.com>; Jennifer M. Webster <jwebster@atclawfirm.com>;
Wunderlich, Sandra J. <Sandra.Wunderlich@tuckerellis.com>
**Subject:** RE: H.B. - GA - DE Red Roof Inns Supplemental Responses to Discovery

CAUTION: This email originated from outside your organization. Exercise caution when
opening attachments or clicking links, especially from unknown senders.

Jon,

To clarify, we are not acknowledging you as counsel incurred unnecessary expense at the fault of
Red Roof. Red Roof did not make such a misrepresentation. We are not privy to whether prior
counsel did but if so that is on them.

We as current counsel of record, along with our client, are committed to providing complete and
accurate information and I trust you and your colleagues see that through our interactions to date.

Focusing on next steps, we are discussing the request for costs with our client. In order to evaluate
our response we need to know exactly what costs you are requesting and the amount. Please have
your private investigator send the invoices so we can know exactly what we are talking about.

Regarding the additional depositions, we do not represent these individuals. As we've previously
said, we will not prevent them from going forward (even though we are outside the discovery
period). We do plan to participate and cross-examine the witnesses though, so please keep us
apprised of when they are available. Regarding costs, we do not believe paying the costs are
warranted based on the current information we have. We are willing to further evaluate this request
and discuss with our client if you are able to demonstrate that their current addresses are not
available in the public record. Given you previously had their names, we cannot understand why
old addresses just led to the discovery of their present locations. If you have further information on

12

this point, please let us know. But if their current addresses are available in the public record, the request for costs does not seem justified. But please let us know if there is more information here.


Chelsea


Chelsea Mikula

216-696-2476


**From:** Jonathan S. Tonge <jtonge@atclawfirm.com>
**Sent:** Thursday, October 17, 2024 9:07 AM
**To:** Manno, Joseph A. <Joseph.Manno@tuckerellis.com>; Rory Weeks <rweeks@atclawfirm.com>
**Cc:** Pat McDonough <pmcdonough@atclawfirm.com>; Mikula, Chelsea <Chelsea.Mikula@tuckerellis.com>; duccam@gtlaw.com; coxb@gtlaw.com; Grace, Emily <emily.grace@tuckerellis.com>; Arko, Elisabeth Leonard <elisabeth.arko@tuckerellis.com>; Jennifer M. Webster <jwebster@atclawfirm.com>; Wunderlich, Sandra J. <Sandra.Wunderlich@tuckerellis.com>
**Subject:** Re: H.B. - GA - DE Red Roof Inns Supplemental Responses to Discovery


**<<< EXTERNAL EMAIL >>>**


Joe,


I appreciate you acknowledging the fact that Plaintiff incurred significant expenses with a private investigator that could have been avoided had Red Roof provided the discoverable information that it had in its possession. In Defendants' discovery responses, RRI and FMW both confirmed that they had no responsive documents or information in response to a request specifically for its former employees' phone numbers and addresses. Afterwards, I was the one that engaged in discussions with Red Roof about the employee list and I was told by Red Roof that the list was complete and that it constituted all the information that Red Roof possessed regarding those employees. That representation by Red Roof was obviously not true. Because Red Roof's discovery abuse caused, as you acknowledge, Plaintiff to incur unnecessary expenses, Plaintiff is now requesting that Red Roof pay those expenses incurred in trying to locate the witnesses without their addresses and phone

numbers. Please confirm and I will work with our private investigator to get those bills to you.

In fact, as you might imagine, Plaintiff has now had to incur even more additional expenses to try to track down these witnesses prior to a trial that begins in less than a month. One of the things that made finding these employees difficult the first time is that many now live out of state, and some out of the country. Plaintiff is requesting that Red Roof pay these additional expenses as well. Please confirm.

I also appreciate Red Roof not objecting to our taking trial depositions of the witnesses we have been able to contact since Red Roof provided the information it was obligated to have provided over a year ago. To that end, we will be scheduling the depositions of Keon Edge, Cerita Stewart, Tiffany Petteway-Blount, and Javon Gray. All of these witnesses we have only been able to find since Red Roof provided the additional information that Red Roof always possessed. As a result, we are requesting that Red Roof pay the expenses and costs of those depositions. Please confirm.

Scheduling these depositions will be tricky as time is short and the witnesses all work. We will give you as much notice as we can, but just know that we will have to work around the witnesses' schedules and the impending trial and these will obviously have to happen quickly.

Finally, since you referenced the ESI Protocol, I presume Red Roof is aware that the protocol requires the production of documents in their native format and Excel spreadsheets to be produced as Excel spreadsheets. Please produce the employee files in their native format immediately. Given the production, we expect there are at least two different documents, if not more.

Thanks,

Jon

| | |
|---|---|
| **Jonathan S. Tonge**<br>**Partner** | Tel:   770-822-0900<br>Fax:   770-236-9784 |

Email: jtonge@atclawfirm.com
Web:  www.atclawfirm.com
— — — —


Andersen, Tate & Carr, P.C.
1960 Satellite Boulevard
Suite 4000
Duluth, Georgia   30097
Map and Directions

---

**From:** Manno, Joseph A. <Joseph.Manno@tuckerellis.com>
**Sent:** Thursday, October 10, 2024 1:11 PM
**To:** Rory Weeks <rweeks@atclawfirm.com>
**Cc:** Pat McDonough <pmcdonough@atclawfirm.com>; Mikula, Chelsea
<Chelsea.Mikula@tuckerellis.com>; duccam@gtlaw.com <duccam@gtlaw.com>;
coxb@gtlaw.com <coxb@gtlaw.com>; Grace, Emily <emily.grace@tuckerellis.com>; Arko, Elisabeth
Leonard <elisabeth.arko@tuckerellis.com>; Jonathan S. Tonge <jtonge@atclawfirm.com>; Jennifer M.
Webster <jwebster@atclawfirm.com>; Wunderlich, Sandra J. <Sandra.Wunderlich@tuckerellis.com>
**Subject:** RE: H.B. - GA - DE Red Roof Inns Supplemental Responses to Discovery


CAUTION: This email originated from outside your organization. Exercise caution when
opening attachments or clicking links, especially from unknown senders.

Rory:


Thank you for the email and passing along those documents. As we discussed on Tuesday, we as
current counsel for Red Roof did not know about the production with bates numbers HB_FMW.


First, it is now clear to us that in February 2023, Plaintiff's counsel and RRI's prior counsel
engaged in discussions about an employee list. At that time, RRI provided a list of employees
which is substantially similar to the list that RRI supplemented on October 3, 2024. We, as
counsel for RRI, were unaware of the prior list production and that is why we supplemented the
list on October 3. However, Plaintiffs have had the list of employees for over 18 months. We've
now spent considerable time going back and forth on this list and responding to Plaintiff's
demands, when for the first time yesterday we learned that Plaintiff had the list the entire time.
The only information that Plaintiff may not have had is the last known address from over 10
years ago for these former employees. But there has been no claim that Plaintiff's private
investigator (who we know has contacted many former employees and witnesses from this and
other properties) was unable to find any of these individuals and whether and how a last known
address from 10 years ago would have changed this.

Second, we are unaware of any follow up request or a meet and confer from Plaintiff with Red Roof's prior counsel to specifically request a supplement of the February 2023 list to include last known addresses and phone numbers. It appears there was no effort by Plaintiff in February 2023 to meet and confer or otherwise seek this information. Instead, this was a non-issue for over 18 months.

Finally, Plaintiff raises a number of questions about the database where this information was located. These questions are essentially improper discovery on discovery, and now that we know that Plaintiff had the list previously, these questions are moot. The HR database was not part of the 11-page ESI Protocol negotiated by Plaintiff's counsel's firm with prior counsel so it is not proper to suggest that this database should have been searched before now. Either way, Plaintiff was provided the information so how and where the information was housed is no longer an issue.

With all that said, Red Roof agrees that it will not call witnesses at trial that are not on its witness list in the PTO, except for purposes of impeachment if necessary. To the extent Plaintiff can demonstrate that it was unable to reach a witness from the February 2023 list, made reasonable efforts then, but now is able to reach that witness based on the information provided on October 3, Red Roof does not object to Plaintiff taking that deposition before trial, provided Red Roof will have the ability fully cross examine that witness at the deposition and at trial. Red Roof reserves all other objections to the testimony including the right to object to any additional witnesses as cumulative and not in the spirit of a just, speedy, and inexpensive administration of this trial.

-Joe

**Joseph Manno| Attorney | Tucker Ellis LLP**

950 Main Avenue, Suite 1100 | Cleveland, OH 44113

Direct: 216-696-4465 | Fax: 216-592-5009 | Cell: 330-319-4126 **(preferred)**

Email Joseph.Manno@tuckerellis.com      Online Biography

tuckerellis.com

This e-mail is sent by the law firm of Tucker Ellis LLP and may contain information that is privileged or confidential. If you are not the intended recipient, please delete the e-mail and notify us immediately by return email.

**From:** Rory Weeks <rweeks@atclawfirm.com>
**Sent:** Wednesday, October 9, 2024 8:36 AM
**To:** Wunderlich, Sandra J. <Sandra.Wunderlich@tuckerellis.com>
**Cc:** Pat McDonough <pmcdonough@atclawfirm.com>; Manno, Joseph A. <Joseph.Manno@tuckerellis.com>; Mikula, Chelsea <Chelsea.Mikula@tuckerellis.com>; duccam@gtlaw.com; coxb@gtlaw.com; Grace, Emily <emily.grace@tuckerellis.com>; Arko, Elisabeth Leonard <elisabeth.arko@tuckerellis.com>; Jonathan S. Tonge <jtonge@atclawfirm.com>; Jennifer M. Webster <jwebster@atclawfirm.com>
**Subject:** RE: H.B. - GA - DE Red Roof Inns Supplemental Responses to Discovery

**<<< EXTERNAL EMAIL >>>**

Red Roof Counsel:

Thank you for having a call yesterday to discuss the issues with Red Roof's interrogatory responses and document production.

While several issues remain unresolved, I want to set most aside and focus for now on the most crucial aspects of our ongoing discussion about Red Roof's yearslate production of the Norcross employees' names, addresses, and phone numbers.

On the call, Red Roof stated that the document produced on October 3 (HB_NDGA_Red_Roof_00001691 to 1696) did not exist until a few weeks ago—"the document" being the spreadsheet from which the PDF comprising those page numbers was made; the information in the document has always existed within Red Roof's possession, custody, and control.

> While I did not make this request of Red Roof on the call, I am doing so now: Please produce the native spreadsheet (almost surely an Excel file) for this document. On the call, I stated my belief that, and asked whether, these are two separate, three-page documents. If that turns out to be correct, please produce both native spreadsheets.

17

Please also answer these simple questions about how the export function works for HR database where this information is stored.

> When exporting database information to a spreadsheet (or in a format that can be opened in a spreadsheet), what categories of data are exportable? To be clear, by "categories of data," I'm asking about the data that will become column headings in, for example, the October 3 document. There are 25 column headings on 1691-96, so there are at least 25 categories of data that are exportable. Please provide the full name of all categories of data.

> In exporting database information to a spreadsheet (or in a format that can be opened in a spreadsheet), what categories of data are exported automatically? Does the person who exports the data have the option to select or deselect categories of data to export *before* the data is exported? If so, did Red Roof do this before exporting the data that became the October 3 document?

On the call, I agreed to send Red Roof's counsel Red Roof documents that counsel did not have in their file. Those documents are attached in a ZIP file. Please let me know if Counsel has trouble opening them.

On the call, I asked Red Roof to produce the native of HB_FMW_000546. This document was produced by Lewis Brisbois via email. That email is in the ZIP file.  On the call, Counsel said that they would need to do an "investigation" related to this document. We trust that the Excel file from which this PDF was created, which to our understanding did not exist until February 2023, will be easy enough to track down. After all, Red Roof certainly had the native file and its prior counsel at Lewis Brisbois presumably had the native file—and both should still have the file.

**Please note**: Plaintiff's request for native files (both for the October 3 document and HB_FMW_000546) is a request for all versions of the native files should more than one version exist.

On the call, I asked Red Roof whether it would oppose Plaintiff taking a trial deposition of employees on the list. Please let us know Red Roof's view on this. (We assume Red Roof's answer applies equally to a listed employee called live at trial, but so there's no confusion later, please confirm that this is so.)

Additionally, I asked if Red Roof would agree not to try to depose for trial or call any listed employee live at trial. Please let me know Red Roof's view on this.

As I said at the top, these are the most crucial issues right now so we're focusing on them. The other issues haven't been resolved as much as tabled for now.

We look forward to Red Roof's responses.

-raw

| | |
|---|---|
| **Rory A. Weeks**<br>**Senior Counsel** | Email: rweeks@atclawfirm.com<br>— |

**From:** Rory Weeks
**Sent:** Monday, October 7, 2024 11:00 PM
**To:** Wunderlich, Sandra J. <Sandra.Wunderlich@tuckerellis.com>
**Cc:** Pat McDonough <pmcdonough@atclawfirm.com>; Manno, Joseph A. <Joseph.Manno@tuckerellis.com>; Mikula, Chelsea <Chelsea.Mikula@tuckerellis.com>; duccam@gtlaw.com; coxb@gtlaw.com; Grace, Emily <emily.grace@tuckerellis.com>; Arko, Elisabeth Leonard <elisabeth.arko@tuckerellis.com>; Jonathan S. Tonge <jtonge@atclawfirm.com>; Jennifer M. Webster <jwebster@atclawfirm.com>
**Subject:** RE: H.B. - GA - DE Red Roof Inns Supplemental Responses to Discovery

**First a record correction.** Despite what Red Roof says, I've made no accusations, serious or otherwise, about what Red Roof did—much less what Red Roof's prior counsel, whose actions as an agent of Red Roof are imputed to Red Roof, did—with the document. Nor have I ever used the phrase "actively concealed." I said the document was concealed.

**Now to Red Roof's lack of a substantive response.** For the second time, Red Roof has refused to answer simple questions about this document. Instead, Red Roof's response focuses on "prior counsel." Doing so is wrong for two reasons. *First*, the Federal Rules of Civil Procedure impose discovery obligations on Red Roof, not its counsel. The questions were designed to understand why Red Roof did not find and produce this document sooner. *Second*, to the extent that Red Roof is now trying to blame prior counsel for not producing this document, that's no defense. Red Roof is responsible for the conduct of its agents. But if that's what Red Roof is trying to do, please say so.

**Red Roof's purposed distinction.** Red Roof's attempt to distinction between the words "document" and "information" for purposes of discovery is wrong and concerning. Red Roof's attempt to distinguish is wrong because for purposes of Rule 34, "a request for production of 'documents' should be understood to encompass, and the response should include, electronically stored information unless discovery in the action has clearly distinguished between electronically stored information and 'documents.'" Fed. R. Civ. P.

34 advisory committee's note to 2006 amendment. Here, Plaintiff defined the word "document" in her discovery requests this way: "'Document,' whether singular or plural, means documents and other tangible things defined in the broadest sense permitted by the Federal Rules of Civil Procedure and shall include without limitation originals or, if such are not available, true copies, including copies of documents, videotapes, electronic data, emails and sound material." Because Plaintiff's discovery requests did not distinguish between "documents" and ESI, the information in the HR database was always a "document"—regardless of when the spreadsheet was created—for purposes of discovery.

Red Roof's attempt to distinguish is concerning because it suggests that Red Roof did not search for all responsive documents during discovery. This concern amplifies Plaintiff's need for Red Roof to certify that it has searched for an produced all responsive documents in its possession, custody, and control and that it has provided true and complete answers to all Plaintiff's interrogatories. Notably, Red Roof (for the second time) refused to address this request for a certification in its response.

**The clarification requested.** Red Roof is a repeat litigant, and Red Roof's counsel are both capable and experienced. For this reason, Red Roof knows that documents can be used at trial in myriad ways without being introduced as evidence. Does Red Roof plan to try to use the document in any of those ways at trial?

**The verification.** Authenticity is not the concern. Truthfulness of the response is the concern. Red Roof has to verify under oath that the answers to its interrogatories are true and complete. Again, Red Roof knows whether the information provided was true and complete. It must verify that it is so. That's what the rule requires. Please state whether Red Roof refuses to do so.

**The call to discuss.** We are available to discuss these issues with Red Roof tomorrow (Tuesday) at 1:00 p.m. (EDT)/12:00 p.m. (CDT). We will circulate a link before then.

-raw

| | |
|---|---|
| **Rory A. Weeks**<br>**Senior Counsel** | Email: rweeks@atclawfirm.com<br><br><image012.png><br><br>… |

**From:** Wunderlich, Sandra J. <Sandra.Wunderlich@tuckerellis.com>
**Sent:** Monday, October 7, 2024 9:17 PM
**To:** Rory Weeks <rweeks@atclawfirm.com>

**Cc:** Pat McDonough <pmcdonough@atclawfirm.com>; Manno, Joseph A. <Joseph.Manno@tuckerellis.com>; Mikula, Chelsea <Chelsea.Mikula@tuckerellis.com>; duccam@gtlaw.com; coxb@gtlaw.com; Grace, Emily <emily.grace@tuckerellis.com>; Arko, Elisabeth Leonard <elisabeth.arko@tuckerellis.com>; Jonathan S. Tonge <jtonge@atclawfirm.com>
**Subject:** RE: H.B. - GA - DE Red Roof Inns Supplemental Responses to Discovery

CAUTION: This email originated from outside your organization. Exercise caution when opening attachments or clicking links, especially from unknown senders.

Hi Rory.  Thanks for your message. The wedding was great. I hope you also had a good weekend.

Before we respond to the substance of your email below, I want to reiterate that there is no evidence that anybody *concealed* anything from Plaintiff.  Simply because prior counsel did not provide the information to you does not mean it was actively concealed.  These are serious allegations that should not be made without evidence.

Second, we have no more information than you do regarding how prior counsel prepared the answers to interrogatories previously provided to you so we cannot speak to what they did or did not do.  We do not know if this information was previously requested from Red Roof, who may have requested it, or from whom they may have made the request.

Third, in light of your use of the word "document" in your questions, we think it is important to distinguish between a "document" and "information."  The spreadsheet that we provided to you in the supplemental discovery responses is not a "document" that existed prior to a few weeks ago. The information contained in the spreadsheet was exported from a human resources database, and that information was used to create the "document" that you were provided.  In other words, to our knowledge, this "document" did not exist prior to a few weeks ago when we requested the information from the client.

I am not sure what additional information you are seeking with respect to Red Roof's use of the document.  As I previously stated, we do not plan to introduce the list of employees at the trial, but it appears that you are seeking some other information.  Please clarify.

Finally, Mr. Galbraith has no personal knowledge that the list of employees generated by the HR database is true and/or accurate.  We are not aware of any existing employee that has this personal knowledge. The only thing Red Roof can do is verify that the information in the spreadsheet was generated from a database containing employee information.  If your concern is the authenticity of the document, we can address through a stipulation that the

information contained in the spreadsheet was generated from RR's database, and that it is authentic if that will allay your concerns.

We are available to discuss these matters on Tuesday between 12-1 CT.  Please let us know if that time slot works for you.

Regards,


Sandy


**Sandra J. Wunderlich| Partner |Tucker Ellis LLP**

100 South Fourth Street | Suite 600 | St. Louis, MO 63102

Direct:  (314) 256-2544 | Mobile: (314) 323-7967

Sandra.Wunderlich@tuckerellis.com

Tuckerellis.com

---

**From:** Rory Weeks <rweeks@atclawfirm.com>
**Sent:** Monday, October 7, 2024 7:02 PM
**To:** Wunderlich, Sandra J. <Sandra.Wunderlich@tuckerellis.com>
**Cc:** Pat McDonough <pmcdonough@atclawfirm.com>; Manno, Joseph A. <Joseph.Manno@tuckerellis.com>; Mikula, Chelsea <Chelsea.Mikula@tuckerellis.com>; duccam@gtlaw.com; coxb@gtlaw.com; Grace, Emily <emily.grace@tuckerellis.com>; Arko, Elisabeth Leonard <elisabeth.arko@tuckerellis.com>; Jonathan S. Tonge <jtonge@atclawfirm.com>
**Subject:** RE: H.B. - GA - DE Red Roof Inns Supplemental Responses to Discovery


**<<< EXTERNAL EMAIL >>>**

---

Please let me know if Red Roof is available to discuss these issues tomorrow.


If so, it would be helpful to have Red Roof's responses to my questions below before that call.

Thanks,

-raw

| | |
|---|---|
| **Rory A. Weeks**<br>**Senior Counsel** | Email: rweeks@atclawfirm.com<br><br>\<image013.png\><br><br>_ |

**From:** Rory Weeks
**Sent:** Friday, October 4, 2024 5:44 PM
**To:** Wunderlich, Sandra J. <Sandra.Wunderlich@tuckerellis.com>
**Cc:** Pat McDonough <pmcdonough@atclawfirm.com>; Manno, Joseph A.
<Joseph.Manno@tuckerellis.com>; Mikula, Chelsea <Chelsea.Mikula@tuckerellis.com>;
duccam@gtlaw.com; coxb@gtlaw.com; Grace, Emily <emily.grace@tuckerellis.com>; Arko, Elisabeth
Leonard <elisabeth.arko@tuckerellis.com>; Jonathan S. Tonge <jtonge@atclawfirm.com>
**Subject:** RE: H.B. - GA - DE Red Roof Inns Supplemental Responses to Discovery

Thanks for your response. I hope you enjoy the wedding.

Red Roof agrees the list of employees should have been produced during discovery but was
not. That this information was concealed from Plaintiff isn't in dispute.

But Red Roof's response is vague on many details and thus invites many more questions.
For example,

> Did Red Roof give this document and information to its prior counsel so that it could
> be produced to Plaintiff?

> Did Red Roof decide whether to produce this document and information during
> discovery or was that decision made by Red Roof's prior counsel without Red
> Roof's input?

>> These first two questions seek information similar to that sought by my earlier
>> question: why was it [this document] not found during the discovery
>> period? These questions are necessary because Red Roof did not answer
>> that simple question.

Did Red Roof's current counsel recently find this document among the Red Roof materials in its own repository or was this document recently found by Red Roof?

Fundamentally, this question asks for the same information as three of my earlier questions: where was this document found?, who found it?, and when was it found? This question is necessary because Red Roof did not respond to these simple questions.

If Red Roof's current counsel found this document among the Red Roof materials in its own repository, are there other Red Roof documents in those materials that were not produced but were responsive to Plaintiff's discovery requestions?

Earlier today, Plaintiff kindly asked Red Roof to "certify that Red Roof has searched for an produced all responsive documents in its possession, custody, and control and that it has provided true and complete answers to all Plaintiff's interrogatories." Because Red Roof ignored that request completely, this question is necessary. Plaintiff renews her request to Red Roof.

Thank you for clarifying that Red Roof does not plan to introduce the list of employees at trial. But my earlier question asked for more than that. The question was whether Red Roof plans to try to use the concealed document of personnel at the Norcross Red Roof at the trial—in any way? Because Red Roof's response was incomplete, Plaintiff asks again: does Red Roof plan to use this document in any way at trial (other than introducing it as evidence, since Red Roof answered that part already)?

Turning to the verification, Mr. Galbraith is not verifying the answers for himself. The interrogatories were not addressed to him. They were addressed to Red Roof, and he is verifying them on behalf of Red Roof. Red Roof knows who worked at the Norcross Red Roof from 2010–2012. Any verification on Red Roof's behalf must state that Red Roof's answers are true and complete. Red Roof designed Mr. Galbraith to do so, which Rule 33 allows, but then he didn't do so. Plaintiff asks that Red Roof properly verify its supplemental interrogatory response.

Monday afternoon will not work for me to discuss these issues, unfortunately. But I can be available almost any time on Tuesday. Please let me know what time works for Red Roof.

Thanks,

-raw

| | |
|---|---|
| **Rory A. Weeks**<br>**Senior Counsel** | Email: rweeks@atclawfirm.com<br><br>&lt;image013.png&gt;<br>– |

**From:** Wunderlich, Sandra J. <Sandra.Wunderlich@tuckerellis.com>
**Sent:** Friday, October 4, 2024 3:06 PM
**To:** Rory Weeks <rweeks@atclawfirm.com>
**Cc:** Pat McDonough <pmcdonough@atclawfirm.com>; Manno, Joseph A.
<Joseph.Manno@tuckerellis.com>; Mikula, Chelsea <Chelsea.Mikula@tuckerellis.com>;
duccam@gtlaw.com; coxb@gtlaw.com; Grace, Emily <emily.grace@tuckerellis.com>; Arko, Elisabeth
Leonard <elisabeth.arko@tuckerellis.com>; Jonathan S. Tonge <jtonge@atclawfirm.com>
**Subject:** RE: H.B. - GA - DE Red Roof Inns Supplemental Responses to Discovery


CAUTION: This email originated from outside your organization. Exercise caution when
opening attachments or clicking links, especially from unknown senders.

Hi Rory.


Thanks for reaching out to discuss the supplemental discovery responses provided
yesterday.  Let me start by saying that we appreciate the fact that you are not suggesting
that Red Roof's counsel concealed any information.  While it is absolutely true that we did
not conceal any information from Plaintiff, there is also no evidence that Red Roof Inn itself
concealed information either.  Just because the information may not have been provided
earlier does not mean it was actively concealed by anyone.  Unfortunately, we do not have
any details related to how prior counsel conducted the search for information.  Having said
that, we take your point that this information should have been provided to Plaintiff in
response to prior discovery requests; when we learned that this information may not have
been provided to Plaintiff, we provided it.


Turning to your questions, RRI does not plan to introduce the list of employees at trial.  Our
understanding is that this list was generated from a computerized human resources
database and reflects all of the information available in the system for these
individuals.  We did not know that this information had not been provided to Plaintiff until
later in September when you provided us with a copy of RRI's discovery responses and we
saw that prior counsel had indicated the list of employees was not available.


With respect to the Verification, there is no person with specific personal knowledge that
can verify that the list of employees is true and accurate. The best we can do is verify that
based upon the information in RRI's computer system, these are the employees listed as
employees at the Norcross hotel from 2010-2012. To that end, we are unclear as to what
would be gained by a deposition of Mr. Galbraith.  As his Verification indicates, he does not

25

have personal knowledge of the list of employees at Norcross.  If you can provide more information about what you are seeking to discover, we can discuss further.

We will address the supplemental production in G.W. separately because it is not related to this matter and should not be part of the discussion.

I'm headed out of town for a family wedding this afternoon, but am available Monday afternoon to discuss this matter if you would like to do so.  Have a good weekend.

Regards,

Sandy

**Sandra J. Wunderlich| Partner |Tucker Ellis LLP**

100 South Fourth Street | Suite 600 | St. Louis, MO 63102

Direct:  (314) 256-2544 | Mobile: (314) 323-7967

Sandra.Wunderlich@tuckerellis.com

Tuckerellis.com

---

**From:** Rory Weeks <rweeks@atclawfirm.com>
**Sent:** Friday, October 4, 2024 8:22 AM
**To:** Wunderlich, Sandra J. <Sandra.Wunderlich@tuckerellis.com>; Jonathan S. Tonge <jtonge@atclawfirm.com>
**Cc:** Pat McDonough <pmcdonough@atclawfirm.com>; Manno, Joseph A. <Joseph.Manno@tuckerellis.com>; Mikula, Chelsea <Chelsea.Mikula@tuckerellis.com>; duccam@gtlaw.com; coxb@gtlaw.com; Grace, Emily <emily.grace@tuckerellis.com>; Arko, Elisabeth Leonard <elisabeth.arko@tuckerellis.com>
**Subject:** RE: H.B. - GA - DE Red Roof Inns Supplemental Responses to Discovery

**<<< EXTERNAL EMAIL >>>**

Red Roof Counsel:

Discovery ended over a year ago. Trial is next month. Yet yesterday at 4:51 p.m., Red Roof produced for the first time a document showing, among other things, the names, phone numbers, and last-known addresses of Red Roof employees at the Norcross Red Roof during the relevant period. As Red Roof concedes, this document and information was responsive to Plaintiff's discovery requests from July 2022. It should have been produced long ago. But Red Roof concealed it.

As you know, this is not the first time—in the last two weeks—that Red Roof has suddenly "found" a concealed document long after discovery has ended. Red Roof similarly "found" documents last week in the *G.W.* case about sex trafficking at the Smyrna Red Roof, which is before Judge Geraghty. (The only difference is that in *G.W.* Red Roof was supposed to produce those concealed documents nearly five years ago instead of two.) Since Red Roof's counsel is the same in both cases, we know that Red Roof's recent conduct is as familiar to its counsel as it is to us.

To be clear, we neither suggest nor believe that Red Roof's counsel concealed the employee document suddenly "found" by Red Roof in this case. (And the same is true about the concealed documents that Red Roof suddenly "found" in the *G.W.* case.) The Federal Rules require Red Roof to search for and produce all responsive documents. While Red Roof's counsel may assist in that process however Red Roof sees fit, the burden of finding and producing all responsive documents in Red Roof's possession, custody, and control is Red Roof's—not its counsel's. Our issue is not now, nor has it ever been, with Red Roof's counsel.

But Red Roof's recent pattern of suddenly "finding" highly relevant documents long after the close of discovery is an issue. Whether or how we raise this issue with the Court depends on Red Roof's willingness to provide straightforward answers to simple questions. Because trial starts barely a month from now, we need to know Red Roof's answers to these questions by 5:00 p.m. (EDT) on Monday, October 7.

1. Does Red Roof plan to try to use the concealed document of personnel at the Norcross Red Roof at the trial—in any way?

2. Where was this document found?

3. Who found it?

4. When was it found?

5. Why was it not found during the discovery period?

Because this is not the first time in the last two weeks that Red Roof has suddenly "found" a highly relevant, responsive document that should have been produced long ago, Plaintiff asks:

> Please certify that Red Roof has searched for an produced all responsive documents in its possession, custody, and control and that it has provided true and complete answers to all Plaintiff's interrogatories.

There is another issue: Red Roof's verification is improper. Please consider this our initial effort to meet and confer in good faith. Please let us know if Red Roof is available for a call this afternoon to discuss in person or suggest another time. The verification of Glenn Galbraith does not comply with Rule 33. Red Roof must verify that its answers are true and complete. Mr. Galbraith cannot qualify the truthfulness or completeness of Red Roof's answers to whatever is within his "knowledge, information, and belief" or what is "reasonably available to [him]." Nor can Mr. Galbraith "reserve [*his*] right to amend these answers"—emphasis on *his*. Plaintiff asks that Red Roof provide a verification that complies with Rule 33 by 5:00 p.m. (EDT) on Monday, October 7.

Additionally, because Red Roof concealed this document and information until practically the eve of trial, Plaintiff requests that Red Roof produce Mr. Galbraith for deposition in Atlanta within in the next two weeks. Please provide dates when he is available by 5:00 p.m. (EDT) on Monday, October 7.

We look forward Red Roof's responses.

-raw

| Rory A. Weeks<br>Senior Counsel | Email: rweeks@atclawfirm.com<br><br>\<image013.png><br>… |
| --- | --- |

**From:** Wunderlich, Sandra J. <Sandra.Wunderlich@tuckerellis.com>
**Sent:** Thursday, October 3, 2024 4:51 PM
**To:** Jonathan S. Tonge <jtonge@atclawfirm.com>
**Cc:** Pat McDonough <pmcdonough@atclawfirm.com>; Manno, Joseph A. <Joseph.Manno@tuckerellis.com>; Mikula, Chelsea <Chelsea.Mikula@tuckerellis.com>;

duccam@gtlaw.com; coxb@gtlaw.com; Rory Weeks <rweeks@atclawfirm.com>; Grace, Emily
<emily.grace@tuckerellis.com>; Arko, Elisabeth Leonard <elisabeth.arko@tuckerellis.com>
**Subject:** H.B. - GA - DE Red Roof Inns Supplemental Responses to Discovery

CAUTION: This email originated from outside your organization. Exercise caution when
opening attachments or clicking links, especially from unknown senders.

Dear Jon:

We appreciate you recently providing a copy of Red Roof Inns, Inc.'s prior written
discovery responses in this case, which was not previously in our file received from
Lewis Brisbois. We are not sure if these responses were supplemented before, but
just in case they were not formally supplemented, we are providing a supplemental
answer to Interrogatory No. 12, and the corresponding RFP, along with a copy of the
list of employees.  Please let us know if you have any questions.

Regards,

Sandy

**Sandra J. Wunderlich| Partner |Tucker Ellis LLP**

100 South Fourth Street | Suite 600 | St. Louis, MO 63102

Direct:  (314) 256-2544 | Mobile: (314) 323-7967

Sandra.Wunderlich@tuckerellis.com

Tuckerellis.com

<HB_FMW_000546.xlsx>

# EXHIBIT 2

## <u>DECLARATION OF TAMARA ROSS</u>

I, Tamara Ross, to the best of my knowledge, training, and experiences, hereby state that:

1.      I am over 18 years of age, of sound mind and body, and capable of making this declaration. All the matters contained herein are from my personal knowledge, and if called and sworn in open court to testify to the veracity thereof, I could testify competently thereto.

2.      I am the current Manager, People and Culture, for RRI West Management. I have held this position since March 23, 2015.

3.      RRI West Management is a management company that manages employees of Red Roof Inns, Inc., among other organizations.

4.      In this role, I am familiar with human resource records for employees of Red Roof Inns, Inc, which are maintained by RRI West Management.

5.      In February 2023, I was asked by counsel for Red Roof, Adi Allushi, for a list of the employees with date of hire and termination from 2011 and 2013 for the Norcross Red Roof Inn.

6.      I was able to obtain that information by logging into a human resources database maintained by RRI West Management, called UKG, and I exported the requested data.

7.      I provided the exported excel spreadsheet, with names as well as hire and termination dates, to Mr. Allushi on February 17, 2023. See Exhibit A.

8.    The earliest data I could provide dated back to employees who were employed by Red Roof Inns, Inc. as of 2011 (in other words, employee dates pre-date 2011 so long as the employee was still employed with the company in 2011).

9.    That is because Red Roof began using UKG on December 28, 2015. Prior to that date, from 2011 to December 28, 2015, RRI West Management used a database called CPI. Prior to CPI, RRI West Management used ADP. None of the information from ADP was transferred to UKG and only some data was transferred from CPI to UKG.

10.    As a result, some, but not all, employment information is available from 2011 forward.

11.    When RRI West Management was asked in August 2024, by current counsel, for employee information as well as last known contact information, RRI West Management exported what was available and provided it.

12.    I was not asked by Mr. Allushi for contact information or else I would have provided it.

13.    Nicole Carter was not formally assigned in the UKG database as the GM at Norcross until 2013, and therefore she does not appear as a Norcross employee in the UKG database for 2012 or earlier.

14.    RRI West Management searched for the personnel file of Nicole Carter and after a reasonable search RRI West Management did not identify any documents relating to Nicole Carter's employment in 2012. According to RRI West Management's records, Nicole Carter left employment of the Company and was rehired in 2018, so records from her prior employment were not maintained.

I declare under penalty of perjury that the foregoing is true and correct.

**Tamara Ross**

October  31, 2024